# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.G.G., *et al.*, <br><br> *Plaintiffs–Petitioners*, <br><br>                        v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> *Defendants–Respondents*. | Case No: 1-25-00766 |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITH SUPPORTING POINTS AND AUTHORITIES

**INTRODUCTION**

A class action is appropriate for this challenge to Defendants' actual or imminent invocation of the Alien Enemies Act of 1798 ("AEA"). The President has invoked—or will imminently invoke—a war power, the AEA, in an attempt to summarily remove noncitizens from the United States and bypass the immigration laws that Congress has enacted. That invocation is patently unlawful: It violates the statutory terms of the AEA; unlawfully bypasses the INA; violates the APA; and infringes on noncitizens' constitutional right to Due Process under the Fifth Amendment.[1]

Plaintiffs seek to certify the following nationwide class under Federal Rules of Civil Procedure 23(a) and 23(b)(2):

> All noncitizens who were, are, or will be subject to the Alien Enemies Act Proclamation and/or its implementation.

The proposed class readily satisfies the requirements of Rule 23.

Numerosity is present because, according to the government, the class will include numerous noncitizens targeted under President Trump's mass deportation scheme. All class members suffer the same injury: unlawful removal under the AEA, unlawful denial of their statutory rights to the removal and detention procedures contained in the INA, and violation of their right to due process. And the class raises common questions that will generate common answers, including whether the Proclamation and its implementation violate the AEA, the INA, and the statutory protections for asylum seekers. The Plaintiffs' legal claims are typical of those whom they seek to represent. Plaintiffs are represented by experienced counsel with significant experience litigating class actions and cases involving the rights of noncitizens. And the proposed

---

[1] Pursuant to LCvR 7(m), Plaintiffs' counsel sought Defendants' position prior to filing but as of the time of filing do not have Defendants' position.

class satisfies Rule 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class by summarily removing noncitizens without statutorily and constitutionally mandated safeguards. *See* Fed. R. Civ. P. 23(b)(2).

Courts in this District have previously certified under Rule 23(b)(2) similar nationwide classes of noncitizens subject to restrictive immigration policies. *See, e.g.*, *Ramirez v. ICE*, 338 F. Supp. 3d 1, 42-50 (D.D.C. 2018) (immigrant teens challenging transfers to ICE custody); *R.I.L.-R. v. Johnson*, 80 F. Supp. 3d 164, 179-83 (D.D.C. 2015) (Central American mothers and children denied release from detention); *see also O.A. v. Trump*, 404 F. Supp. 3d 109, 160 (D.D.C. 2019) (noncitizens who "crosse[d] the southern border outside of a port of entry"); *P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 501-02, 509-10 (D.D.C. 2020) (unaccompanied children subject to "Title 42" expulsion policy); *Huisha-Huisha v. Mayorka*s, 560 F. Supp. 3d 146, 166 (D.D.C. 2021) (families subject to "Title 42" policy), *rev'd in part on other grounds*, 27 F.4th 718 (D.C. Cir. 2022); *J.D. v. Azar*, 925 F.3d 1291, 1312-25 (D.C. Cir. 2019) (class of pregnant noncitizen children).

The same result is warranted here, and the Court should grant class certification under Rule 23(b)(2), appoint the Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.

## BACKGROUND

### President Trump's Proclamation Invoking the AEA

The President has invoked—or will imminently invoke—the AEA in an attempt to summarily remove noncitizens from the United States and bypass the immigration laws Congress has enacted.[1]  But the United States is not at war, and the prerequisites for invocation of the AEA have not been met. *See* 50 U.S.C. § 21. The President can invoke the AEA only in a state of "declared war," or when an "invasion or predatory incursion is perpetrated, attempted, or

threatened against the territory of the United States by any foreign nation or government." *Id.* But it is plain that does not exist here. As a result, the President's attempt to summarily remove Venezuelan noncitizens exceeds the wartime authority that Congress delegated in the AEA, violates the process and protections that Congress has prescribed elsewhere in the country's immigration laws for the removal of noncitizens, and violates due process.

