# EXHIBIT E

**DECLARATION OF AUSTIN THIERRY**

I, Austin Thierry, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1.  I make this declaration based on my own personal knowledge or knowledge I have from representing my client, E.V., and if called to testify I could and would do so competently and truthfully to these matters.

2.  My name is Austin Thierry. I am a staff attorney at The Bronx Defenders. I represent E.V., who is a young man from Venezuela. E.V. fled Venezuela in 2022 after he was imprisoned and tortured by the Venezuelan government for participating in an anti-government protest. E.V. turned himself over to immigration officials at the United States-Mexico border and was briefly detained before being release. He lived in New York City for over two years prior to being detained by ICE.

3.  E.V. has only one arrest in the U.S., which resolved with a non-criminal disposition under New York state law and for which he received a sentence of a one-year conditional discharge.

4.  E.V. was arrested by ICE after an incidental encounter. According to the Form I-213, ICE was looking for another individual at the home but decided to arrest E.V. when they encountered him. E.V. has an infant U.S. citizen son. Since E.V.'s detention, his partner and infant son have struggled to meet their expenses and maintain housing.

5.  I was retained by E.V. on February 10, 2025.  E.V. was in immigration detention at the Moshannon Valley Processing Center in Philipsburg, PA from January 28, 2025 until he was abruptly transferred to El Valle Detention Center in Texas sometime between March 7, and March 9, 2025.

6.  E.V. does not have a removal order. He is in removal proceedings and his next individual hearing date is scheduled for June 05, 2025. As of the signing of this declaration, the Immigration Court calendar still has E.V.'s individual hearing date scheduled. As he did not have a final removal order, there was and is no basis to remove E.V. under the Immigration and Nationality Act.

7.  ICE alleges in a Form I-213 that EV's visible tattoos indicate he is a member of Tren de Aragua. EV has various tattoos, such as tattoos of anime, flowers, and animals, that he chose to get for personal and artistic reasons. He denies being a member of Tren de Aragua or any other gang. E.V. intended to strenuously contest these allegations in his pending removal proceedings. E.V. also has a tattoo of a crown, which may be why ICE falsely accused him of gang membership. However, this crown is not related to Tren de Aragua but rather, a tribute to his grandmother whose date of death appears at the base of the crown.

8.  On March 14, 2025, I received messages from E.V.'s family indicating that he had been taken to an airport and was going to be put on a plane to Venezuela. At the airport, he was told the plane had a mechanical issue and he was taken back to the El Valle Detention facility and told he would be put on a plane within four days. E.V. called me later that same day and confirmed the information his family provided me.

9.  On March 15, 2025, I had a video legal call scheduled with E.V. at the El Valle Detention Facility. The call was supposed to begin at 9 a.m. Central Time (CT) and was confirmed by email. At approximately 9:20 a.m. CT, I spoke with an officer at the El Valle Detention Facility. The officer eventually told me that my call would not go forward because the facility was on lock down due to an incident. When I asked whether my client was being transferred, the officer informed me that contractors are not privy to this information.

10. Prior to this call, my client's family member communicated with me and informed me that he had reached out to her earlier today to inform her that he had been told that he was being removed to Venezuela.

11. From March 14, 2025 until March 16, 2025, I checked the ICE detainee locator numerous times. On March 14, 2025 and March 15, 2025, each time I checked, the ICE detainee locator listed E.V. as at the El Valle Detention Facility.

12. On the morning of Sunday, March 16, 2025, I saw news reports that the government had removed individuals to a prison in El Salvador. I was gravely concerned about E.V.'s whereabouts and checked the detainee locator again. It still listed E.V. as at El Valle. I attempted to call both El Valle Detention Facility and the Port Isabel Processing Center to try to ask about E.V.'s whereabouts. I was unable to get through to anyone. On the morning of Sunday, March 16, 2025, I also sent an email to El Valle requesting a legal call. The facility responded in the afternoon and stated that E.V. was no longer there and that there was no further information they had. Shortly after, I checked the ICE detainee locator again, and the detainee locator no longer showed E.V. in ICE custody.

13. I have not heard from E.V. since I spoke to him on the morning of Saturday, March 15, 2025. His family has also not heard from him since Saturday. I am extremely concerned that E.V. has been wrongfully removed based on the Alien Enemies Act despite his pending removal proceedings and the fact that he strongly contests the government's gang allegations.

14. Our office also has one other client and one prospective client, both of whom we believe were removed to El Salvador despite still having pending removal proceedings. Their family members recognized them from the photos circulating about the removal to El Salvador. We have been receiving numerous calls from distraught family members who are terrified for their loved ones' safety.

Executed on the 19th of March, 2025 in Brooklyn, New York.

Austin Thierry, Esq.
The Bronx Defenders
360 E. 161st Street
Bronx, NY 10451
T: (347) 842-1336
AThierry@bronxdefenders.org