UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J.G.G., *et al.*,

    Plaintiffs,

    v.

DONALD J. TRUMP, *et al.*,

    Defendants.

Civil Action No. 25-766 (JEB)

## ORDER

On March 18, 2025, the Court ordered Defendants to provide by noon the following day specific information regarding flights carrying individuals subject to the Court's Temporary Restraining Orders issued three days before. See Minute Order of 3/18/25. Defendants instead filed a pleading shortly before the deadline seeking to stay the Order in large part on the ground that they were considering whether to invoke the state-secrets privilege. See ECF No. 37 (Stay Motion) at 3–4. Although skeptical of the applicability of such privilege, the Court granted Defendants another 24 hours either to release the information ordered or to invoke the privilege. See ECF No. 38 (Order).

In an *ex parte* pleading delivered shortly after today's deadline, the Government again evaded its obligations. It submitted a six-paragraph declaration from the Acting Field Office Director for Enforcement and Removal Operations at U.S. Immigration and Customs Enforcement's Harlingen, Texas, Field Office, the contents of which the Government has informed the Court may be disclosed. After four paragraphs of identifying information, he

1

repeated the same general information about the flights: "On March 15, 2025, two flights carrying aliens being removed under the AEA departed U.S. airspace before the Court's minute order of 7:25 PM EDT, and before the Court's oral statements during the hearing." Decl. of Robert L. Cerna, ¶ 5. He then stated, "<u>I understand</u> that Cabinet Secretaries are currently actively considering whether to invoke the state secrets privilege over the other facts requested by the Court's order. Doing so is a serious matter that requires careful consideration of national security and foreign relations, and it cannot properly be undertaken in just 24 hours." <u>Id.</u>, ¶ 6 (emphasis added).

    This is woefully insufficient. To begin, the Government cannot proffer a regional ICE official to attest to Cabinet-level discussions of the state-secrets privilege; indeed, his declaration on that point, not surprisingly, is based solely on his unsubstantiated "understand[ing]." Although its skepticism concerning the suitability of such privilege expressed in yesterday's Order remains, the Court at a minimum requires an official with direct involvement to swear that deliberations of the privilege's invocation are ongoing at the level Cerna attests. It further expects such deliberations to be concluded by March 25, 2025, which only exceedingly good cause may excuse.

    In addition, to avoid further delay, the Court will require Defendants to show cause on the facts that they have already disclosed as to why the failure to return the class members aboard the two earliest planes did not violate the Court's Temporary Restraining Orders. Further supplementation may be required once particulars are ultimately disclosed.

    The Court, accordingly, ORDERS that:

1. By March 21, 2025, at 10:00 a.m., Defendants shall submit a sworn declaration by a person with direct involvement in the Cabinet-level discussions regarding invocation of the state-secrets privilege;

2. By March 25, 2025, Defendants shall submit a declaration indicating whether or not the Government is invoking the privilege;

3. By March 25, 2025, Defendants shall file a brief showing cause why they did not violate the Court's Temporary Restraining Orders by failing to return class members removed from the United States on the two earliest planes that departed on March 15, 2025; and

4. Plaintiffs may file any response to such brief by March 31, 2025.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: March 20, 2025