# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

J.G.G., *et al.*,

*Plaintiffs–Petitioners*,

v.                                    Case No: 1:25-cv-00766-JEB

DONALD J. TRUMP, in his official capacity as
President of the United States, *et al.*,

*Defendants–Respondents*.

## MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDERS

Plaintiffs respectfully move this Court, under Federal Rule of Civil Procedure 65(b)(2), to extend the Temporary Restraining Orders ("TROs") previously issued on March 15 and set to expire on March 29, 2025.  *See* Minute Order of Mar. 15, 9:40 a.m.; Minute Order of Mar. 15, 7:25 p.m.  The TROs enjoin Defendants from summarily removing the named Plaintiffs and a provisionally certified class under the Presidential Proclamation entitled "Invocation of the Alien Enemies Act Regarding the Invasion of The United States by Tren De Aragua."

"[A] showing that the grounds for originally granting the [TRO] continue to exist" suffices to show "good cause."  *Costa v. Bazron*, No. 19-cv-3185, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020) (quoting Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2953 (3d ed. Apr. 2020 Update)).  And good cause exists here to extend the TROs "because the parties need time to brief, and the Court needs time to consider, the forthcoming motion for a preliminary injunction."  *Id.* at *3.  Plaintiffs accordingly request that the Court extend the TROs for 14 days, until April 12, 2025.

*First*, as this Court has held, Plaintiffs have demonstrated a substantial likelihood of

1

success on their claim that they are entitled to challenge their designation as members of Tren de Aragua before summary removal under the Proclamation.  TRO Opinion at 23-24, 29-30, ECF No. 53; *see also J.G.G. v. Trump*, No. 25-5067, slip op. at 20-21 (D.C. Cir. Mar. 26, 2025) (Millett, J., concurring) ("[T]he government agrees that individuals are entitled to challenge in court whether they fall within the terms of the AEA or are otherwise not lawfully removable under it.").  Moreover, the Proclamation is unlawful for another independent reason—it improperly overrides statutory protections for noncitizens seeking humanitarian relief by subjecting them to removal without meaningful consideration of their claims.  TRO Opinion at 33.

Additionally, although this Court has not yet resolved whether  the Proclamation satisfies the AEA's statutory predicates, Judge Henderson, in her concurring opinion denying the government's emergency request for a stay, stated that "migration" does not constitute an "invasion" within the meaning of the statute.  *See J.G.G. v. Trump*, No. 25-5067, slip op. at 21 (Henderson, J., concurring) ("[I]nvasion is a military affair, not one of migration.").  Similarly, she noted that, like "invasion," "predatory incursion" referred to "a form of attack short of war. Migration alone did not suffice."  *Id.* at 22-23.  Additionally, Plaintiffs' claims are properly brought under the APA and equitable grounds, as this Court, and Judges Millet and Henderson, have all correctly concluded.  *See* TRO Opinion at 13-18, 24; *J.G.G. v. Trump*, No. 25-5067, slip op. at 8-9 (Henderson, J., concurring); *id.* at 32-38 (Millett, J., concurring).

*Second*, Plaintiffs face imminent and irreparable harm absent the TROs.  As this Court previously found, Plaintiffs summarily removed under the Proclamation to detention facilities in El Salvador face life-threatening conditions.  *See* TRO Opinion at 24-25.  And, as Judge Millett has recognized, Defendants have taken the position that "the *moment* the district court TROs are

lifted, [they] can *immediately* resume removal flights" to El Salvador. *J.G.G. v. Trump*, No. 25-5067, slip op. at 8-9 (Millett, J., concurring).

*Third*, the balance of equities favors Plaintiffs, as the requested extension merely preserves the status quo. *See J.G.G. v. Trump*, No. 25-5067, slip op. at 26 (Henderson, J., concurring) ("The Executive's burdens are comparatively modest compared to the plaintiffs'."). And given that "the government agrees that removal can be delayed to allow for due process review in habeas" and that it "has given no reason that the delays occasioned by these TROs affect national security in a way different than the removal delays associated with the habeas corpus cases of which it procedurally approves," it will not be prejudiced by the extension of the TROs here. *Id.*, slip op. at 20-21 (Millett, J., concurring). Defendants have thus failed to show "concrete problems" from refraining from summarily removing Plaintiffs under the Proclamation. TRO Opinion at 36. Nor is public safety endangered as the TRO does not restrain Defendants from detaining any class members. Conversely, Plaintiffs unquestionably face grave harm absent the TROs. *Id.* at 36-37.

*Fourth*, extending the TROs will provide the Court time to fully consider the arguments of the parties and will give Plaintiffs necessary "time to prepare and present" their preliminary injunction. *See SEC v. AriseBank*, No. 18-cv-186, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018). Plaintiffs have made "diligent efforts," *id.*, but over the course of two weeks have had to prepare multiple responses and attend hearings on compliance in this Court as well as fully brief and argue the governments emergency stay motions in the Court of Appeals. Extending the TROs will allow the parties the time to brief—and the Court to carefully consider—the complex issues in this case.

**CONCLUSION**

Plaintiffs respectfully request that this Court extend the TROs for 14 days to April 12, 2015.

Dated: March 27, 2025

Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org
mngo@aclu.org
cwofsy@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Daniel Galindo (D.D.C. Bar No. NY035)
Ashley Gorski
Patrick Toomey
Sidra Mahfooz
Omar Jadwat
Hina Shamsi (D.D.C. Bar No. MI0071)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
agorski@aclu.org
ptoomey@aclu.org
smahfooz@aclu.org
ojadwat@aclu.org
hshamsi@aclu.org

Somil B. Trivedi (D.C. Bar No. 1617967)
Bradley Girard (D.C. Bar No. 1033743)
Michael Waldman (D.C. Bar No. 414646)
Sarah Rich
Skye Perryman (D.C. Bar No. 984573)
Audrey Wiggins (D.C. Bar No. 482877)
Christine L. Coogle (D.C. Bar No.
1738913)
Pooja A. Boisture
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
strivedi@democracyforward.org
bgirard@democracyforward.org

4

mwaldman@democracyforward.org
srich@democracyforward.org
sperryman@democracyforward.org
awiggins@democracyforward.org
ccoogle@democracyforward.org
pboisture@democracyforward.org

*Attorneys for Plaintiffs-Petitioners*