UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.G.G., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civil Action No. 25-766 (JEB) |

### ORDER

On March 15, 2025, this Court issued two Temporary Restraining Orders that will expire on March 29, 2025, unless extended. See Fed. R. Civ. P. 65(b)(2). Those TROs enjoin Defendants from removing from the United States the named Plaintiffs — and a provisionally certified class of all noncitizens in U.S. custody — solely on the basis of the Presidential Proclamation entitled, "Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua." 90 Fed. Reg. 13033, 13034 (Mar. 14, 2025); see Minute Orders of Mar. 15, 2025. Plaintiffs have now filed a Motion to Extend the TROs for another 14 days for "good cause." ECF No. 64 (Mot.) at 1; see also Fed. R. Civ. P. 65(b)(2) (court may extend TRO for "like period" if there is "good cause" to do so). Defendants oppose such extension, resting primarily on their earlier submissions. See ECF No. 65 (Opp.) at 1.

"Good cause" to extend a TRO exists whenever there has been "a showing that the grounds for originally granting the [TRO] continue to exist." Costa v. Bazron, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020) (alteration in original) (quoting Wright & Miller, 11A

1

Federal Practice and Procedure § 2953 (3d ed. Apr. 2020 Update)). "[C]ourts have also found 'good cause' where more time is needed fully to consider the parties' arguments and motions or 'where the moving party need[s] additional time to prepare and present its preliminary injunction.'" Id. (quoting SEC v. Arisebank, 2018 WL 10419828 at *1 (N.D. Tex. Mar. 9, 2018)).

Both grounds are present here. As this Court recently explained, Plaintiffs are entitled to a TRO enjoining their removal at least until they have had a chance to challenge that they are covered by the Proclamation. See ECF No. 53 (Mem. Op.) at 3. That is so because they are likely to succeed on the merits of their claim that they are entitled to such an opportunity, see id. at 23–30; see also id. at 13–18 (claim appropriately brought under Administrative Procedure Act); that they will suffer irreparable harm in the absence of emergency relief, see id. at 33–35; and that the balance of equities and the public interest tilt in their favor. See id. at 36–37. No developments have taken place since the entry of the TROs that call these judgments into question. Cf. Order, J.G.G. v. Trump, No. 25-5067 (D.C. Cir. Mar. 26, 2025) (denying Government's application for emergency stay of TROs). Indeed, Defendants have thus far not committed to granting putative class members any opportunity to challenge their classification before summary removal. See id. at 70 (Millett, J., concurring) ("The government's position at oral argument was that, the moment the district court TROs are lifted, it can immediately resume removal flights without affording Plaintiffs notice of the grounds for their removal or any opportunity to call a lawyer, let alone to file a writ of habeas corpus or obtain any review of their legal challenges to removal."). That only underscores the continuing need for injunctive relief.

This Court has, moreover, set a schedule for briefing and arguing Plaintiffs' forthcoming Motion for a Preliminary Injunction. See Third Minute Order of Mar. 26, 2025. It is therefore

appropriate to extend the current TROs to permit the parties ample opportunity to address the legal and factual bases for continuing injunctive relief.  See Bazron, 2020 WL 2410502, at *2. The Court, accordingly, ORDERS that the TROs entered on March 15, 2025, are extended and shall remain in effect until April 12, 2025, or until further order of the Court.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  March 28, 2025