# EXHIBIT P

**Declaration of M.Y.O.R.**

I, M.Y.O.R., do hereby declare the following under penalty of perjury:

1. I am 34 years old and live in Barquisimeto, Lara State, Venezuela. I am the younger sister of Maikel Antonio Olivera Rojas. My brother, Maikel, is 36 years old. We are both nationals of Venezuela.

2. I believe that my brother was wrongfully accused of being a member of Tren de Aragua ("TdA") and removed to El Salvador. I saw my brother's name on a list published by news outlets of Venezuelans taken to El Salvador.

3. Maikel entered the United States around September 2024 via a CBP One appointment.

4. My brother has a court date for his immigration case on May 2, 2025. To my knowledge, he had no removal order.

5. On or about October 24, 2024, ICE detained Maikel in a raid that occurred at his workplace in or around Calexico, California. ICE allegedly targeted his workplace because two employees at the company are seen joking about being members of TdA in a video. Neither my brother nor my cousin, Edwin, appears in the video where those two individuals are joking about being members of TdA. Despite this, ICE arrested him and three other Venezuelan employees, including our cousin.

6. My brother has never been part of or affiliated with any gang. I have known him all my life and we also lived together for a large portion of our lives. He is a hard worker and spends nearly all his time working and has no time or reason to be involved in a gang. He does not have any criminal record in any country in the world. He does not have any tattoos.

7. Upon being detained at his workplace, my brother was taken to the Imperial Regional Detention Facility in Calexico, California, and he told me that he was placed in a red uniform, indicating he was a maximum-security detainee due to the unfounded accusation that he was a member of TdA. While detained there, immigration officials investigated and told my brother that they had determined that he was not in fact associated with TdA and had confirmed that he has no criminal history. My brother was then given an orange uniform, which I understand indicates he had gone down a level in the security tier. Eventually, he was placed in a blue uniform, which, to the best of my understanding, is reserved for detainees of the lowest security tier. Around March 7, 2025, my brother was transferred to the Rio Grande Processing Center in Laredo, TX. I believe Maikel was taken to El Salvador on March 15, 2025, as his status on the GO Visits app that day showed his status as liberated for the first time since I began speaking with him through that app.

8. I last spoke to my brother on March 13, 2025. During that conversation, he told me he had learned he was going to be deported to Venezuela. On March 14, 2025, he spoke with

a friend of his and told her that he and other detainees had been taken to an airplane that day but never took off because of weather issues. My brother also told her that he was informed that they would attempt the deportation to Venezuela again imminently.

9. On Saturday, March 15, 2025, I checked the ICE Detainee Locator, and he no longer appeared on the system, so I assumed he had been put on a flight to Venezuela. I began to worry on Sunday, March 16, 2025, when I saw the news about Venezuelan immigrant detainees in the U.S. being taken to El Salvador. I hoped he was not there, but the days passed, and I knew nothing of my brother. Eventually, a list with the names of the individuals in El Salvador was published and I saw my brother's name on that list.

10. My family and I have not received any communication from the U.S. government to inform us about our brother. This is a nightmare for my family, and I feel incredibly distressed when I think about what my brother must be living through. This is a true injustice.

Sworn on this 28th day of March 2025

_____
M.Y.O.R

**CERTIFICATE OF TRANSLATION**

I, Jennifer Reyes, certify that I am fluent in both English and Spanish. On March 28, 2025, I personally spoke with M.Y.O.R. and read the foregoing declaration to her, translated into Spanish faithfully and accurately, over the phone. M.Y.O.R. affirmed that she understood my translation and that the information in the above declaration is true and accurate.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

_____
Jennifer Reyes
Paralegal
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2635
jreyes@aclu.org