## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

J.G.G., *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as
President of the United States, *et al.*,

*Defendants*.

Case No: 1:25-cv-00766-JEB

## PLAINTIFFS' NOTICE IN RESPONSE TO THE COURT'S APRIL 8, 2025 ORDER AND MOTION FOR TEMPORARY RESTRAINING ORDER

Following the Supreme Court's ruling vacating this Court's Temporary Restraining Orders, the Court directed Plaintiffs to file a notice addressing whether they still have a basis to proceed on their Motion for a Preliminary Injunction and, if so, proposing a schedule. Apr. 8, 2025 Minute Order.

The Court retains jurisdiction to undertake several actions:

1. **Notice.** Plaintiffs seek a TRO directing the government to provide 30 days' notice before seeking to remove any class member under the AEA, and to serve that order on both the class member *and* undersigned counsel. This relief is urgent because the government has already indicated that, notwithstanding the Supreme Court's ruling that notice must be sufficient to allow individuals an opportunity to seek habeas review, it may provide designated individuals with as little as 24 hours' notice, making it virtually impossible for most class members to file habeas petitions. **An expedited proposed schedule for this request is set forth below.**

1

2. **Habeas.** Plaintiffs will amend their Complaint to reinstate their habeas claim to seek relief for the class of individuals who were removed to El Salvador under the AEA on March 15, as well as potentially a class of individuals held in U.S. criminal custody. **A slightly longer schedule is proposed below for litigating the habeas action.**

## I.    TRO Requiring Notice to Class Members.

In response to indications that the government may begin removing class members without adequate notice in the coming days, Plaintiffs seek an emergency TRO requiring the government to provide 30 days' notice to class members and undersigned counsel.

In light of the Supreme Court's ruling, the five named Plaintiffs have filed class habeas petitions in the jurisdictions where they are currently detained: the Southern District of New York and the Southern District of Texas. *See G.F.F. v. Trump*, No. 25-cv-02886 (filed Apr. 8, 2025); *J.A.V. v. Trump*, No. 25-cv-00072 (filed Apr. 9, 2025). Undersigned counsel has also filed additional district-wide habeas petitions, with requests for TROs, in four other districts at the time of this filing, in situations where undersigned counsel happened to learn of detained individuals who may be at immediate risk of removal under the AEA. But ultimately this process—learning by happenstance of at-risk detainees and filing habeas actions in district after district, often overnight—is not an adequate safeguard to effectuate the Supreme Court's notice requirement. Notably, moreover, even in those few districts in which undersigned counsel have managed to bring habeas actions, the government is opposing even *district*-wide classes, arguing that every individual throughout the country should file an individual habeas petition.

This Court continues to have jurisdiction over all class members' claims that adequate notice is required under the Supreme Court's ruling, the AEA, and due process—whether those

individuals are in immigration custody, in criminal custody, or not detained. *See* Cerna Decl. ¶ 6 (ECF No. 28-1) (identifying approximately 172 alleged members of Tren de Aragua who are on "the non-detained docket"). That is because Plaintiffs' notice claims lie outside of habeas. As the Supreme Court recognized, notice is a necessary *precondition* for ensuring that individuals can seek judicial review, and on that basis it affirmed Plaintiffs' due process claim on the merits in this action. *See Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097, at *3 (U.S. Apr. 7, 2025).

The Supreme Court's ruling did not require such notice claims to be brought in habeas; to the contrary, it recognized that adequate notice is necessary to effectuate habeas review under the AEA. *Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097, at *3 (U.S. Apr. 7, 2025) ("The notice must be afforded within a reasonable time and in such a manner as will allow [AEA detainees] to actually seek habeas relief in the proper venue before such removal occurs."). It therefore may not even be possible for some class members to raise this notice claim in habeas, because a person deported without adequate notice to a Salvadoran prison or similar place will have no meaningful opportunity to file a habeas petition.

The Supreme Court's order recognized this both explicitly—by explaining that proper notice was the precondition for habeas review—and implicitly through the structure of its analysis. Despite finding that Plaintiffs' claims challenging the AEA were improperly filed in this Court for lack of venue, the Supreme Court addressed the merits of their notice claims and explained that "due process" required that they receive notice of their AEA designation far enough in advance that they can actually seek judicial review. *Id.* at *1-3. By deciding that claim outside of habeas, the Court made clear that a notice claim need not be brought in habeas.

