IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J.G.G., *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

*Defendants*.

Case No: 1:25-cv-00766-JEB

**EMERGENCY MOTION FOR IMMEDIATE RULING ON TRO MOTION
IN LIGHT OF AEA REMOVALS**

Plaintiffs respectfully request that the Court expedite its decision on the pending Motion for Temporary Restraining Order, Dkt. 85, and immediately issue the requested TRO requiring 30 days' notice before removing a class member under the Alien Enemies Act ("AEA") from the Bluebonnet facility in the N.D. of Texa. s Late last night and early today**, Plaintiffs learned that the government has begun giving notices of removal to class members, in English only, which do not say how much time individuals have to contest their removal or even how to do so. A copy of the notice is attached. And officers last night told class members that they will be removed within 24 hours, which expires as early as this afternoon. Upon information and belief, individuals have already been loaded on to buses.** *See* Brown Decl., Ex. A; Brane Decl., Ex. B. A U.S. government official has also acknowledged that removals are imminent. Laura Romero & Luis Martinez, *U.S. planning imminent military deportation flight under Alien Enemies*

1

*Act: Sources*, ABC News, Apr. 18, 2025.[1] The government has refused to give any information about these notices and removals to class counsel despite multiple requests. And as far as Plaintiffs know, the government has not even given this notice to class members' immigration attorneys. Without this Court's immediate intervention, dozens or hundreds of class members may be removed to CECOT within hours—all without any real opportunity to seek judicial review, in defiance of due process and the Supreme Court's order.

As Plaintiffs explained in their motion, adequate notice is a prerequisite to seeking habeas review—without it, most class members will be unable to seek any review of their summary removal to a potential life sentence in CECOT. Such a claim for notice need not—and typically cannot—be brought in habeas. This action is one of Plaintiffs' only chances to secure the judicial review that the Supreme Court held the government must provide, but that the government is now seeking to jettison. Plaintiffs therefore request that the Court immediately issue the TRO to ensure that class members are given at least 30 days to find counsel and file habeas petitions. Alternatively, the Court can grant a shorter period than 30 days while it considers Plaintiffs' motion on Monday, April 21.

The district court in the Northern District of Texas, where Bluebonnet is located, has refused to act on Petitioners' emergency motion for a TRO or hold a status conference. *See* Emergency Mot. for TRO (ECF No. 30), *A.A.R.P. v. Trump*, No. 1:25-cv-00059 (N.D. Tex. Apr. 18, 2025); Mot. for Emergency Status Conference, *A.A.R.P. v. Trump*, No. 1:25-cv-00059 (N.D. Tex. Apr. 18, 2025).[2]

---

[1] Available at: https://abcnews.go.com/US/attorneys-venezuelans-warn-clients-imminent-risk-deportation-aea/story?id=120950962

[2] Petitioners' counsel are simultaneously filing an emergency motion for an injunction pending appeal and a temporary administrative injunction in the Fifth Circuit. Petitioners will advise this Court immediately if the Fifth Circuits acts on the motion.

## CONCLUSION

The Court should immediately issue the temporary restraining order requiring the government to give each class member and class counsel 30 days' notice, in both English and Spanish, before taking any action to remove a class member from the United States.

Dated: April 18, 2025

Respectfully submitted,

/s/ *Lee Gelernt*

Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org
mngo@aclu.org
cwofsy@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

Lee Gelernt (D.D.C. Bar No. NY0408)
Daniel Galindo (D.D.C. Bar No. NY035)
Ashley Gorski
Patrick Toomey
Sidra Mahfooz
Omar Jadwat
Hina Shamsi (D.D.C. Bar No. MI0071)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
agorski@aclu.org
ptoomey@aclu.org
smahfooz@aclu.org
ojadwat@aclu.org
hshamsi@aclu.org

Somil B. Trivedi (D.C. Bar No. 1617967)
Bradley Girard (D.C. Bar No. 1033743)
Michael Waldman (D.C. Bar No. 414646)
Sarah Rich
Skye Perryman (D.C. Bar No. 984573)
Audrey Wiggins (DC Bar No. 482877)
Christine L. Coogle (DC Bar No. 1738913)
Pooja Boisture
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426

        strivedi@democracyforward.org
        bgirard@democracyforward.org
        mwaldman@democracyforward.org
        srich@democracyforward.org
        sperryman@democracyforward.org
        awiggins@democracyforward.org
        ccoogle@democracyforward.org
        pboisture@democracyforward.org

*Attorneys for Plaintiffs*