**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **J.G.G.**, *et al.*, | |
| **Plaintiffs,** | |
| v. | **Civil Action No. 25-766 (JEB)** |
| **DONALD J. TRUMP**, *et al.*, | |
| **Defendants.** | |

## <u>ORDER</u>

Here and concurrently in the Court of Appeals, Defendants seek an emergency stay pending appeal of this Court's Probable Cause Order. <u>See</u> ECF Nos. 80 (Probable Cause Order), 88 (Mot.), 89 (Mot. Br.). The Court will deny the Motion. The Court does not believe that Defendants have made an adequate showing on the merits, nor convincingly shown they will suffer irreparable harm in providing the information required by the Order. The public interest, furthermore, weighs in favor of permitting the Court's contempt inquiry to proceed. <u>See</u> ECF No. 81 (Probable Cause Op.) at 2.

Among other problems, Defendants' arguments rely on a misconstruction of the Court's directive. Having found probable cause that they committed criminal contempt, the Court required Defendants to choose one of two paths. <u>See</u> Order at 1. First, they can opt to purge their probable contempt and explain to the Court how they will do so. <u>Id.</u> In its Opinion, the Court observed that the "most obvious way" for them to do so would be by choosing to "assert[] custody of the individuals who were removed in violation of the Court's classwide TRO so that they might avail themselves of their right to challenge their removability through a habeas

proceeding." Op. at 43–44.  In offering the Government a chance to <u>voluntarily</u> assert custody of the people it placed in a foreign prison, then, the Order did not "forc[e] the government to successfully execute foreign diplomacy" in violation of the separation of powers.  <u>See</u> Mot. Br. at 11.  The Court expressly allowed, moreover, that Defendants could "propose other methods of coming into compliance."  Op. at 44.  Whether to purge the likely contempt, and whether to do so by voluntarily asserting custody of those individuals in Salvadoran jail, is entirely up to Defendants.  If they do not want to "make what was wrong, right," <u>Abrego Garcia v. Noem</u>, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025), they can choose the second path: identify the individual(s) whose conduct caused the noncompliance.  <u>See</u> Order at 1.  Although the Opinion noted that the Court might eventually refer this matter for prosecution, <u>see</u> Op. at 44 (citing Fed. R. Crim. P. 42(a)(2)), we are not at that juncture.  Their separation-of-powers arguments concerning any future prosecution(s), <u>see</u> Mot. Br. at 8–11, are therefore premature and misplaced.

For the foregoing reasons, the Court ORDERS that Defendants' [88] Emergency Motion for a Stay Pending Appeal is DENIED.


<u>/s/ *James E. Boasberg*</u>
JAMES E. BOASBERG
Chief Judge

Date:  <u>April 18, 2025</u>