# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LIYANARA SANCHEZ, as next friend on behalf of FRENGEL REYES MOTA,** *et al.*, | |
| **Petitioners-Plaintiffs,** | |
| **J.G.G.,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 25-766 (JEB)** |
| **DONALD J. TRUMP,** *et al.*, | |
| **Respondents-Defendants.** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

As litigation proceeds in this Court over the Government's invocation of the Alien Enemies Act against Venezuelan nationals alleged to be members of Tren de Aragua, Plaintiffs have amended their Complaint to add habeas petitions from one individual in criminal custody in the United States and several individuals detained at the Centro del Confinamiento del Terrorismo (CECOT) in El Salvador (brought by their next friends). <u>See</u> ECF No. 101 (Am. Compl.). Most of those Petitioner-Plaintiffs and their next friends now seek to proceed pseudonymously, the same as the original Plaintiffs to this suit. <u>See</u> ECF No. 113 (Mot.) at 1. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. <u>See</u> LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); <u>id.</u> 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I.    **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR

5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of

litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial

proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal

Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to

proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need

for such secrecy[] and identifying the consequences that would likely befall it if forced to

proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result,

the court must "'balance the litigant's legitimate interest in anonymity against countervailing

interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting

In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is
> merely to avoid the annoyance and criticism that may attend any
> litigation or is to preserve privacy in a matter of [a] sensitive and
> highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or
> mental harm to the requesting party or[,] even more critically, to
> innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be
> protected;
> (4) whether the action is against a governmental or private party;
> and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an
> action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.     Analysis

 At this stage, Petitioners have succeeded in showing that their privacy and safety concerns outweigh the public's presumptive and substantial interest in learning their identities.

The first factor supports granting the Motion.  Petitioners do not seek to proceed under pseudonyms "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  For instance, several Petitioners allege that the Amended Complaint contains details of their asylum claims, such as the abuse and danger that they faced in Venezuela at the hands of political leaders or paramilitary groups.  See Mot. at 4–5.  That information is confidential; as Petitioners note, federal immigration regulations "provide for the confidentiality of asylum applicants," and administrative and judicial proceedings stemming from asylum applications routinely use pseudonyms.  See id. at 6–7 (citing cases).  This factor thus supports pseudonymity.  See M.A. v. Mayorkas, 2023 WL 5321924, at *2 (D.D.C. July 6, 2023) (finding similarly for asylum seekers challenging removal policies).

The second factor tips the same way, as Petitioners and their next friends clearly seek to avoid "retaliatory physical or mental harm."  In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97).  Given the claims in the asylum applications, public identification of these individuals could subject them or their families to retaliatory violence or persecution. See Mot. at 4–5; see also Anim v. Mukasey, 535 F.3d 243, 253 (4th Cir. 2008) ("As DHS recognizes, the confidentiality regulations are of utmost importance in protecting asylum applicants because the regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event

that the claimant is repatriated, or endanger the security of the claimant's family members who

may still be residing in the country of origin.") (quotation marks omitted).  Petitioners also argue

that they could face retaliatory violence in their respective detention facilities if it came to light

that they had been labeled members of Tren de Aragua or were contesting that designation.  See

Mot. at 7.  These concerns are as troubling as those that typically justify pseudonymity, see, e.g.,

J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023)

(second factor favors pseudonymity when plaintiffs experienced or witnessed abuse by, and

faced further "threats of retaliation" from, foreign government); Doe v. U.S. Dep't of State, 2015

WL 9647660, at *3 (D.D.C. Nov. 3, 2015) (permitting pseudonymity to protect plaintiff from

retaliation by anti-U.S. insurgents), and they are sufficient here to tip the second factor in

Petitioners' favor.  See also Doe v. Austin, 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024) (first

two factors favor pseudonymity where plaintiff was "a covert U.S. intelligence officer" and

publicity could "draw the attention of hostile . . . actors").

      Petitioners do not address the third factor — "the ages of the persons whose privacy

interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed

Case, 931 F.3d at 97) — so the Court will assume that it weighs against pseudonymity.  There is,

in any event, no indication that the Petitioners or their next friends are minors.

      The fourth factor weighs slightly against pseudonymity as well.  Typically, "anonymous

litigation is more acceptable when" (as here) "the defendant is a governmental body because

government defendants 'do not share the concerns about "reputation" that private individuals

have when they are publicly charged with wrongdoing.'"  J.W. v. Dist. of Columbia, 318 F.R.D.

196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1

v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019) (same).  Analysis of this factor,

however, also involves evaluating whether Petitioners request individual relief.  See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request").  Petitioners here seek class-wide relief invalidating the invocation of the Alien Enemies Act against them and other class members, see Am. Compl. at 36–37 — assertedly not individualized relief.  See In re Sealed Case, 971 F.3d at 329 (where "the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward," the "public interest is intensified").  This factor thus tips in favor of disclosure.

Fifth and finally, the Government would suffer no "risk of unfairness" if the Motion were granted.  In re Sealed Case, 971 F.3d at 327 (quoting In re Sealed Case, 931 F.3d at 97).  As Petitioners note, Respondents "will know Petitioners' and Next Friends' true identities."  Mot. at 8.  In such circumstances, this factor does not require disclosure.  See In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, Mem. Op. at 5 (fifth factor supports motion where defendant already knows plaintiff's identity).

In sum, the first, second, and fifth factors weigh in favor of granting the Motion to proceed pseudonymously.  That tally resolves the matter in Petitioners' favor and accords with this Court's prior grant of the original named Plaintiffs' request for pseudonymity.  See First Minute Order of Mar. 15, 2025.

The Court accordingly ORDERS that:

1. Petitioners' [113] Motion for Leave to File Under Pseudonym is GRANTED;

2. All parties shall use the pseudonyms listed in the Amended Complaint in all
   documents filed in this action; and

3. Within fourteen days of this Order, Petitioners and their next friends must file a sealed
   declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: May 8, 2025