IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.G.G. et al., <br><br> *Plaintiffs*; <br><br> LIYANARA SANCHEZ, as next friend on behalf of FRENGEL REYES MOTA, et al., <br><br> *Petitioners–Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> *Respondents–Defendants*. | Case No. 1:25-cv-00766-JEB <br><br><br> **RESPONDENTS–DEFENDANTS' RESPONSE IN OPPOSITION TO PETITIONERS–PLAINTIFFS' REQUEST FOR FURTHER DISCOVERY** |

Petitioners–Plaintiffs' ("Petitioners'") request for discovery is unwarranted. The evidence produced by Respondents established that the United States does not have custody over the CECOT class. *See* ECF No. 118. Even under Petitioners' preferred test, Respondents have now definitively proven that El Salvador is not "an agent or intermediary who is indifferent to the detention of the prisoner[s]" (Sealed Docs. 1 & 2), and that El Salvador would not release the Petitioners "upon nothing more than a request by the United States," (Sealed Doc. 3, at 2–3 & Sealed Declaration ¶¶ 4–5, 9–11). *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 68 (D.D.C. 2004) (listing four factors relevant to whether the United States has constructive custody). Given the nature of this evidence, there is no prospect (and Petitioners have offered none) that further discovery would change that conclusion. This Court should thus

1

deny Petitioners' request for discovery and deny their request for a preliminary injunction based on the existing record.

Petitioners' request to delve even further behind the scenes of a diplomatic arrangement between the United States and El Salvador is improper for two other reasons. First, even though the government has voluntarily provided highly sensitive details about "the conduct of foreign relations," Petitioners ask this Court to delve into the niceties of diplomatic negotiations. But "[s]uch matters are so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference." *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999) (quoting *Harisiades v. Shaughnessy*, 342 U.S. 580, 588–89 (1952)). Discovery in that context is thus unwarranted and inappropriate. Second, Petitioners' requests implicate areas duly protected by the executive privilege, the Presidential communications privilege, the state-secrets privilege, and the deliberative process privilege.

Beyond asking this Court to bless a fishing expedition through sensitive or classified documents despite already receiving the final documents governing the diplomatic understanding between the United States and El Salvador, Petitioners also propose discovery into matters irrelevant to the limited jurisdictional discovery contemplated by this Court's order. This Court ordered limited jurisdictional discovery solely "regarding whether the United States has constructive custody over the proposed CECOT class"—*not* other issues. ECF No. 116. But Plaintiffs now seek irrelevant discovery into matters such as:

- Interrogatory No. 2 requests "the date and time that the United States informed El Salvador of the specific identities of the individuals that the United States removed to El Salvador." When the United States informed El Salvador of the identities of certain removable aliens is irrelevant to whether the United States has constructive custody now.

- Interrogatory No. 3 requests "the measures taken by the United States to pursue the return of Mr. Kilmar Abrego Garcia from El Salvador to the United States." This seeks potentially sensitive information about a non-class member subject to litigation in a separate case.

- Interrogatories Nos. 4 and 6 similarly request the identity of "all individuals that the United States removed to El Salvador" either (No. 4) "solely pursuant to the Alien Enemies Act" and/or (No. 6) because they were "designated as members of Tren de Aragua." But such information is irrelevant to the narrow question of whether the United States has constructive custody today.

- Interrogatory No. 5 requests the "process followed by the United States to identify the individuals to be removed to El Salvador pursuant to the Alien Enemies Act." Again, it is difficult to see how the process of identifying TdA members prior to removal has any bearing on whether they are in the United States' constructive custody now while detained in a foreign nation.

None of that has anything to do with whether the United States can control what El Salvador does with the putative CECOT class. Beyond that, Request for Production No. 1 is cumulative of what Respondents have already produced. And to the extent that Request for Production No. 2 has any relevance to constructive custody, Respondents have already provided the final documents governing the diplomatic understanding between the United States and El Salvador, so any responsive document would be cumulative. That should suffice.

Based on the final governing documents already produced, this Court should determine that the United States does not have constructive custody over the putative CECOT class and deny Petitioners' request for yet more discovery. If this

Court does determine that some additional jurisdictional discovery is warranted, it should implement the usual discovery process with objections and responses.

          Respectfully submitted,

          **Yaakov M. Roth**
          Acting Assistant Attorney General
          Civil Division

          **Drew C. Ensign**
          Deputy Assistant Attorney General
          Office of Immigration Litigation

          **August Flentje**
          Special Counsel for Immigration

          s/ Tiberius T. Davis
          **Tiberius T. Davis**
          Counsel to the Assistant Attorney General
          Civil Division
          U.S. Department of Justice
          P.O. Box 878, Ben Franklin Station
          Washington, DC 20044-0878
          (202) 514-2000
          tiberius.davis@usdoj.gov

          **Anthony Nicastro**
          Acting Director
          Office of Immigration Litigation

          **Ernesto Molina**
          Deputy Director
          Office of Immigration Litigation

Dated: May 14, 2025           *Counsel for Respondents–Defendants*