UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.G.G.**, *et al.*, <br><br> Plaintiffs, <br><br> **LIYANARA SANCHEZ**, as next friend on behalf of **FRENGEL REYES MOTA**, *et al.*, <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> **DONALD J. TRUMP**, *et al.*, <br><br> Respondents-Defendants. | Civil Action No. 25-766 (JEB) |

**ORDER**

On May 8, 2025, the Court ordered Respondents-Defendants to submit "any declarations they wish to provide regarding whether the United States has constructive custody over the proposed CECOT class." ECF No. 116 (Jurisdictional Discovery Order) at 7. The following day, Respondents submitted a declaration and several exhibits under seal. See ECF No. 118 (Documents). Although Petitioners-Plaintiffs continue to assert that "the current record is sufficient to establish jurisdiction," they nonetheless request additional "limited jurisdictional discovery." ECF No. 125 (Notice) at 1. Their proposal includes 12 Requests for Admission, 6 Interrogatories, and 2 Requests for Production. See ECF No. 125-1 (Proposed Discovery Requests).

Respondents rejoin that their May 9 submission "definitively prove[s]" the absence of constructive custody and ask the Court to deny Petitioners' discovery requests. See ECF No. 126 (Response) at 1. They also lodge specific objections to Petitioners' requests for information

1

about "the date and time that the United States informed El Salvador of the specific identities of the individuals that the United States removed to El Salvador"; "the measures taken by the United States to pursue the return of Mr. Kilmar Abrego Garcia from El Salvador to the United States"; the identity of "all individuals that the United States removed to El Salvador" "solely pursuant to the Alien Enemies Act" or because they were "designated as members of Tren de Aragua"; and the "process followed by the United States to identify the individuals to be removed to El Salvador pursuant to the Alien Enemies Act." Id. at 3 (quoting Interrogatory Nos. 2–6). They, moreover, object to Petitioners' requests for production as cumulative of what Respondents have already provided. Id.

      Having reviewed the parties' submissions, the Court will grant both sides a partial victory. It agrees with Petitioners that some additional discovery could aid its determination of whether it has habeas jurisdiction over the putative CECOT class. The Court, however, agrees with Respondents that several of the Interrogatories are irrelevant to the jurisdictional question. For example, the Court does not see how the identities of the individuals transported to El Salvador relate to the issue of constructive custody. It will accordingly allow Petitioners to serve upon Respondents all Requests for Admission, Interrogatory Nos. 1 and 3, and both Requests for Production. See Proposed Discovery Requests at 1–2. To the extent that Respondents suggest that the discovery requests may well "implicate" several privileges, see Response at 2, the Court will consider any assertions of privilege as they arise.

      The Court, accordingly, ORDERS that:

1. By May 19, 2025, Petitioners shall serve the requests listed in this Order upon Respondents in the finalized form contemplated by the Federal Rules of Civil Procedure;

2

2. By May 23, 2025, Respondents shall provide responses to the requests listed in this Order, assert any applicable privileges, and explain why such privilege applies; and

3. By May 26, 2025, Petitioners shall file any response to Respondents' submissions.

                                                                      /s/ *James E. Boasberg*
                                                                      JAMES E. BOASBERG
                                                                      Chief Judge

Date: May 16, 2025