# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LIYANARA SANCHEZ, as next friend on behalf of FRENGEL REYES MOTA, *et al.*,

*Petitioners-Plaintiffs,*

J.G.G., *et al.*,

*Plaintiffs,*

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

*Respondents-Defendants.*

Civil Action No. 1:25-cv-00766-JEB

## [~~PROPOSED~~] STIPULATED CONFIDENTIALITY ORDER

Whereas, the parties have stipulated that certain discovery material be treated for the purposes of this litigation as Confidential or Attorney's Eyes Only;

Accordingly, it is this 23 day of May, 2025, by the United States District Court for the District of Columbia, ORDERED:

1. <u>Procedure for Designation of Certain Discovery Materials as Confidential or Attorney's Eyes Only.</u> All documents produced in the course of discovery, all responses to Interrogatories, all responses to Requests for Admission, all responses to Requests for Production, and all deposition testimony and deposition exhibits shall be subject to this Confidentiality Order, as set forth below:

(a)     The designation of confidential or attorney's eyes only information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

(b)     A party may designate material as "Confidential" under this order only when a party has a good faith belief that it contains (i) personally identifying information, including without limitation social security numbers, financial information, current or past home addresses, email addresses and telephone numbers, including those associated with Petitioners or their immediate families, and Respondents; (ii) information prohibited from disclosure by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, that is personal information located in a federal government "record" and therefore requires the consent of that individual prior to disclosure unless made "pursuant to the order of a court of competent jurisdiction." *Id.* § 552a(b)(11); or (iii) information that is sensitive, not available to the general public, and has been kept confidential pursuant to law or regulation, the disclosure of which is reasonably expected to cause harm to U.S. law enforcement interests or to the United States.

(c)     A party may designate material as "Attorney's Eyes Only" under this order only when a party has a good faith belief that it contains information that is not available to the general public and has been kept confidential pursuant to law or regulation; that the disclosure of the information is reasonably expected to cause harm to a Producing Party or to the United States; and that the information is:

(i) law-enforcement privileged, and the disclosure of which the designating party has a good faith basis to believe would harm ongoing law enforcement operations or

jeopardize the safety of individuals, law enforcement officers, or the public, if disclosed to the Plaintiffs in this action, or

(ii) information from, relating to, or exchanged with a foreign government, the disclosure of which the designating party has a good faith basis to believe would jeopardize the safety of individuals or the public, or damage relations with a foreign government, if disclosed to the Plaintiffs in this action.

(d)     Portions of depositions shall be deemed Confidential or Attorney's Eyes Only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript and only to the extent they contain material designated as Confidential or Attorney's Eyes Only. Any testimony which describes material designated as Confidential or Attorney's Eyes Only shall also be deemed to be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

(e)     Material designated as Confidential or Attorney's Eyes Only under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (f) or (g) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals and attempting to settle this action).

(f)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a

disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)    Disclosure may be made to any designated arbiter or mediator who is assigned to hear this matter.

(iv)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(v)     Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(vi)    Disclosure may be made to actual and potential deposition or trial witnesses in this case (including use in connection with the preparation of said witnesses). Voluntary witnesses must agree to the terms of this Order. Involuntary witnesses must be informed of the Order and its obligations. Transcripts involving the use of such documents should be labeled Confidential unless they are otherwise public.

(vii)   Disclosure may be made to the parties to the action.

   (viii) Disclosure may be made to any other person or entity upon such terms and conditions as the Parties may agree or as the Court may hereafter order.

(g) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Attorney's Eyes Only under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

   (i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

   (ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

   (iii) Disclosure may be made to any designated arbiter or mediator who is assigned to hear this matter.

   (iv) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

   (v) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be

subject to the provisions of this Order requiring that the documents and information be held in confidence.

(vi) Disclosure may be made to actual and potential deposition or trial witnesses in this case (including use in connection with the preparation of said witnesses). Voluntary witnesses must agree to the terms of this Order. Involuntary witnesses must be informed of the Order and its obligations. Transcripts involving the use of such documents should be labeled Confidential unless they are otherwise public.

(vii) Disclosure may be made to any other person or entity upon such terms and conditions as the Parties may agree or as the Court may hereafter order.

(h) Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as Confidential or Attorney's Eyes Only which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(i) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential or Attorney's Eyes Only under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" if those words do not already appear.

(j) Nothing in this Confidentiality Order shall limit the Parties' right to disclose their own information designated Confidential or Attorneys' Eyes Only, except that Respondents agree to treat as Confidential for the purposes of this action their records produced in this action that fall within the definition of Confidential information. Nor

shall anything in this Order preclude a Party from relying on or filing on the public record an information that is in the public domain or that has been obtained outside of discovery in this litigation, even if the same or similar information has been designated as Confidential or Attorney's Eyes Only under the auspices of this Order. Nothing in this Order shall be construed to restrict in any way the use of any federal records by a federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

2. <u>Confidential or Attorney's Eyes Only Information Filed with Court</u>. To the extent that any materials designated as Confidential or Attorney's Eyes Only under this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, the portions of those materials containing Confidential or Attorney's Eyes Only information shall be redacted by the filing party. Non-redacted versions shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion. Even if the filing party believes that the materials designated as Confidential or Attorney's Eyes Only are not properly classified as Confidential or Attorney's Eyes Only, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

3. <u>Party Seeking Greater Protection Must Obtain Further Order</u>. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order without further order. The production of classified materials will require a separate agreement.

4. <u>Challenging Designation of Confidentiality</u>. A designation of Confidentiality or Attorney's Eyes Only may be challenged upon motion. The burden of proving the Confidentiality or Attorney's Eyes Only designation is warranted remains with the designating party. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5. <u>Return of Confidential and Attorney's Eyes Only Material at Conclusion of Litigation</u>. Within 120 days after the conclusion of the litigation (i.e., after there is a final judgment no longer subject to appeal), all material designated as Confidential or Attorney's Eyes Only under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. If any party or its counsel retains Confidential or Attorneys' Eyes Only Information following the conclusion of this Litigation, it shall continue to be subject to this Confidentiality Order so long as the party retains such Confidential or Attorneys' Eyes Only Information, unless or until the designating party withdraws its claim of confidentiality or a court determines that the designating party's claim of confidentiality is invalid.

May 27, 2025

*[signature]*
J. Boasberg
Chief Judge