UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.G.G.**, *et al.*, <br><br>Plaintiffs, <br><br>**LIYANARA SANCHEZ**, as next friend on behalf of **FRENGEL REYES MOTA**, *et al.*, <br><br>Petitioners-Plaintiffs, <br><br>v. <br><br>**DONALD J. TRUMP**, *et al.*, <br><br>Respondents-Defendants. | Civil Action No. 25-766 (JEB) |

# ORDER

On June 4, 2025, this Court granted in part and denied in part the Motion for a Preliminary Injunction brought by Frengel Reyes Mota, Andry Jose Hernandez Romero, and four other noncitizens presently confined at the Terrorism Confinement Center (CECOT) in El Salvador. See ECF No. 147 (PI Order). Relevant here, the Court held that the Government violated the due-process rights of these Plaintiffs when it deported them to CECOT pursuant to the Alien Enemies Act before affording them a meaningful opportunity to challenge their deportation through a habeas corpus proceeding. See ECF No. 148 (PI Op.) at 33–39; Trump v. J.G.G., 145 S. Ct. 1003, 1006 (2025) (*per curiam*). The Court moreover held that these CECOT Plaintiffs could vindicate their due-process rights outside of a habeas proceeding, see PI Op. at 27–31, and that they could do so on behalf of a class comprising all noncitizens removed from U.S. custody and transferred to CECOT on March 15 and 16, 2025. Id. at 57–63.

The Court concluded that because the proper remedy for a violation of due process is providing the process that was due, the Government must "facilitate" the CECOT Class's ability to challenge their removal through habeas and "ensure that their cases are handled as they would have been if the Government had not provided constitutionally inadequate process." Id. at 67. "Mindful," however, of the sensitive "national-security and foreign-policy concerns" at play, the Court did not order Defendants to take any concrete steps. Id. It instead gave them a week to propose what actions they thought would be "appropriate." Id.; see id. at 69 (directing Defendants to submit a Notice "advising how they intend to facilitate the ability of the CECOT Class to seek habeas relief"); PI Order at 1 (same).

Six days later, Defendants appealed and sought to stay the Preliminary Injunction. On the afternoon of June 10, they filed an emergency motion with the Court of Appeals asking for an administrative stay and a stay pending appeal. See Emergency Motion for a Stay Pending Appeal and Administrative Stay, J.G.G. v. Trump, No. 25-5217 (D.C. Cir. June 10, 2025) (docketed 2:29 p.m.). They also — and, it appears, subsequently — asked this Court to stay the injunction pending appeal. See ECF No. 152 (PI Stay Mot.) (docketed 2:39 p.m.); id. at 2 (claiming that "this Court's immediate deadline" compelled "contemporaneous[]" filing of motions); but see Fed. R. App. P. 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal" unless doing so "would be impracticable."). Several hours later, the Court of Appeals entered an administrative stay "to give [it] sufficient opportunity to consider the emergency motion for a stay pending appeal." Per Curiam Order, J.G.G., No. 25-5217 (D.C. Cir. June 10, 2025).

In light of that development, the Court will deny Defendants' Motion as moot. Defendants have received the relief that they seek: the injunction is stayed. The fact that such

relief has been provided through an administrative stay rather than through a stay pending appeal does not alter the fact that for as long as the former remains in place, it would be pointless for this Court to weigh in the propriety of the latter.  If Defendants disagree, or if circumstances change, they can move this Court to reconsider their request.

    For the foregoing reasons, the Court ORDERS that Defendants' [152] Motion to Stay Pending Appeal is DENIED WITHOUT PREJUDICE.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  June 12, 2025