## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.G.G. et al., | Case No. 1:25-cv-00766-JEB |
| *Plaintiffs*; | |
| LIYANARA SANCHEZ, as next friend on behalf of FRENGEL REYES MOTA, et al., | |
| *Petitioners–Plaintiffs*, | |
| v. | **RESPONDENTS–DEFENDANTS' UNOPPOSED MOTION FOR CLARIFICATION OR STAY\*** |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| *Respondents–Defendants*. | |

---

\* In accordance with LCvR 7(m), Respondents' counsel has conferred with Plaintiffs' and Petitioners' counsel on this motion. Plaintiffs and Petitioners are unopposed.

**INTRODUCTION**

The responsive-pleading deadline of Rule 12(a)(2) does not apply in habeas proceedings. Instead, the federal statute provides that Respondents must file a return after this Court issues a writ of habeas corpus or an order to show cause why the writ should not issue. Respondents believe that the Court's preliminary injunction briefing schedule functionally operated as a show cause order. If that is not the case, however, Respondents seek the Court's clarification as to whether and when it intends to require Respondents to file a return. Respondents suggest that staying any return deadline until the resolution of Respondents' appeal of this Court's order granting a preliminary injunction would be in the interests of a just, speedy, and inexpensive disposition of this case, where the issues have evolved, the parties have already staked out their positions, and the question of this Court's subject-matter jurisdiction is pending on appeal.

**BACKGROUND**

On March 15, 2025, the President issued a Proclamation invoking the Alien Enemies Act to detain and remove members of Tren de Aragua ("TdA"), an entity that the State Department has designated a foreign terrorist organization. *Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua*, 90 Fed. Reg. 13,033. The Proclamation authorizes the detention and removal under the AEA of "all Venezuelan citizens 14 years of age or older who are members of TdA, are within the United States, and are not actually naturalized or lawful permanent residents of the United States." *Id.* § 1; *see also id.* § 3.

1

Also on March 15, five Venezuelan nationals detained at an immigration detention center in Texas sued in the District of Columbia to block the Government from removing them under the Proclamation. Although they initially sought relief under both the Administrative Procedure Act (APA) and by a writ of habeas corpus, those plaintiffs later dismissed their habeas claims at this Court's suggestion. ECF 20 at 22:1–3. This Court granted an injunction as to those plaintiffs, certified a class of "[a]ll noncitizens who were, are, or will be subject to the Alien Enemies Act Proclamation," and issued a second injunction as to that class. Second March 15 Minute Order.

The Government appealed both injunctions and filed emergency motions for stays pending appeal. A divided panel of the court of appeals denied a stay, each judge writing separately. *J.G.G. v. Trump*, No. 25-5067, 2025 WL 914682 (D.C. Cir. Mar. 26, 2025). The Supreme Court then vacated this Court's orders for lack of jurisdiction, finding that those plaintiffs' claims fell "within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 145 S. Ct. 1003, 1005 (2025).

On April 24, 2025, a new set of Petitioners, most of whom were already confined in El Salvador, then joined the case by bringing claims in habeas. *See generally* ECF 101. After jurisdictional discovery, this Court granted in part Petitioners' motions for preliminary injunction and class certification. ECF 147–48. Respondents appealed that order, which is presently administratively stayed by the D.C. Circuit pending the disposition of Respondents' motion for a stay of that order

pending appeal. *See J.G.G. v. Trump*, No. 25-5217, Doc. No. 2120161 (D.C. Cir. June 10, 2025).

## ARGUMENT

The Supreme Court made clear that this Court lacked jurisdiction over the original complaint because the claims were within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *J.G.G.*, 145 S. Ct. at 1005. As a result, Petitioners filed a new habeas petition with new petitioners and new defendants. ECF 101. Given the flexibility of proceedings in habeas, the Federal Rules of Civil Procedure do not strictly govern them. Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in a federal statute, . . . and (B) has previously conformed to the practice in civil actions."); *Harris v. Nelson*, 394 U.S. 286, 293–94 (1969) ("It is, of course, true that habeas corpus proceedings are characterized as 'civil.' But the label is gross and inexact. Essentially, the proceeding is unique. Habeas corpus practice in the federal courts has conformed with civil practice only in a general sense.").

Here, a federal statute supersedes the responsive-pleading timeline of Rule 12(a)(2). In habeas proceedings, the respondent need not file its responsive pleading—the return—until the court awards the writ or orders the respondent to show cause why the writ should not issue. 28 U.S.C. § 2243. Respondents have interpreted the Court's preliminary injunction scheduling order to effectively be a substitute for this process. Minute Order (Apr. 17, 2025). Otherwise, because this Court has neither awarded the writ or issued such a show-cause order, there is no pending deadline for a return. Respondents therefore seek clarification of this Court's intent for further

proceedings—whether and when this Court would intend to award the writ or issue a show-cause order, and whether and when this Court would have Respondents file any dispositive motion akin to a motion under Rule 12(b).

Such proceedings would not be necessary unless and until the D.C. Circuit sends down a mandate on Respondents' current appeal of this Court's order. ECF 147. Respondents' opposition to Petitioners' preliminary-injunction motion essentially acted as a factual return, denying that Respondents had custody of Petitioners. *See* 28 U.S.C. § 2243 ("The person to whom the writ or order is directed shall make a return certifying the true cause of the detention."). And this Court engaged in the factfinding contemplated by § 2243 already by permitting limited discovery and determining that Petitioners were not in Respondents' custody. *See* ECF 148 at 23–24. Respondents' opposition to the preliminary-injunction motion further served effectively as a motion to dismiss by denying the grounds for this Court's jurisdiction.

Further, postponing any further proceedings until after the resolution of Respondents' appeal would promote efficiency and conserve judicial resources, especially in light of the evolving issues, multiple appeals, and appellate stays in this case. Any such return would merely reassert Respondents' position—already accepted by this Court after discovery—that Respondents do not have custody of Petitioners. And any dispositive motion would reiterate Respondents' argument that this Court therefore lacks subject-matter jurisdiction over this case. Allowing the D.C. Circuit to resolve that issue on appeal would either end this case or sharpen the

issues remaining for this Court to resolve. Thus, neither a return nor a dispositive motion would currently serve the "just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1.

## CONCLUSION

This Court should clarify its intent as to whether and when it will require a return or a dispositive motion. Respondents further request that this Court stay further proceedings until after the D.C. Circuit sends down its mandate in the appeal of this Court's order (ECF 147). If this Court does intend to require a return, Respondents request the maximum time available under statute. And if this Court does intend to set a dispositive-motion deadline, Respondents request that deadline be set at least 30 days out.

Respectfully submitted,

**Brett A. Shumate**
Assistant Attorney General
Civil Division

**Yaakov M. Roth**
Principal Deputy Assistant Attorney General
Civil Division

**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation

**August Flentje**
Special Counsel for Immigration

s/Tiberius T. Davis

**Tiberius T. Davis**
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
tiberius.davis@usdoj.gov

**Anthony Nicastro**
Acting Director
Office of Immigration Litigation

**Ernesto Molina**
Deputy Director
Office of Immigration Litigation

Dated: June 17, 2025                    *Counsel for Respondents–Defendants*