# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LIYANARA SANCHEZ**, as next friend on Behalf of **FRENGEL REYES MOTA**, et al.,<br><br>Petitioners-Plaintiffs,<br><br>**J.G.G.**, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>**DONALD J. TRUMP**, in his official capacity as President of the United States, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Case No: 1-25-cv-00766-JEB**<br><br>RECEIVED<br>Mailroom<br><br>JUN 12 2025<br><br>Angela D. Caesar, Clerk of Clerk<br>U.S. District Court, District of Columbia |

## MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF CHALLENGING PETITONERS-PLAINTIFFS PROCEEDING UNDER PSEUDONYMS

Pursuant to Federal Rule of Civil Procedure 24(b)(2) ("permissive intervention") and Local Rule of Civil Procedure Rule 7(j), Paul M. Dorsey, *pro-se,* moves the Court to intervene in this action for the limited purposes of challenging two orders from this court that granted leave to plaintiffs and petitioners-plaintiffs to proceed under pseudonyms:  1) its Minute Order of March 15, 2025, which granted plaintiffs' Motion for Leave to Proceed Under Pseudonyms (see sealed ECF #2 and also its redacted version, ECF No. 100); and 2) its Memorandum Opinion and Order of May 8, 2025 (ECF #117), which granted petitioners-plaintiffs' Supplemental Motion For Leave to Proceed Under Pseudonyms (ECF #113).

Pursuant to a recent Supreme Court decision, this motion should be ruled upon expeditiously. *See A. A. R. P. v. Trump*, 605 U. S. \_\_\_\_ (2025) (a/k/a No. 24A1007) ("We recognize the significance of the Government's national security interests as well as the necessity

that such interests be pursued in a manner consistent with the Constitution.  In light of the foregoing, lower courts should address AEA cases expeditiously.")

Pursuant to Local Rule of Civil Procedure Rule 7(m), Dorsey conferred in good faith with counsel(s) for the plaintiffs and counsel(s) for the defendant.  Both Plaintiffs and Defendants stated that they oppose this motion to intervene.

Before discussing the specific points of law and authority that supports this motion, this Court should be aware of the somewhat awkward procedural posture before it.  Namely, that Dorsey has currently pending in the Court of Appeals for the District of Columbia Circuit an emergency motion for leave to intervene for the limited purpose of unsealing plaintiffs-appellees full names and motion to unseal (see filing on April 25, 2025 in *J.G.G., et al., v Donald J. Trump, et al.*, 25-5124).  That motion is NOT an appeal of this court's March 15th's Minute Order that granted pseudonym status to plaintiffs.  Rather, it's a motion challenging the plaintiffs-appellees use of pseudonyms in the appellate court.

By way of explanation, at the time of the mailing of Dorsey's motion to the appellate court, the plaintiffs' original motion to proceed under pseudonyms (ECF #2) was sealed and the sole judicial support of the plaintiffs pseudonym status was this Court's March 15 Minute Order.  That woefully insufficient Minute Order had perversely shielded the plaintiffs identities in this court and in three separate appeals to the Court of Appeals[1] (25-5067; 25-5068; and 25-5142) and one Supreme Court case (24A931 a/k/a 604 U.S. _____ (2025)) - with an additional application to the Supreme Court having been denied and a future *writ of certiorari* virtually guaranteed, regardless of how 25-5142 is eventually decided.

Local Circuit Rule 41.7(c) specifically allows the Appellate Court to decide the plaintiffs pseudonym status directly ("On appeals from the district court, the motion [to unseal] will

---

[1] Appeals 25-5067 and 25-5068 were consolidated shortly after their initial filing.

ordinarily be referred to the district court, and, if necessary, the record remanded for that purpose, but the court may, when the interests of justice require, decide that motion, and, if unsealing is ordered, remand the record for unsealing.") [brackets added].

