# Exhibit A

**U.S. Department of Justice**

Civil Division
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

BAS:YMR:DCE
39-16-3456.03

---

**VIA CM/ECF**                                                                June 26, 2025

Hon. Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue NW
Washington, DC 20001

      Re:   *J.G.G. v. Trump*, No. 25-5124

Dear Mr. Cislak:

      Defendants-Appellants file this letter in response to the letter filed by Plaintiffs-Appellees on June 25, 2025. That letter was improper and should be disregarded, if not stricken entirely.

      Federal Rule of Appellate Procedure 28(j) allows parties to submit "pertinent and significant authorities [that] come to a party's attention after the party's brief has been filed." Courts have repeatedly held that "Rule 28(j) is for the submission of legal 'authorit[y],' not new evidence." *Dodson Int'l Parts, Inc. v. Williams Int'l Co. LLC*, 12 F.4th 1212, 1231 n.8 (10th Cir. 2021); *see also Manley v. Rowley*, 847 F.3d 705, 710 n.2 (9th Cir. 2017) (explaining that the Rule is "not designed to bring new evidence through the back door").

The material that Plaintiffs filed—a letter on behalf of a former federal employee, styled as a whistleblower complaint—does not even qualify as "evidence," let alone "authority." It is a set of allegations, leaked to the press for political reasons and in violation of ethical duties, that the Government forcefully denies. It is also plainly irrelevant to the legal issues pending before the Court: (1) whether the district court's order unconstitutionally intrudes on the Executive's foreign affairs or prosecutorial authorities and (2) whether the district court's written order was unambiguous on its face. The only purpose of the letter is to smear the Government. The Court should therefore strike, or at minimum disregard, the submission. *See DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005) (striking 28(j) letter regarding another judge's factual findings because "[t]he Rule *cannot* be used to submit new *evidence* to the appeals court.").

        Respectfully submitted,

        s/Drew C. Ensign
        **Drew C. Ensign**
        Deputy Assistant Attorney General
        Office of Immigration Litigation
        Civil Division
        U.S. Department of Justice
        P.O. Box 878, Ben Franklin Station
        Washington, DC 20044-0878

(202) 514-2000
drew.c.ensign@usdoj.gov

*Counsel for Defendants-Appellants*