IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIYANARA SANCHEZ, as next friend on behalf of FRENGEL REYES MOTA, *et al.*,<br><br>*Petitioners–Plaintiffs*,<br><br>J.G.G., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants*. | Case No: 1:25-cv-00766-JEB |

**NOTICE OF UNITED NATIONS DOCUMENT**

Petitioners-Plaintiffs ("Petitioners") respectfully notify this Court of the attached document from the United Nations Office of the High Commissioner for Human Rights, Working Group on Enforced or Involuntary Disappearances ("WGEID"): a Report on Enforced or Involuntary Disappearances in the WGEID's four cases investigating the disappearances of four Venezuelan men, who were sent to El Salvador on March 15, 2025 (Ex. 1).[1] Petitioners provide both the original Spanish-language version and an English-language translation.

As set forth in the attached Report, the Government of El Salvador responded to the UN's inquiry opened by the four families asking about the disappearance of their family members:

---

[1] The attached exhibit has redacted personal identifying information for the four men discussed in the WGEID report. Petitioners can file an unredacted version of the exhibit under seal at the Court's request, with the exception of one of the cases for particular privacy reasons related to that individual.

1

> The Salvadoran State emphatically states that its authorities have not arrested, detained, or transferred the persons referred to in the communications of the Working Group. The actions of the State of El Salvador have been limited to the implementation of a bilateral cooperation mechanism with another State, through which it has facilitated the use of the Salvadoran prison infrastructure for the custody of persons detained within the scope of the justice system and law enforcement of that other State. **In this context, the jurisdiction and legal responsibility for these persons lie exclusively with the competent foreign authorities, by virtue of international agreements signed and in accordance with the principles of sovereignty and international cooperation in criminal matters.** In this regard, the actions attributable to the Salvadoran State are limited to its sovereignty and territorial jurisdiction, and therefore it cannot be held responsible for the failure to observe the principle of non-refoulement with respect to the persons mentioned.

Ex. 1 at 6, 9 (emphasis added).

This information came to Petitioners' attention within the last week, when counsel for Petitioners obtained the Spanish-language report from one of the families. Although the United States was aware of this document (as evinced by the fact that it was copied on the reports for all four cases), it was neither provided to Petitioners (even though it is clearly encompassed in Petitioners' Requests for Production) nor provided to the Court. Ex. 2 (Petitioners' Requests for Production, May 19, 2025) (RFP No. 1, requesting "ALL DOCUMENTS memorializing, documenting, or describing the arrangements between the UNITED STATES and EL SALVADOR concerning the detention of alleged Tren de Aragua Members in El Salvador").

This Court correctly held that, whether or not Respondents-Defendants have "constructive custody" of Petitioners for purposes of habeas jurisdiction, Respondents are required to "facilitate the ability of the CECOT Class to seek habeas relief." ECF No. 148 at 69. However, should it become necessary for Petitioners to pursue the "constructive custody" issue, Petitioners reserve the right to seek additional discovery in light of this new information, as well as Respondents' original inadequate discovery responses and this Court's acknowledgment that its constructive custody conclusion was predicated on "the current record." *See* ECF No. 148 at 23 (noting that

"[w]hile it is a close question, the current record does not support Plaintiffs' assertion that they are in the constructive custody of the United States").

Such additional discovery may be particularly important because this new evidence contradicts the underlying custody conclusion in the Kozak Declaration of May 9, 2025, which is dated after El Salvador's responses to the UN and after Petitioners sought habeas review (the date habeas attaches). Decl. of Michael G. Kozak, ECF No. 125 ¶ 9 ("It was and remains my understanding that the detention and ultimate disposition of those detained in CECOT and other Salvadoran detention facilities are matters within the legal authority of El Salvador in accordance with its domestic and international legal obligations."); *see Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) ("once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application").

Dated: July 7, 2025

Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo (D.D.C. Bar No. CA00219)
Cody Wofsy
Spencer Amdur
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org
mngo@aclu.org
cwofsy@aclu.org
samdur@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Aditi Shah (D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org
ashah@acludc.org

*Admission to DDC Bar pending

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Daniel Galindo (D.D.C. Bar No. NY035)
Ashley Gorski
Patrick Toomey
Sidra Mahfooz
Omar Jadwat
Hina Shamsi (D.D.C. Bar No. MI0071)
Michael K.T. Tan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
agorski@aclu.org
ptoomey@aclu.org
smahfooz@aclu.org
ojadwat@aclu.org
hshamsi@aclu.org
m.tan@aclu.org

Brian D. Netter (D.C. Bar No. 979362)
Bradley Girard (D.C. Bar No. 1033743)
Christine L. Coogle (DC Bar No. 1738913)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
bnetter@democracyforward.org
bgirard@democracyforward.org
ccoogle@democracyforward.org

*Attorneys for Petitioners-Plaintiffs*

4