# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIYANARA SANCHEZ, as next friend on behalf of FRENGEL REYES MOTA, *et al.*,<br><br>*Petitioners–Plaintiffs*,<br><br>J.G.G., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants*. | Case No: 1:25-cv-00766-JEB |

**PETITIONERS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 26.2, and the Court's order dated May 16, 2025 (ECF No. 128), Petitioners–Plaintiffs Frengel Reyes Mota, Andry Jose Hernandez Romero, J.A.B.V., M.A.O.R., G.A.A.A., and M.R.M., by their undersigned attorneys, request that Respondents Donald J. Trump, President of the United States; Pamela Bondi, Attorney General of the United States; Kristi Noem, Secretary of the U.S. Department of Homeland Security; U.S. Department of Homeland Security; Madison Sheahan, Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; U.S. Immigration and Customs Enforcement; Marco Rubio, Secretary of State; U.S. State Department; Pete Hegseth, Secretary of Defense; and U.S. Department of Defense (collectively, the "RESPONDENTS"), produce for inspection and copying responsive documents by May 23, 2025, at the offices of the American Civil Liberties Union Foundation, 125 Broad

Street, 18th floor, New York, New York, 10004, in accordance with the Definitions and Instructions set forth below. Petitioners–Plaintiffs request that each RESPONDENT produce separate responses to these Requests, with Bates labels corresponding to each producing RESPONDENT.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests are intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. "PETITIONERS" are Petitioners–Plaintiffs Frengel Reyes Mota, Andry Jose Hernandez Romero, J.A.B.V., M.A.O.R., G.A.A.A., and M.R.M., and all other non-U.S. citizens who were removed by the United States to El Salvador based solely on the Alien Enemies Act, 50 U.S.C. § 21, and sent to the Terrorism Confinement Center ("CECOT") in El Salvador in March 2025.

2. "CONCERN" and "CONCERNING" mean relating to, referring to, describing, evidencing, constituting, reflecting, memorializing, identifying, embodying, pertaining to, commenting on, discussing, analyzing, considering, containing, consisting of, indicating, supporting, refuting, or connected to.

3. "COMMUNICATION" means any transmission of information in the form of facts, ideas, inquiries or otherwise from one PERSON or entity to another by any means—including but not limited to meetings, telephone conversations, correspondence, memoranda, circulars, contracts, agreements, computer, radio, telegraph, electronic, email, instant message, text message, social media communications (including posts, direct messages, shared pictures, "likes," and comments on Facebook, Instagram, Snapchat, X (formerly Twitter), and all other similar social media), verbal, or any other actions intended to convey or actually conveying information or data.—whether sent or received by official or personal devices, accounts, websites, or other means.

4.     "DOCUMENT" shall have the broadest meaning ascribed to that term in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The term also includes any parent or child attachment or other documents embedded or linked in any way to a requested document. A draft or non-identical copy is a separate document within the meaning of the term "DOCUMENT." It includes but is not limited to any writing and any other tangible thing containing written, oral, or graphic matter, whether printed, recorded, reproduced by any process, or written or produced by hand, including but not limited to the original and any non-identical copy, including the following: letters; reports; agreements (including drafts, proposals and any of the exhibits thereto); communications, including inter-company communications, electronically transmitted data, electronically stored data, intra-mail, email, text messages, instant messaging, and the forms of recorded electronic communications which include but are not limited to social media posts and "walls" on accounts published or disclosed on media such as Facebook, Instagram, Snapchat, X (formerly Twitter), and other web-based or app-based social media content; correspondence; telegrams; teletype messages; memoranda; summaries; recordings; records of personal conversations; social media posts; diaries; forecasts; photographs; tape records; models; statistical statements; graphics; laboratory and engineering reports and notebooks; charts; plans; drawings; minutes; records of conferences; agendas; expressions or statements of policy; lists of persons attending meetings or conferences; reports; summaries of interviews; reports and/or summaries or investigations; inspections; opinions or reports of consultants; brochures; pamphlets; advertisements; circulars; trade letters; press releases; drafts of any documents and revisions of drafts of any documents; tabulations; charts; books of account; ledgers; invoices; financial statements; purchase orders; receipts; canceled checks and

things similar to the foregoing, however denominated by you or your agents. For the avoidance of doubt, DOCUMENTS shall include all COMMUNICATIONS.

