IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIYANARA SANCHEZ, as next friend on behalf of FRENGEL REYES MOTA, *et al.*, <br><br>*Petitioners–Plaintiffs*, <br><br>J.G.G., *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br>*Respondents–Defendants*. | Case No: 1:25-cv-00766-JEB |

**MEMORANDUM OF LAW IN SUPPORT OF
PETITIONERS-PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

## INTRODUCTION AND BACKGROUND

As part of its June 4 Memorandum Opinion, ECF No. 148 ("June 4 Op."), the Court certified a class of all noncitizens removed from the United States to the CECOT prison ("CECOT Class"). June 4 Op. at 63. On July 18, 2025, the entire class was transferred from CECOT to Venezuela. ECF No. 168-1 ¶ 7. In light of these changed circumstances, the D.C. Circuit vacated and remanded the June 4 Opinion. Per Curiam Order, *J.G.G. v. Trump*, No. 25-5217 (D.C. Cir. Aug. 8, 2025). The panel "express[ed] no opinion on what kind of class . . . may be appropriate in light of the changed circumstances." *Id.* at 6.

Accordingly, in conjunction with their renewed motion for preliminary injunction, Plaintiffs file this motion for class certification. Although circumstances have changed, certification of the same class—the 137 men removed to CECOT solely under the AEA on March 15 and 16—remains proper.[1] As this Court already found, "[t]he CECOT Plaintiffs easily surmount both of Rule 23's hurdles." June 4 Op. at 59.

## LEGAL STANDARD

Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). The "suit must satisfy the criteria set forth in [Rule 23(a)] (*i.e.*, numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Id.* Under Rule 23(b)(2), Plaintiffs must demonstrate that defendants "ha[ve] acted or refused to act on grounds that apply generally to the

---

[1] The government previously stated that the third flight included individuals who were not removed "solely" on the basis of the AEA, ECF No. 28-1 (Cerna Decl.) ¶ 6, raising further questions regarding how designation under the AEA has impacted individuals with Title 8 orders. Plaintiffs continue to reserve the right to pursue relief for these hybrid INA-AEA individuals. ECF No. 127 at 12 n.5.

1

class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (certification under Rule 23(b)(2) proper where "a single injunction or declaratory judgment would provide relief to each member of the class").

**ARGUMENT**

I.  **THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23(A).**

The proposed class satisfies the requirements of Rule 23(a) for the same reasons identified by the Court in its June 4 Opinion.

The proposed class is sufficiently numerous to make joinder impracticable. Fed. R. Civ. P. 23(a)(1). Although "[t]here is no specific threshold that must be surpassed in order to satisfy the numerosity requirement," "courts in this jurisdiction have observed that a class of at least forty members is sufficiently large to meet this requirement." *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007) (quotation omitted). At least 137 individuals were removed under the AEA to CECOT without any semblance of due process—far more than 40. June 4 Op. at 59. Moreover, the numerosity requirement takes into account "non-numerical considerations" that affect the ability of petitioners to bring individual suits. *J.D. v. Azar*, 925 F.3d 1291, 1323 (D.C. Cir. 2019). Many proposed class members are pro se, are indigent, have limited English proficiency, and/or have a limited understanding of the U.S. judicial system. *See, e.g.*, *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) ("financial resources of class members" and "ability of claimants to institute individual suits" are relevant to practicability of joinder); *U.S. ex rel. Morgan v. Sielaff*, 546 F.2d 218, 222 (7th Cir. 1976) ("Only a representative proceeding avoids a multiplicity of lawsuits and guarantees a hearing for individuals, such as many of the class members here, who by reason of ignorance, poverty, illness or lack of counsel may not have been

2

in a position to seek one on their own behalf."); Newberg & Rubenstein on Class Actions § 4:35 (6th ed.) (discussing "critical safeguards for class members that certification alone can provide"). Their location in Venezuela makes pursuing individual relief inherently more challenging, due to the difficulty of maintaining confidential communication with counsel and navigating U.S. court systems from abroad, as well as potential security concerns raised by pursuing a claim to leave an authoritarian country. *See* Exh. B ¶ 11; Exh. C ¶¶ 14-17, 21;[2] *see also Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Service to the U.S. v. Pompeo*, 334 F.R.D. 449, 459 (D.D.C. 2020) (joinder is impracticable when class members "are geographically dispersed internationally"); *Robidoux*, 987 F.2d at 936 (same).

The claims asserted by the proposed class include common questions of law and fact that satisfy Rule 23(a)(2). As this Court already recognized, class members have "'suffered the same injury' — removal to CECOT without adequate notice and an opportunity to file a habeas petition— and their claims 'depend upon a common contention' — namely, that those actions violated their procedural-due-process rights." June 4 Op. at 59 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982), then *Wal-Mart*, 564 U.S. at 350). And this Court has already held that differences among class members with respect to other issues, such as the evidence to support their TdA designation or whether they are removable under a different provision of law, "are irrelevant to whether each Class member was removed from the United States before he could 'actually seek habeas relief.'" *Id.* at 59-60 (quoting *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025)). Class members also have identical claims challenging the validity of the Proclamation under which

---

[2] *See also* Samantha Schmidt et al., *'Welcome to Hell': Inside the Megaprison Where the U.S. Deported Migrants*, Wash. Post (July 31, 2025) (CECOT transferee "was warned that if he fled again and was deported back, he could be charged with treason"), *available at* https://perma.cc/Q5VE-9NRM.

they were removed. *See* ECF No. 101 (Am. Compl.), ¶¶ 109–148. Because proposed class members pursue multiple identical claims that raise common questions and implicate the same injury, Plaintiffs easily establish commonality.

