# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

_____
                                            )
J.O.P., *et al.*,                           )
                                            )
      Plaintiffs,                       )
                                            )
v.                                          )   Case No. 8:19-cv-01944-SAG
                                            )
U.S. DEPARTMENT OF HOMELAND                 )
SECURITY, *et al.*                          )
                                            )
      Defendants.                       )
_____)

**JOINT STATUS REPORT IN RESPONSE TO THE COURT'S
JULY 22, 2025 ORDER**

On July 22, 2025, the Court issued an order directing the parties to file a joint weekly status report apprising the Court of developments in the parties' discussions regarding the return of Cristian to the United States for an adjudication on the merits of his asylum application by USCIS. *See* ECF No. 358.

**Defendants' Position**

Based on Class Counsel's representation below, Cristian does not wish to return to the United States. Defendants intend to file a motion to dissolve by next Friday, August 22, 2025.

On August 13, 2025, at 1:00pm EDT, the parties met and conferred via videoconference for the fourth time since the Court's July 22, 2025 order. At that meeting, Class Counsel again declined to answer whether Cristian wishes to return to the United States. Class Counsel did provide information on what identification and/or travel documents Cristian possesses. Defendants' question as to Cristian's location in Venezuela remains pending as of July 22, 2025. Class Counsel advised that they shared the government's responses to Class Counsel's eight questions with Cristian last week, and Class Counsel submitted two additional inquiries to Defendants. Defendants responded to the two additional requests on August 14, 2025.

1

Per Class Counsel's representation that Cristian's interest in returning to the United States is "undermined" by his return to immigration detention, Defendants are unable to make any further efforts to facilitate Cristian's return. Contrary to Class Counsel's representations, the status quo ante is return to immigration detention during completion of asylum adjudication, and any challenges to such detention are premature and beyond this Court's jurisdiction to enforce the settlement agreement. As noted in the last two Joint Status Reports, *see* ECF Nos. 366 and 368, Defendants flagged for the Court and Plaintiffs that they intend to file a motion to dissolve this Court's order regarding facilitation of return issued on April 23, 2025 (ECF No. 254), as moot. Accordingly, Defendants intend to oppose any motion for abeyance.

**Class Counsel's Position**

As previously relayed, Cristian endured prolonged abuse in the four months he was detained in CECOT in El Salvador, and is still processing that trauma. At the parties' meet and confer on August 13, Class Counsel informed Defendants that consistent with counsel's duty to support informed and voluntary decision-making by a Class Member, Class Counsel has devoted significant time to identifying pro bono therapeutic services specifically designed to support survivors of torture, and recently secured such services for Cristian. As explained to Defendants repeatedly, Cristian requires support for his recovery as well as time for his recovery.

Class Counsel has not represented that "Cristian does not wish to return to the United States." Class Counsel has repeatedly explained that it is the government's representations of how he will be treated upon his return that have undermined Cristian's interest in returning to the United States to receive his asylum adjudication. Most significant among these concerns, to date, Defendants have maintained that Cristian will be detained upon return. At the parties' August 13 meet and confer, Class Counsel explained their position that re-detaining Cristian on his return would not restore him to the status quo ante and would jeopardize his access to a full and fair

2

adjudication on the merits in the context of the prolonged torture he endured while detained at CECOT. Defendants have declined to explain their unwillingness to consider any of the alternatives to detention that DHS employs.

Cristian needs additional time to fully consider his options—including under what conditions he believes he could safely make a return. In stating that they intend to file a motion next week to dissolve this Court's April 23, 2025 Order, it appears that Defendants wish to pressure Cristian into making a quick decision, with no regard for the prolonged abuse he endured for four months at CECOT. Cristian needs additional time to consider his options while he is recovering from abuse that would not have occurred if Defendants had complied with the Court-ordered Settlement Agreement. Class Counsel respectfully requests that, rather than dissolve this Court's Order, the Court could hold the order in temporary abeyance to allow Cristian adequate time to consider his options and to make an informed decision about return. Class Counsel proposed an abeyance to Defendants during the parties' August 13 meet and confer, and on August 14, Defendants responded that they will oppose any request for an abeyance.

Class Counsel will remain in frequent communication with Cristian and will inform Defendants and the Court of any further developments.

DATED: August 15, 2025

Respectfully Submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
National Security Section

3

YAMILETH G. DAVILA
*Assistant Director*

RUTH ANN MUELLER
*Senior Litigation Counsel*

RICHARD G. INGEBRETSENE
BRANDON D. ZELLER
KELARK AZER HABASHI
*Trial Attorneys*

*/s/ Erhan Bedestani*
Erhan Bedestani (MN Bar 0504824)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington D.C. 20044
T: (202) 598-7451
erhan.bedestani2@usdoj.gov
*Counsel for Defendants*

*/s/*
*Attorneys for Plaintiffs and the Class*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com



Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2025, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

                                         */s/ Erhan Bedestani*
                                         Erhan Bedestani (MN Bar 0504824)
                                         *Trial Attorney*
                                         U.S. Department of Justice, Civil Division
                                         Office of Immigration Litigation