Based on reports from Plaintiffs and legal service providers, the government has begun moving Venezuelan men with pending removal proceedings who the government claims are part of Tren de Aragua to facilities in Texas. Upon information and belief, these Texas facilities are being used as staging facilities to remove Venezuelan men under the AEA.

### Named Plaintiffs and the Proposed Class

The Plaintiffs are several noncitizens from Venezuela who are detained at El Valle Detention Center in Texas and who, upon information and belief, are at imminent risk of removal under the issued, or soon to be issued, Proclamation. *See* Comp. ¶¶ 9-13. Plaintiffs are representative of other noncitizens subject to Defendants' removal scheme.

### ARGUMENT

A plaintiff whose suit satisfies the requirements of Federal Rule of Civil Procedure 23 has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). The "suit must satisfy the criteria set forth in [Rule 23(a)] (*i.e.*, numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Id.* Plaintiffs' proposed class satisfies the requirements of both Rule 23(a) and Rule 23(b)(2).

I.       **THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23(a)**

A.       **The Proposed Class Is Numerous.**

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Joinder does not have to be impossible—instead, [the] plaintiff must show 'only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate.'" *N.S. v. Hughes*, 335 F.R.D. 337, 352 (D.D.C. May 7, 2020) (quoting *D.L. v. District of Columbia*, 302 F.R.D. 1, 11 (D.D.C. 2013)), *reconsideration denied*, 2020 WL 4260739 (D.D.C. July 24, 2020). Although "[t]here is no specific threshold that must be surpassed," courts in this District "have observed that a class of at least forty members is sufficiently large to meet this requirement." *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007) (quotation omitted). Moreover, "classes including future claimants generally meet the numerosity requirement due to the impracticality of counting such class members, much less joining them." *J.D.*, 925 F.3d at 1322 (quotation omitted). "This is especially true when plaintiff seeks injunctive relief." *N.S.*, 335 F.R.D. at 352. And the numerosity requirement also takes into account "non-numerical considerations" that affect the ability of plaintiffs to bring individual suits. *J.D.*, 925 F.3d at 1323.

Over the past few days, the media has reported that President Trump plans to use the Alien Enemies Act to speed up the President's mass deportation pledge.[2] In other words, Defendants plan to use invocation of the AEA to remove as many noncitizens as possible.[3] These facts alone

---

[2] https://www.cnn.com/2025/03/13/politics/alien-enemies-act-deportation-consideration/index.html.

[3] Ted Hesson & Kristina Cooke, Reuters, *Trump Plans to Invoke Obscure 18th Century Wartime Law in Bid for Mass Deportations* (Feb. 3, 2025) ("if Alien Enemies is allowed to go into effect, then mass deportation becomes a potential reality"), https://www.reuters.com/world/us/trump-plans-invoke-obscure-18th-century-wartime-law-bid-mass-deportations-2025-02-03/.

are sufficient to satisfy Rule 23(a)(1).  *See, e.g.*, *O.A.*, 404 F. Supp. 3d at 155; *P.J.E.S.*, 502 F. Supp. 3d at 509; *R.I.L-R*, 80 F. Supp. 3d at 181; *see also Kidd v. Mayorkas*, 343 F.R.D. 428, 437 (C.D. Cal. 2023) ("where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied").  Joinder is impracticable not only because of the sheer numbers, but also because class members are frequently dispersed in different detention facilities prior to rapid staging for removal.  *See* Compl. ¶¶ 9-13; Shealy Decl. ¶ 4; Carney Decl. ¶ 6; J.G.G. Decl. ¶ 2; W.G.H. ¶ 5; J.A.V. Decl. ¶ 6; *see also J.D.*, 925 F.3d at 1323 (stating that joinder may be impracticable in light of "fluidity" of custody, "the dispersion of class members across the country, and their limited resources"); *see also, e.g.*, *Ramirez*, 338 F. Supp. 3d at 45 (finding "joinder impracticable" for class of noncitizens due to "lack of geographic proximity of the proposed members and the inherently transitory nature of the class"); *Kifafi v. Hilton Hotels Ret. Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999) (geographical dispersion relevant to impracticability of joinder); *Afghan & Iraqi Allies*, 334 F.R.D. at 459 (same).