Moreover, the Supreme Court's basic reason for requiring habeas does not apply to this claim. The substantive claims must be brought in habeas because, by challenging the government's

ability to use the AEA in the first place, the Supreme Court concluded that those claims "necessarily imply the invalidity of their confinement" under the AEA, and thus "fall within the core of the writ of habeas corpus." *Id.* at *1 (cleaned up). But that is not true of Plaintiffs' notice claim, which only impacts the timing of notice relative to removal. It has no impact on the validity of Plaintiffs' confinement.[1]

Class members have an urgent need for relief on this claim. The Supreme Court ordered the government to provide notice of AEA removal "within a reasonable time and in such manner as will allow [noncitizens] to actually seek habeas relief in the proper venue before such removal occurs." *Id.* at *2. Yet at a hearing in the Southern District of Texas on April 11, the government told the Court that it was not ruling out the possibility that AEA removals would resume *with only 24 hours' notice*. TRO Hearing, *J.A.V. v. Trump*, No. 25-cv-00072 (S.D. Tex. Apr. 11, 2025). And in the habeas action in the Southern District of New York, the government last night filed a declaration stating that it had adopted a notice procedure, but strikingly, the declaration declined to provide virtually any details at all—no time frame or indication that the government would notify counsel or facilitate phone calls; and the government did not back away from its statement that notice could be as short as 24 hours. Elliston Decl. ¶¶ 6–8 (ECF No. 41-4), *G.F.F. v. Trump*, No. 25-cv-02886 (S.D.N.Y. Apr. 8, 2025). The declaration merely asserted that the notice would provide a "reasonable" time to file a habeas petition and did not say why, having settled on a procedure, the government is keeping critical elements of the procedure secret. The government

---

[1] Moreover, even if notice claims were ordinarily required to be brought in habeas for detained individuals, an exception to those rules would apply in the circumstances here—where Defendants have taken steps to evade and obstruct habeas review, and where counsel are unaware of who has been designated under the AEA, where they are confined, or who their immediate custodian is. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 n.18 (2004); *Demjanjuk v. Meese*, 784 F.2d 1114 (D.C. Cir. 1986).

has provided no further information to Plaintiffs' counsel, nor has it said whether it will do anything to facilitate class members' ability to seek relief, such as notifying a person's attorney (if they are represented) or providing prompt phone access.

The government thus appears poised to take action that is inconsistent with the Supreme Court's order, and to resume what are effectively summary removals for most class members. Indeed, immigration attorneys have recently reported that, this week, a large number of detained Venezualan clients have been moved by DHS to Texas without explanation. The need for notice relief is therefore urgent.

The Court should order the government to provide basic procedures to ensure that class members can "actually seek habeas relief" as the Supreme Court required. At a minimum, this should include at least 30 days' notice prior to removal, notice to class counsel and a person's immigration attorney if they have one, full access to phone calls to communicate with family and counsel, and a notice translated into Spanish. Indeed, during World War II, the last time the AEA was invoked, alien enemies who were "deemed to be dangerous to the public peace and safety" were given 30 days' notice before they could be removed. *See* 10 Fed. Reg. 12,189 (Sept. 28, 1945).

Notice and the opportunity to seek review is critical to ensure that mistakes are not made once again. It has become increasingly clear, as more evidence emerges, that in the government's haste to remove people before this Court could intervene, individuals with no ties to the TdA were sent to the notorious Salvadoran prison. *See*, *e.g.*, Julie Turkewitz et al., *'Alien Enemies' or Innocent Men? Inside Trump's Rushed Effort to Deport 238 Migrants*, N.Y. Times, Apr. 15, 2025.[2]

---

[2] *Available at*: https://www.nytimes.com/2025/04/15/world/americas/trump-migrants-deportations.html

Mistakes with these life-death consequences would be horrific enough, even if the government were not vigorously refusing to correct its mistakes. *See* Resp. to Plfs.' Mot. for Additional Relief 3–4 (ECF No. 65), *Abrego Garcia v. Noem*, No. 8:25-cv-951-PX (D. Md. Apr. 13, 2025) (government arguing that "[t]he federal courts have no authority to direct the Executive Branch to . . . engage with a foreign sovereign in a given manner," to facilitate return of wrongfully deported individual).

Consistent with the need for utmost urgency, Plaintiffs propose an expedited schedule below and respectfully request that the Court treat this notice, filed Wednesday, April 16, as Plaintiffs' request for a TRO with respect to the notice claim. Plaintiffs also respectfully request that, for purposes of notice, the Court treat Plaintiffs' Motion for Class Certification filed March 15, 2025 (ECF No. 4) as operative and amend its prior class certification order to certify a broader class that encompasses individuals **regardless of whether they are detained or not**: "All noncitizens who were, are, or will be subject to the Alien Enemies Act Proclamation and/or its implementation." *Id.* at 1; *see* Fed. R. Civ. P. 23(c)(1)(C). The Court's reasons for limiting the original class to those in custody do not apply where the only relief is notice.[3]

---

[3] The Court's prior class certification order remains in effect, *see* Mar. 15, 2025 Minute Order, as that portion of the Court's Order was not addressed by the Supreme Court's vacatur of the TRO. *See Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097 (U.S. Apr. 7, 2025). The previously certified class is: "All noncitizens in U.S. custody who are subject to the March 15, 2025, Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of The United States by Tren De Aragua' and its implementation." Mar. 15, 2025 Minute Order. Regardless, even if the Supreme Court vacated the prior class certification order, the Court may, of course, enter a new order certifying a class, noting its findings of fact and conclusions of law as to each of the Rule 23 prongs based on Plaintiffs' Motion for Class Certification filed March 15, 2025 (ECF No. 4).

## II.    Reinstatement of Habeas Claim

Plaintiffs intend to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) in order to reinstate their habeas claim on behalf of class members detained in CECOT and to seek the return of these Plaintiffs to the United States. For these class members, this Court is the proper habeas venue.