Accordingly, with that Local Circuit Rule in mind, Dorsey filed an emergency motion to intervene in the Appellate Court. Dorsey's motion to intervene explicitly declined to speculate on what arguments were in plaintiffs original sealed motion and then speculate further on what the district court might have thought about those arguments. Instead, the motion asked the Appellate Court to 1) grant intervenor status to Dorsey; and 2) immediately deny the plaintiffs pseudonym status (clearly unlikely) or alternatively, require the plaintiffs to submit to the Appellate Court a totally new motion to proceed under pseudonyms – with Dorsey being allowed to respond to that new motion (an entirely reasonable request). Dorsey's motion to the Appellate Court also acknowledged the extreme time pressure faced by the District Court at the time of the original Minute Order, but pointed out that in the 40 days since the Minute Order had been issued, no full Opinion had yet been filed by the District Court.

On the day of the mailing, after the actual mailing, and presumably in response to Dorsey's anticipated motion to intervene (per local rule, Dorsey had previously conferred with both parties) plaintiffs filed in this court a redacted public version of its original sealed motion to proceed under pseudonyms (ECF #100). By doing so, plaintiffs thereby negated one of the premises of Dorsey's Motion to Intervene (namely, not wanting to speculate on what arguments were in the Plaintiffs' original motion to proceed under pseudonym).

On May 5, 2025 petitioners-plaintiffs ("petitioners") filed a supplemental motion in this Court to proceed under pseudonyms in order to cloak five new petitioners and four "next

friends" with anonymity (see ECF # 113)[2]. The supplemental motion does not supplement the original argument offered in support of the five original plaintiffs. Instead, the supplemental motion only offers argument in support of the new petitioners and their next friends.

On May 8, 2025, this court issued a Memorandum Opinion and Order that granted the moving petitioners and next friends their motion to proceed under pseudonyms (ECF #117).

Critically, the Opinion did NOT address the five original plaintiffs or expand on the original Minute Order so as to provide some reviewable rationale to support this court's granting of pseudonym status to the original plaintiffs.

Its been some three weeks since the Appellate Court docketed Dorsey's emergency motion to intervene on April 25, 2025. In that time, that Court has not ordered the plaintiffs to submit a new motion to proceed under pseudonyms, which would have been a rather simple task to perform. Nor have they *sua sponte* requested this court explain its Minute Order. Accordingly, whatever deference to procedural protocol that might have been owed to the Appellate Court has dissipated. At least in the mind of this *pro-se* movant.

This Court's Memorandum Opinion and Order is six days old. The petitioners are not before the Appellate Court. Dorsey's challenge to their use of pseudonyms can only be brought in this Court. And it is not logical to challenge the petitioners use of pseudonyms but ignore the plaintiffs use of pseudonyms. So, that is why this Court will be reviewing the five plaintiffs use of pseudonyms in the District Court at the same time the Appellate Court is reviewing the five plaintiffs use of pseudonyms in the Appellate Court.

---

[2] Petitioner D.A.R.H. (next friend to Andry Jose Hernandez Romero) does not appear to be included in the list of parties actually moving for permission to proceed under pseudonyms, nor in the discussion portion of the supplemental motion.

If this motion to intervene is granted, Dorsey will submit a single "Motion to 'Unproceed' Under Pseudonyms" substantially similar to the sample motion and memorandum attached as Exhibit 1.

In support of this emergency motion, Dorsey submits the below Memorandum of Law (which includes the proposed Motion to "Unproceed" Under Pseudonyms) and a proposed order for this emergency motion to intervene.

## Memorandum of Law

### ARGUMENT

It is well established under common law that nonparties have standing to intervene to gain public access to sealed court documents. See *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").

The Court of Appeals for the D.C. Circuit has stated "we construe Rule 24(b) as an avenue for third parties 'to have their day in court to contest the scope or need for confidentiality.' *Pansy* [*v. Borough of Stroudsburg,* 23 F.3d 772, 780 (3rd Cir. 1994)] . . . Accordingly, we hold that third parties may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)

"In order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Id*, citing *Beckman Industries, Inc. v. International Insurance Co.,* 966 F.2d 470, 473 (9th Cir. 1992).

In addition, courts also consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b)(3).

### 1. Dorsey Is Not Required to Establish An Independent Grounds for Subject Matter Jurisdiction.

"An independent jurisdictional basis is simply unnecessary when the movant seeks to intervene only for the limited purpose of obtaining access to documents covered by seal." *EEOC*, 146 F.3d at 1047. This logic fully applies to Dorsey's motion. And the reason for this exception is obvious: "[S]uch intervenors do not ask the district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise a power that it already has, namely the power to modify a previously entered confidentiality order." *Id*. Accordingly, Dorsey is not required to establish subject matter jurisdiction for his proposed intervention.