5. "PERSON" is defined as any natural person or any business, legal or governmental entity, or association. References to any person include the person and any person or entity under that person's control, including any present and former components, subsidiaries, departments, offices, predecessors, successors, officers, directors, agents, employees, representatives, attorneys, consultants, contractors, and any aliases, code names, or trade or business names used by any of the foregoing.

6. "UNITED STATES" means the federal government of the United States, including but not limited to the United States Department of Justice ("DOJ"), United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE"), United States Customs and Border Protection ("CBP"), United States Department of State ("DOS"), United State Department of Defense ("DOD"), and any PERSON or entity acting on its behalf in an official capacity or under its control, including any present or former agencies, components, subsidiaries, departments, offices, predecessors, successors, officers, directors, agents, employees, representatives, attorneys, consultants, contractors, and any aliases, code names, or trade or business names used by any of the foregoing.

7. "YOU" or "YOUR" include the respondent agency, any present and former components, subsidiaries, departments, offices, predecessors, successors, officers, directors, agents, employees, representatives, attorneys, consultants, contractors, and any aliases, code names, or trade or business names used by any of the foregoing.

8. "EL SALVADOR" means its President Nayib Bukele, Vice President Félix Augusto Antonio Ulloa Garaythe, the government of El Salvador, and any PERSON or entity

acting on behalf of the government of El Salvador in an official capacity or under its control, including any present or former agencies, components, subsidiaries, departments, offices, predecessors, successors, officers, directors, agents, employees, representatives, attorneys, consultants, contractors, and any aliases, code names, or trade or business names used by any of the foregoing.

9. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request. The word "including" shall be construed to mean "without limitation," and shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the request.

10. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; the use of the word "including" shall be construed to mean "without limitation."

11. Singular, plural: Reference to the singular in any of these requests for admission shall also include a reference to the plural, and references to the plural shall also include a reference to the singular.

12. Verb tense: The use of a verb in any tense shall be construed to include the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed as outside the scope.

13. Where "United States" and "El Salvador" are not written as defined terms with all capital letters, they refer to the territory of the United States and the territory of El Salvador, respectively.

## INSTRUCTIONS

1. Responsive DOCUMENTS include those in YOUR possession, custody, or control.

2. Each DOCUMENT or tangible thing produced in response hereto shall be produced as it is kept in the ordinary course of business, including all file folders, binders, notebooks, and other devices by which such papers or things may be organized or separated, or it shall be organized and labeled to correspond with the Request(s) to which it is responsive. If the requested DOCUMENTS are maintained in a file, the file folder is included in the request for production of those DOCUMENTS.

3. DOCUMENTS that are in the form of electronically stored information are to be produced as follows: (1) in their native format; and (2) as single-page ".tiff" images with extracted text, whenever such text is available, and with accompanying optical character recognition files where extracted text is unavailable, and with all reasonably available metadata fields. Upon review of the production, PETITIONERS reserve their right to request that YOU produce additional metadata for particular DOCUMENTS, and that certain DOCUMENTS or things be produced in another format. This instruction may be superseded by the agreement of PETITIONERS and RESPONDENTS as to the appropriate format for production of electronically stored information.

4. All DOCUMENTS that are physically attached to each other shall be produced in that form. DOCUMENTS that are segregated or separated from other DOCUMENTS, whether

by inclusion in binders, files, or sub-files, or by the use of dividers, tabs, or any other method, shall be produced in that form. DOCUMENTS shall be produced in the order in which they were maintained.

5.      If any copy of any DOCUMENT is not identical to the original or any other copy thereof by reason of any alteration, marginalia, comment, or other material contained therein, thereon, or attached thereto, or otherwise, all such non-identical copies shall be produced separately. All copies of all COMMUNICATIONS should be produced, even if they appear identical.

6.      Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), if YOU object to a Request, the grounds for each objection must be stated with specificity. If an objection pertains to only a portion of a Request, a word, phrase, or clause contained within it, YOU must state the objection to that portion only and respond to the remainder of the request, using YOUR best efforts to do so.

7.      If, in responding to a Request, YOU encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8.      Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

9.      Whenever in a Request YOU are asked to identify or produce a DOCUMENT that is deemed by YOU to be properly withheld from production for inspection or copying:

   A.   If YOU are withholding the DOCUMENT under claim of privilege (including, but not limited to, the work product doctrine), please provide a log identifying each such document by specifying:

(i) The type of DOCUMENT (e.g., letter, memorandum, email, etc.) or some other means of accurately identifying it;

(ii) Its date, if any, or an estimate thereof, and so indicated as an estimate if no date appears on the DOCUMENT;

(iii) Its author(s), if any;

(iv) Its addressee(s), if any, and, where not apparent, the relationship between its author(s) and addressee(s);

(v) Each recipient and addresses of all PERSONS or entities to whom the DOCUMENT, thing, or copies thereof were circulated or its contents communicated, if any;

(vi) The general subject matter of the DOCUMENT; and

(vii) The nature of the claimed privilege so as to explain the basis asserted for withholding the DOCUMENT or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary.