For the same reason, Plaintiffs' common claims are typical of the proposed class. Fed. R. Civ. P. 23(a)(3); *see also Wal-Mart*, 564 U.S. at 349 n.5 (the "commonality and typicality requirements of Rule 23(a) tend to merge" (quoting *Falcon*, 457 U.S. at 157 n.13)). As this Court observed, "[e]ach named Plaintiff alleges that he was removed from the United States to CECOT, and the Complaint asserts that all members of the putative CECOT Class (named Plaintiffs included) received similarly unconstitutional notice and no practical opportunity to file a habeas petition prior to removal." June 4 Op. at 60 (citation omitted). The fact that Plaintiffs and putative class members are now in Venezuela, not CECOT, does not change the nature or substance of Plaintiffs' claims which, like those of the putative class members, are premised on their unconstitutional removal under the AEA. That is sufficient to satisfy typicality.

Finally, Plaintiffs and the undersigned counsel fulfill the adequacy requirement. Fed. R. Civ. P. 23(a)(4) (adequacy of class representatives); Fed. R. Civ. P. 23(g) (adequacy of class counsel). Defendants did not contest adequacy in responding to the prior class certification motion, *see generally* ECF No. 114, and the Court has previously recognized that Plaintiffs meet the adequacy prong, June 4 Op. at 61. The same remains true now. There are no differences that create conflicts between Plaintiffs and class members, and proposed class counsel includes experienced attorneys with extensive experience in complex immigration cases and class action litigation. *See* ECF No. 103-2 (Galindo Decl.).

## II. THE PROPOSED CLASS SATISFIES RULE 23(B)'S REQUIREMENTS.

Class certification is also proper under Rule 23(b)(2). This Court has already recognized that "Defendants have acted 'on grounds that apply generally to the class' by summarily removing them to CECOT under a single statutory authority," and that "injunctive relief — *e.g.*, mandating an opportunity to challenge that authority — 'is appropriate respecting the class as a whole.'" June 4 Op. at 61 (quoting Fed. R. Civ. P. 23(b)(2)). Plaintiffs continue to assert the same injury and request the same relief that falls in "the heartland of Rule 23(b)(2)." *Id.* at 62. And concerns about due process being "flexible" have no bearing here, where "the same injury — denial of the right to seek habeas relief"—"would be redressable by the same injunction mandating that they receive such opportunity." *Id.* at 61-62.

## III. ALTERNATIVELY, A CLASS CAN ALSO BE CERTIFIED UNDER HABEAS EQUITY PRINCIPLES.

A habeas class may be maintained either under Rule 23 or in equity informed by Rule 23 principles. *See, e.g.*, *LoBue v. Christopher*, 82 F.3d 1081, 1085 (D.C. Cir. 1996) ("If . . . he meant to claim that there is no equivalent to class actions in habeas, he was wrong, for courts have in fact developed such equivalents."); *Streicher v. Prescott*, 103 F.R.D. 559, 561 (D.D.C. 1984) ("although the precise requirements of Fed. R. Civ. P. 23 do not apply to habeas corpus proceedings, analogous procedures have been utilized in habeas actions"); *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d Cir. 1974) (the Supreme Court "confirms the power of the judiciary, under the All Writs Act, . . . to fashion for habeas actions 'appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage'" (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *Bijeol v. Benson*, 513 F.2d 965, 968 (7th Cir. 1975) (agreeing with *Sero* that "a representative procedure analogous to the class action provided for in Rule 23 may be appropriate in a habeas corpus action" like the one at issue); *Williams v. Richardson*, 481 F.2d 358, 361 (8th

Cir. 1973) ("under certain circumstances a class action provides an appropriate procedure to resolve the claims of a group of petitioners and avoid unnecessary duplication of judicial efforts"); *Mead v. Parker*, 464 F.2d 1108, 1112-13 (9th Cir. 1972) ("there can be cases, and this is one of them, where the relief sought can be of immediate benefit to a large and amorphous group. In such cases, it has been held that a class action may be appropriate"); *Napier v. Gertrude*, 542 F.2d 825, 827 & n.2 (10th Cir. 1976) (recognizing "class treatment" with "reference to Rule 23 in proper circumstances"); *see also Hamama v. Adducci*, 912 F.3d 869, 879 (6th Cir. 2018) (noting classwide habeas still available notwithstanding INA provision barring classwide injunctive relief). Additionally, the Supreme Court has ruled on the merits in class habeas cases. *See, e.g.*, *Johnson v. Guzman Chavez*, 594 U.S. 523, 532 (2021); *Nielsen v. Preap*, 586 U.S. 392, 400 (2019); *Jennings v. Rodriguez*, 583 U.S. 281, 290 (2018).

## CONCLUSION

The Court should again certify the proposed class.

Dated: October 15, 2025

Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
Spencer Amdur
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org
mngo@aclu.org
cwofsy@aclu.org
samdur@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Aditi Shah (D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org
ashah@acludc.org

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, D.C. 20005
(212) 549-2500
Khuddleston@aclu.org

*Barred in Texas and Arizona only; supervised by a member of the D.C. Bar

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Daniel Galindo (D.D.C. Bar No. NY035)
Ashley Gorski
Patrick Toomey
Sidra Mahfooz
Omar Jadwat
Hina Shamsi (D.D.C. Bar No. MI0071)
Michael K.T. Tan
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
agorski@aclu.org
ptoomey@aclu.org
smahfooz@aclu.org
ojadwat@aclu.org
hshamsi@aclu.org
m.tan@aclu.org

Brian D. Netter (D.C. Bar No. 979362)
Bradley Girard (D.C. Bar No. 1033743)
Christine L. Coogle (DC Bar No. 1738913)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
bnetter@democracyforward.org
bgirard@democracyforward.org
ccoogle@democracyforward.org

*Counsel for Petitioners–Plaintiffs*