## B.    The Class Presents Common Questions of Law and Fact.

Commonality is satisfied where "there are questions of law or facts common to the class." Fed. R. Civ. P. 23(a)(2).  At bottom, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  "[W]here plaintiffs allege widespread wrongdoing by a defendant . . . a uniform policy or practice that affects all class members" satisfies that requirement.  *Thorpe v. Dist. of Columbia*, 303 F.R.D. 120, 145 (D.D.C. 2014); *accord R.I.L-R*, 80 F. Supp. 3d at 181.

"Plaintiffs in this case have identified a single alleged practice"—the unlawful removal of noncitizens under the AEA—"that provides the basis for every class member's injury." *Ramirez*,

338 F. Supp. at 46; *see also O.A.*, 404 F. Supp. 3d at 156; *accord P.J.E.S.*, 502 F. Supp. 3d at 509 (Title 42 expulsion policy was "a uniform policy or practice that affects all class members").   In addition to this common injury, numerous questions are common to the proposed class: whether the removals go beyond the power granted to the President under the AEA; whether the removals violate statutory and regulatory removal procedures; and whether Defendants' denial of meaningful procedural protections to challenge Plaintiffs' removal violates the Fifth Amendment. Any one of these common issues, standing alone, is enough to satisfy Rule 23(a)(2)'s permissive standard.   *See Howard v. Liquidity Servs. Inc.*, 322 F.R.D. 103, 118 (D.D.C. 2017) (even a single common issue will do); *Coleman*, 306 F.R.D. at 82 (same); *Thorpe*, 303 F.R.D. at 145 (same). And given these common questions, "'factual variations among the class members will not defeat the commonality requirement.'"   *Damus*, 313 F. Supp. 3d at 332 (quoting *Hardy v. District of Columbia*, 283 F.R.D. 20, 24 (D.D.C. 2012)).

Answering these common legal questions will "drive the resolution of the litigation." *Ramirez*, 338 F. Supp. 3d at 45 (cleaned up) (quoting *Wal-Mart*, 564 U.S. at 350).   Should the Court agree that Defendants cannot lawfully remove noncitizens under the AEA, all class members will benefit from the requested relief, which includes a declaration to that effect and an injunction preventing Defendants from conducting the removals.

### C.     The Plaintiffs' Claims Are Typical of Class Members' Claims.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "The typicality requirement is concerned with whether 'the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.'"   *Coleman*, 306 F.R.D. at 83 (quoting *Wal-Mart*, 564 U.S. at 349). "While commonality requires a showing that the *members* of the class suffered an injury resulting

from the defendant's conduct, the typicality requirement focuses on whether the *representatives* of the class suffered a similar injury from the same course of conduct." *Bynum v. District of Columbia*, 214 F.R.D. 27, 34 (D.D.C. 2003) (emphasis in original).

Typicality is satisfied here for largely the same reasons that commonality is satisfied. *See Ramirez*, 338 F. Supp. 3d at 46; *R.I.L.-R.*, 80 F. Supp. 3d at 181-82; *O.A.*, 404 F. Supp. 3d at 155-56. Each proposed class member, including the proposed class representatives, faces the same principal injury (unlawful removal), based on the same government policy (invocation of the AEA), which is unlawful as to the entire class because it violates the AEA itself, as well as the immigration laws and the Constitution. Plaintiffs thus "share an identical interest in invalidation of" Defendants' transfer practice. *O.A.*, 404 F. Supp. 3d at 156. Moreover, as with commonality, any factual differences that might exist here between Plaintiffs and proposed class members are not enough to defeat typicality. *See Bynum*, 214 F.R.D. at 34-35; *Afghan & Iraqi Allies*, 334 F.R.D. at 461.

### D. Plaintiffs and Plaintiffs' Counsel Will Adequately Protect The Interests Of The Proposed Class.

Rule 23(a)(4) requires that "[t]he representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequacy of representation imposes two criteria on plaintiffs seeking to represent a class: '(1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel.'" *Ramirez*, 338 F. Supp. 3d at 47 (quoting *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997)).