On March 15, the Court granted, without prejudice, Plaintiffs' motion to voluntarily dismiss the habeas claim in their complaint. *See* Transcript, Mar. 15, 2025 Hearing at 22:21-25. As the Court is aware, following that hearing the government removed more than 130 class members to El Salvador. In light of the government's removal of class members—and the Supreme Court's subsequent guidance about proceeding in habeas—Plaintiffs now intend to reinstate their habeas claim and amend their complaint. *See* Fed. R. Civ. P. 15(a)(1) (permitting amendments as a matter of course under the circumstances here).

This Court is the proper venue for habeas petitions from class members detained in CECOT. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 n.16 (2004); *Rasul v. Bush*, 542 U.S. 466, 483 (2004) (holding that 28 U.S.C. § 2241 "confers on the [D.C.] District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base"). This Court also has the authority to order the government to facilitate the return of these class members. *See, e.g.*, *Noem v. Abrego Garcia*, No. 24A949, 2025 WL 1077101 (Apr. 10, 2025) (per curiam); *Nken v. Holder*, 556 U.S. 418, 435 (2009) (removed individuals "can be afforded effective relief by facilitation of their return"); *Abrego Garcia v. Noem*, No. 25-1345, 2025 WL 1021113, at *4 & n.7 (4th Cir. Apr. 7, 2025) (Thacker, J., with King, J., concurring) (observing that the government "can—and does—return wrongfully removed migrants as a matter of course" and collecting cases); Pls. Reply to Defs.' Resp. to Order to Show Cause 6–9 (ECF No.

70) (discussing courts' power to fashion equitable remedies that extend extraterritorially and collecting cases). Accordingly, Plaintiffs will seek certification of a subclass of individuals removed to El Salvador subject to the AEA.

In addition, this Court is also the proper habeas venue for individuals in *criminal* custody to challenge their AEA designation. *See Padilla*, 542 U.S. at 444 (immediate custodian rule does not apply when "challeng[ing] . . . *future* confinement") (emphasis added); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U. S. 484, 495 (1973) ("So long as the custodian can be reached by service of process, the court can issue a writ[.]"). Defendants have stated that approximately 32 alleged members of Tren de Aragua subject to the Proclamation are in "criminal custody." Cerna Decl. ¶ 6 (ECF No. 28-1). Accordingly, Plaintiffs will consider whether to seek certification of a subclass of individuals in criminal custody in the United States subject to the AEA.

## PROPOSED SCHEDULES

### 1. <u>Nationwide Class Notice</u>

Without proper notice, most class members will be removed without ever being able to seek habeas relief, contrary to what the Supreme Court unanimously ruled was their constitutional entitlement. Because individuals are already being removed from around the country to Texas (exactly as Defendants treated class members in the days before the March 15 flights), Plaintiffs propose the following expedited schedule:

- Wednesday, April 16: Treat this notice, filed today, as Plaintiffs' request for a TRO.

- Thursday, April 17: Defendants' response due.

- Friday, April 18, at noon ET: Plaintiffs' reply due.

- Hearing: If necessary, Friday, April 18, in the afternoon (by Zoom if appropriate).

Plaintiffs request that the Court also set out an expedited preliminary injunction schedule so that it may rule on whether to convert the TRO into a preliminary injunction, or extend the TRO for good cause.

    **2.  Habeas Petition**

Plaintiffs propose the following schedule:

- Thursday, April 24: Plaintiffs file an amended complaint reinstating their habeas claim, along with motions for relief or certification of additional classes or subclasses;

- Thursday, May 1: Defendants file any opposition to Plaintiffs' motions for relief or certification of additional classes or subclasses.

- Tuesday, May 6: Plaintiffs' file any reply briefs.

- Hearing: Earliest possible date convenient for the Court.

Dated: April 16, 2025

Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org
mngo@aclu.org
cwofsy@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Aditi Shah (D.C. Bar No. 90033136)*

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Daniel Galindo (D.D.C. Bar No. NY035)
Ashley Gorski
Patrick Toomey
Sidra Mahfooz
Omar Jadwat
Hina Shamsi (D.D.C. Bar No. MI0071)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
agorski@aclu.org
ptoomey@aclu.org
smahfooz@aclu.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org
ashah@acludc.org


*Admission to DDC Bar pending

ojadwat@aclu.org
hshamsi@aclu.org

Somil B. Trivedi (D.C. Bar No. 1617967)
Bradley Girard (D.C. Bar No. 1033743)
Michael Waldman (D.C. Bar No. 414646)
Sarah Rich
Skye Perryman (D.C. Bar No. 984573)
Audrey Wiggins (DC Bar No. 482877)
Christine L. Coogle (DC Bar No. 1738913)
Pooja Boisture
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
strivedi@democracyforward.org
bgirard@democracyforward.org
mwaldman@democracyforward.org
srich@democracyforward.org
sperryman@democracyforward.org
awiggins@democracyforward.org
ccoogle@democracyforward.org
pboisture@democracyforward.org


*Attorneys for Plaintiffs*