### 2. Dorsey's Motion Is Timely.

Whether a permissive intervention motion is timely requires consideration of "all the circumstances, especially the time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 19 (D.D.C. 2010). The timeliness requirement is "aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties." *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014). "Thus, even where a would-be intervenor could have intervened sooner, in assessing timeliness a court must weigh whether any delay in seeking intervention will 'unfairly disadvantage[ ] the original parties.'" *Id*

Dorsey's motion is timely because the time elapsed since the inception of the suit is under three months. In that three months, Dorsey energetically pursued his rights by attempting

to intervene in the Appellate Court (see discussion above at 1-4).  In addition, the Court's latest

Memorandum Opinion and Order (ECF #117) was only filed less than five weeks ago.

**3.    Whether the Plaintiff-Petitioners Should be Allowed to Proceed Under Pseudonyms Is a Common Question of Law or Fact.**

Rule 24's requirement of a common question is also liberally construed "when the

movant seeks to intervene for the collateral purpose of challenging a confidentiality order."

*EEOC*, 146 F.3d at 1047.  Courts routinely find that whether the record should be unsealed is

itself a common question of law. See, e.g., *Jessup v. Luther*, 227 F.3d 993, 999 (7th Cir. 2000)

("[C]onfidentiality is—in the language of Rule 24(b)(2)—a 'question of law . . . in common'

between the Parties and the [intervenor]."); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778

(3d Cir. 1994) ("By virtue of the fact that the [intervenors] challenge the validity of the Order of

Confidentiality entered in the main action, they meet the requirement of Fed. R. Civ. P. 24(b)(2)

that their claim must have 'a question of law or fact in common' with the main action.").

The D.C. Circuit permits nonparties to intervene for the limited purpose of unsealing

judicial records where the only common question is whether those documents should remain

sealed. *EEOC*, 146 F.3d at 1048 (finding that "[n]o particularly strong nexus of fact or law need

exist between the two suits when a nonparty seeks to intervene for the sole purpose of gaining

access to documents subject to a confidentiality order.").  In other words, this "[c]ircuit has

adopted a flexible reading of Rule 24(b)'s 'claim or defense' language, 'allowing intervention

even in situations where the existence of any nominate claim or defense is difficult to find.'" *Ctr.*

*for Biological Diversity v. EPA*, 274 F.R.D. 305, 312 (D.D.C. 2011).

These principles are rooted in common sense: if intervenors seeking access to judicial

records were required to demonstrate a common question beyond the issue of whether the sealing

should continue, then members of the public would effectively lack any mechanism to gain

access to such documents.  Such a result stands in stark contrast to the D.C. Circuit's mandate that "nonparties may permissively intervene for the purpose of challenging confidentiality orders." *EEOC*, 146 F.3d at 1045-46.  Accordingly, Dorsey's proposed "Motion to UnProceed Under Pseudonyms" presents a common question that supports granting permissive intervention.

**4.     Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Original Parties' Rights.**

The parties will not be delayed in these proceedings, since their underlying motion practice can continue concurrent with this movant's two motions (this Motion for intervention and his proposed Motion to Unproceed Under Pseudonyms).

The plaintiffs and petitioners will not be prejudiced by intervention, since their ability to proceed under pseudonyms was always contingent upon continual court approval: "[the plaintiffs] shall be permitted to proceed pseudonymously unless and until the assigned judge determines otherwise" Minute Order, March 15 and "[t]he Court will grant the Motion [to Proceed Under Pseudonym], subject to any further consideration by the United States District Judge to whom this case is randomly assigned." Memorandum Opinion and Order, May 8, 2025.

## CONCLUSION

For the above stated reasons, this Court should grant Movant leave to intervene.

Respectfully submitted

6/11/25

Paul M Dorsey

Paul M. Dorsey, *pro-se*
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
*p.dorsey@comcast.net*

Follows
Proposed Order / List of Attorneys to be Notified (2 pages / 3 pages)
Certificate of Service (3 pages)
Exhibit 1 (Proposed Motion to Unproceed Under Pseudonyms) (45 pages)