B. If YOU are withholding the DOCUMENT for any reason other than an objection that it is beyond the scope of discovery, or that it is privileged, identify as to each DOCUMENT the information requested in paragraph 9A above, as well as the reason for withholding the DOCUMENT.

10. When a DOCUMENT contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible with the purportedly privileged material redacted.

11. If a privilege is asserted with regard to part of the material contained in a DOCUMENT, YOU must clearly indicate the portions as to which the privilege is claimed.

12. When a DOCUMENT has been redacted or altered in any fashion, identify as to each DOCUMENT the reason for the redaction or alteration, the date of the redaction or alteration, and the PERSON performing the redaction or alteration. Any redaction must be clearly visible on the redacted DOCUMENT.

13. Any DOCUMENT or things requested that cannot be produced in full should be produced to the extent possible, specifying the reasons for the inability to produce the remainder.

14. If any responsive DOCUMENT was, but is no longer in your possession or subject to your control, or in existence, state whether it is: (a) missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) otherwise disposed of. In each instance, explain the circumstances surrounding such disposition thereof, and state the date or approximate date your possession of or control over that document ceased.

15. These Requests are continuing so as to require prompt supplemental responses as required under Federal Rule of Civil Procedure 26(e) up to and including the time of trial of the present dispute. If YOU come into possession, custody, or control of responsive DOCUMENTS or things after the initial production, YOU should supplement the production by promptly producing such DOCUMENTS or things.

16. If a Request is silent as to the time period for which information is sought, YOUR response should include all DOCUMENTS or things created at any time from January 20, 2025, to the present and all DOCUMENTS or things CONCERNING events that occurred, in whole or in part, at any time from January 20, 2025, to the present.

17. For every Request in which YOU produce responsive DOCUMENTS or things, identify by reference to their agency-specific Bates label which particular DOCUMENT is responsive to which Request.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS memorializing, documenting, or describing the arrangements between the UNITED STATES and EL SALVADOR concerning the detention of alleged Tren de Aragua members in El Salvador.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between the UNITED STATES and EL SALVADOR concerning the matters identified in paragraph 9 of the declaration filed on May 9, 2025, in this matter. *See* Exhibit 1 to ECF No. 118.

Dated: May 19, 2025

Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo (D.D.C. Bar No. CA00219)
Cody Wofsy
Spencer Amdur
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org
mngo@aclu.org
cwofsy@aclu.org
samdur@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Aditi Shah (D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722

By: /s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Daniel Galindo (D.D.C. Bar No. NY035)
Ashley Gorski
Patrick Toomey
Sidra Mahfooz
Omar Jadwat
Hina Shamsi (D.D.C. Bar No. MI0071)
Michael K.T. Tan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
agorski@aclu.org
ptoomey@aclu.org
smahfooz@aclu.org
ojadwat@aclu.org
hshamsi@aclu.org
m.tan@aclu.org

Brian D. Netter (D.C. Bar No. 979362)
Somil B. Trivedi (D.C. Bar No. 1617967)

11

Washington, D.C. 20045  
(202) 457-0800  
aspitzer@acludc.org  
smichelman@acludc.org  
ashah@acludc.org  

*Admission to D.D.C. Bar pending

Bradley Girard (D.C. Bar No. 1033743)  
Michael Waldman (D.C. Bar No. 414646)  
Sarah Rich  
Skye Perryman (D.C. Bar No. 984573)  
Audrey Wiggins (DC Bar No. 482877)  
Christine L. Coogle (DC Bar No. 1738913)  
Pooja Boisture  
DEMOCRACY FORWARD FOUNDATION  
P.O. Box 34553  
Washington, DC 20043  
Phone: (202) 448-9090  
Fax: (202) 796-4426  
bnetter@democracyforward.org  
strivedi@democracyforward.org  
bgirard@democracyforward.org  
mwaldman@democracyforward.org  
srich@democracyforward.org  
sperryman@democracyforward.org  
awiggins@democracyforward.org  
ccoogle@democracyforward.org  
pboisture@democracyforward.org  

*Attorneys for Petitioners–Plaintiffs*