Plaintiffs will fairly and adequately protect the interests of the proposed class. Plaintiffs do not seek any unique or additional benefit from this litigation that may make their interests

7

different from or adverse to those of absent class members.  Instead, Plaintiffs aim to secure relief that will protect them and the entire class from Defendants' challenged policy and to enjoin Defendants from further violations.  Nor do Plaintiffs seek financial gain at the cost of absent class members' rights.

Proposed class counsel, meanwhile, includes experienced attorneys with extensive experience in complex immigration cases and class action litigation.  *See* Galindo Decl. ¶¶ 1-20. As the declarations make clear, Proposed Class Counsel have been appointed class counsel in several successful class action cases concerning the rights of noncitizens.[4]

## II.    THE PROPOSED CLASS SATISFIES RULE 23(b)'S REQUIREMENTS

Certification of a class under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  The D.C. Circuit has explained that a "principal purpose of Rule 23(b)(2) . . . is to enable class resolution of civil-rights claims alleging classwide deprivations of protected rights." *J.D.*, 925 F.3d at 1314.  "'The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'"  *Id.* at 1314-15 (quoting *Wal-Mart*, 564 U.S. at 360).

---

[4] "It is 'far from clear' . . . 'that there exists in this district a requirement that a class certified under Rule 23(b)(2) must demonstrate ascertainability to merit certification.'"  *O.A.*, 404 F. Supp. 3d at 159 (quoting *Garcia Ramirez v. ICE*, 338 F. Supp. 3d 1, 48 (D.D.C. 2018)). Moreover, any such requirement has been "'disavowed by four federal appellate courts.'"  *Id.* (quoting *Hoyte v. D.C.*, 325 F.R.D. 485, 489 n.3 (D.D.C. 2017)).  Even assuming such a requirement exists, the proposed class here is readily ascertainable because membership in the class is defined by clear and objective criteria that are known to Defendants and because identifying class members is administratively feasible.

Rule 23(b)(2) is satisfied here. "[T]he suit challenges a policy 'generally applicable' to all class members." *R.I.L-R*, 80 F. Supp. 3d at 182. A determination that Defendants' invocation of the Alien Enemies Act "is unlawful would resolve all class members' claims 'in one stroke.'" *Id.* (quoting *Wal-Mart*, 564 U.S. at 350); *see, e.g.*, *J.D.*, 925 F.3d at 1315; *Nio*, 323 F.R.D. at 34-35. And that relief would benefit the Plaintiffs as well as all members of the proposed class in the same fashion. "The relief Plaintiffs seek" is thus both "'generally applicable to the class'" and "indivisible," and certification under Rule 23(b)(2) is proper. *O.A.*, 404 F. Supp. 3d at 157; *accord, e.g.*, *Huisha-Huisha*, 560 F. Supp. at 166 (Rule 23(b)(2) satisfied because the class seeks relief that "is generally applicable to the class and is indivisible") (cleaned up).

## CONCLUSION

The Court should certify the proposed Class under Rule 23(a) and 23(b)(2), appoint the Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.

Dated: March 15, 2025

Noelle Smith*
Oscar Sarabia Roman*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Daniel Galindo (D.D.C. Bar No. NY035)
Ashley Gorski*
Omar C. Jadwat*
Hina Shamsi (D.D.C. Bar No. MI0071)
Patrick Toomey*
Sidra Mahfooz*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
agorski@aclu.org
ojadwat@aclu.org
hshamsi@aclu.org

aspitzer@acludc.org
smichelman@acludc.org

ptoomey@aclu.org
smahfooz@aclu.org

Somil B. Trivedi (D.C. Bar No. 1617967)
Bradley Girard (D.C. Bar No. 1033743)
Michael Waldman (D.C. Bar No. 414646)
Sarah Rich*
Skye Perryman (D.C. Bar No. 984573)
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
strivedi@democracyforward.org
bgirard@democracyforward.org
mwaldman@democracyforward.org
srich@democracyforward.org
sperryman@democracyforward.org

*Attorneys for Plaintiffs-Petitioners*

*Pro bono representation certificates or
Pro hac vice motions forthcoming*