IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIYANARA SANCHEZ, as next friend on behalf of FRENGEL REYES MOTA, *et al.*,

*Petitioners–Plaintiffs*,

J.G.G., *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

*Respondents–Defendants*.

Case No: 1:25-cv-00766-JEB

**PETITIONERS–PLAINTIFFS' REPLY IN SUPPORT OF
RENEWED MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

    I. PLAINTIFFS SATISFY THE RULE 23 REQUIREMENTS TO CERTIFY A CLASS ..... 2

        A. The Proposed Class Meets the Requirements Under Rule 23(a). .............................. 2

        B. The Proposed Class Meets the Requirements of Rule 23(b)(2). ................................ 6

    II. A HABEAS CLASS ACTION IS ALSO PROPER. ........................................................... 7

CONCLUSION ............................................................................................................................... 10

## INTRODUCTION

Certification remains proper for the class of 137 men removed to the Terrorism Confinement Center ("CECOT") in El Salvador solely under the Aliens Enemy Act ("AEA") on March 15 and 16, 2025. Their subsequent transfer to Venezuela does not change the fact that class members all bring multiple identical claims that raise common questions properly addressed in a class action.

As set forth in Plaintiffs-Petitioners' ("Plaintiffs") preliminary injunction briefs, this Court has jurisdiction to decide Plaintiffs' due process claim in equity (as it previously found) as well as in habeas (because the current record satisfies the constructive custody requirement). The government spends considerable time arguing that there is no such thing as a habeas class. But every court to address the question has concluded otherwise. The government then argues that whether the Court proceeds in equity or habeas, the standard Rule 23 requirements have not been met. But Plaintiffs "easily surmount" Rule 23's requirements for the same reasons identified by this Court in its June 4 Opinion. *See* ECF No. 148 ("June 4 Op.") at 59.

Defendants-Respondents' ("Defendants") main Rule 23 argument is that purported differences within the proposed class preclude classwide treatment. But threshold questions like whether Defendants violated class members' due process rights are common questions that would generate common answers as to all members, and the factual distinctions highlighted by Defendants "are irrelevant." June 4 Op. at 59-60. And class certification here, whether in habeas or equity, is not only appropriate but necessary to allow class members to actually obtain judicial review and relief.

1

**ARGUMENT**

I.   **PLAINTIFFS SATISFY THE RULE 23 REQUIREMENTS TO CERTIFY A CLASS.**

   A.  **The Proposed Class Meets the Requirements Under Rule 23(a).**

Defendants point to possible differences between class members that are similar to ones that they previously raised (and the Court found not to impede class certification). *Compare* ECF No. 183 ("Opp.") at 13-16, *with* Defs.' Opp. to Class Cert., ECF No. 114 at 17-18. Class members are "united by common questions of law or fact" and "suffered the same injury" and "their claims depend upon a common contention." June 4 Op. at 59 (cleaned up); *see also Damus v. Nielsen*, 313 F. Supp. 3d 317, 332-33 (D.D.C. 2018) (factual variations among the class members will not defeat the commonality requirement where there is a single common question); *Davis v. U.S. Parole Comm'n*, No. 1:24-cv-01312 (TNM), 2025 WL 457779, at *5 (D.D.C. Feb. 11, 2025) (similar). And it is black-letter law that a class can litigate common claims, like the legality of a policy, and save any individualized back-end claims for later litigation. *See* 6 Newberg & Rubenstein on Class Actions § 18:17 (6th ed. 2025); 18A Wright & Miller's, Fed. Prac. & Proc. Juris. § 4455.2 (3d ed. 2025). Defendants still fail to grapple with this basic feature of class action law.

As this Court previously recognized, and as Plaintiffs have explained in their opening brief (ECF No. 177-1 at 3-4), members of the proposed class "all assert that they were summarily removed in a manner that vitiated any practical opportunity to file a habeas petition." June 4 Op. at 60. The individualized circumstances Defendants point to—*e.g.*, whether a member might be barred from entry to the U.S. under a different provision of law or what evidence members have as to their asylum claims or collateral harms, Opp. 13-16—do not affect the threshold common questions regarding the legality of class members' removal under the AEA. *See* June 4 Op. at 60

("To provide common relief, moreover, there is no need to 'delve into the specific facts of each alien's case,' because the Class members are similarly situated with regard to the due-process violation providing the injury at the heart of each claim." (citation omitted)); *see also* ECF No. 127 at 4-5 (collecting cases demonstrating such individual factual determinations do not defeat certification and are routinely addressed in later litigation).

Thus, as this Court has *already held*, minor differences among class members "are irrelevant to whether each Class member was removed from the United States before he could 'actually seek habeas relief.'" June 4 Op. at 59-60 (quoting *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025)). And this Court has similarly already considered and rejected the government's argument that the "flexible" nature of due process defeats class certification under the circumstances of this case, where "the same injury—denial of the right to seek habeas relief"—"would be redressable by the same injunction mandating that they receive such opportunity." *Id*. 61-62; *see also* ECF No. 127 at 6-7 (collecting AEA and other cases where courts considered and provided categorical guidance as to what due process requires); *A.A.R.P. v. Trump*, 605 U.S. 91, 95 (2025) (holding that 24-hours notice for the putative class—more notice than the proposed class here received—"surely does not pass muster").

Plaintiffs' claims are also typical of the proposed class for the same reason. *See* June 4 Op. at 60. The fact that Plaintiffs and putative class members are now in Venezuela does not change the nature or substance of Plaintiffs' claims which, like those of the putative class members, are premised on their unconstitutional removal under the AEA. *Id*.; *see also J.D. v. Azar*, 925 F.3d 1291, 1321 (D.C. Cir. 2019) (affirming class certification where the class members' entitlement to relief "is entirely unaffected by the myriad factual differences noted by the government").

Courts have affirmed time and time again that class certification does not hinge upon whether every member benefits equally from class relief, as long as the threshold issues and potential relief are the same. *See J.D.*, 925 F.3d at 1321; *Damus*, 313 F. Supp. 3d at 332 (noting that while "the circumstances of [class members] may vary, . . . they have sufficiently identified a common cause and injury" and government's argument that some class members were already released did not defeat certification); *Abdi v. Duke*, 323 F.R.D. 131, 141 (W.D.N.Y. 2017) (rejecting government's contention that "the claims require individualized factual determinations"), *class decertified on other grounds*, 405 F. Supp. 3d 467 (W.D.N.Y. 2019); *Borum v. Brentwood Vill., LLC*, 324 F.R.D. 1, 15–16 (D.D.C. 2018) (no requirement under Rule 23 that "all members of the putative class will be affected by the policy in the same way").

Defendants' attempt to defeat numerosity with sheer speculation that not enough class members have established asylum or actively seek to return to the United States. But that speculation is completely irrelevant to the threshold question of whether enough individuals were unconstitutionally removed on March 15 and 16 pursuant to the AEA such that joinder is impracticable to satisfy numerosity. *See J.D.*, 925 F.3d at 1312-15 (rejecting government's argument that some class members may not seek the purported relief as irrelevant to numerosity and noting "the history of the Rule confirms the propriety of certifying the class even if some members may be uninterested in pressing the claims"). All class members were removed on March 15 or 16 without due process pursuant to the AEA, and Plaintiffs' claim is that all of them are entitled to due process, regardless of what the ultimate outcome of that process will be for the individual members. *See Davis*, 2025 WL 457779, at *5 (certifying class where class members subject to same denial of process, even if result of relief to class members may vary). The class of

4

over 130 individuals continues to be sufficiently numerous such that joinder is impracticable. *See* June 4 Op. at 59.

Further, the numerosity requirement takes into account "non-numerical considerations" that affect the ability of plaintiffs to bring individual suits. *J.D.*, 925 F.3d at 1323. Class size can be "satisfied without precise numbers" and can be speculative so long as joinder is impracticable. *See Kifafi v. Hilton Hotels Retirement Plan*, 189 F.R.D. 174, 176 (D.D.C.1999). Where proposed class members are dispersed in a foreign country, pro se, indigent, have limited English proficiency, and/or have a limited understanding of the U.S. judicial system, and fear retaliation if they file individually, joinder is especially impractical. *See Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) ("financial resources of class members" and "ability of claimants to institute individual suits" are relevant to practicability of joinder); June 4 Op. at 59 (taking into consideration class members' "challenges in procuring legal representation" and finding joinder impracticable).

The class is also ascertainable: the government has already conceded that all class members that were sent to CECOT pursuant to the AEA are now in Venezuela. Defs.' Resp. to Mot. to Suppl. at 1, *J.G.G. v. Trump*, No. 25-5217 (D.C. Cir. July 23, 2025) (government noting that "all of the class members are now in Venezuela"). And the government surely knows whom it sent to CECOT under the AEA. *See* June 4 Op. at 62 (rejecting the government's arguments on ascertainability, holding that "the Class is simply whoever there was removed from U.S. custody [to CECOT] — a group Defendants concede is ascertainable").[1]

---

[1] Also, "[i]t is far from clear, . . . that there exists in this district a requirement that a class certified under Rule 23(b)(2) must demonstrate ascertainability to merit certification." ECF No. 127 at 13 (citing *O.A. v. Trump*, 404 F. Supp. 3d 109, 159 (D.D.C. 2019) (cleaned up)).

## B. The Proposed Class Meets the Requirements of Rule 23(b)(2).

For similar reasons, certification under Rule 23(b)(2) is appropriate. *See Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 47 n.17 (D.D.C. 2007) ("An inquiry into whether the defendant acted on grounds generally applicable to the 23(b)(2) class is often considered to be encompassed by the commonality requirement of Rule 23(a)[.]"); *DL v. District of Columbia*, 860 F.3d 713, 726 (D.C. Cir. 2017) ("Rule 23(b)(2) exists so that parties and courts, especially in civil rights cases like this, can avoid piecemeal litigation when common claims arise from systemic harms that demand injunctive relief.").

As long as a "single injunction" can remedy the harm class members face, class certification under Rule 23(b)(2) is proper. *DL*, 860 F.3d at 726. And as this Court previously concluded, Defendants "acted 'on grounds that apply generally to the class' by summarily removing them to CECOT under a single statutory authority, and injunctive relief—*e.g.*, mandating an opportunity to challenge that authority—'is appropriate respecting the class as a whole.'" June 4 Op. at 61 (citing Fed. R. Civ. P. 23(b)(2); see also *J.D.*, 925 F.3d at 1314-15); *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 182 (D.D.C. 2015) ("A determination of whether that policy is unlawful would resolve all class members' claims 'in one stroke'" (quoting *Wal-Mart*, 564 U.S. at 350)).

Defendants' reliance on *Reid v. Donelan,* 17 F.4th 1 (1st Cir. 2021), Opp. 18, is misplaced. In *Reid,* the First Circuit found class certification inappropriate because it had considered and rejected, on a classwide basis, a bright-line rule for when prolonged detention violates due process. *See* 17 F.4th at 5. Here, in contrast, each of the Plaintiffs suffered an identical due process violation: they received *no* notice or opportunity to challenge their removal and designation as a TdA member. *See* June 4 Op. 59; *see, e.g.*, *Califano v. Yamasaki*, 442 U.S. 682, 698-701 (1979) (highlighting "the need for case-by-case adjudication" of individualized claims *following*

6

resolution of the common challenge to the agency's notice and hearing procedure); *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991) (resolving claim that arrest procedures were categorically deficient, while acknowledging that as-applied claims "in a particular case" would vary with context).[2]

## II.  A HABEAS CLASS ACTION IS ALSO PROPER.

The government contends that even if the Court finds the Rule 23 factors satisfied (as they are), this suit cannot proceed as a class action because habeas class actions are categorically barred. Opp. 5-11. As a threshold matter, there is no dispute that Plaintiffs can proceed as a class on their equitable cause of action.

Class certification is also proper for Plaintiffs' habeas claims, as multiple district courts have recently found in certifying AEA habeas classes. *See, e.g.*, *J.A.V. v. Trump*, 349 F.R.D. 152 155156 (S.D. Tex. 2025); *G.F.F. v. Trump*, 348 F.R.D. 586, 588 (S.D.N.Y. 2025), *amended*, 2025 WL 1166909 (S.D.N.Y. Apr. 11, 2025); *D.B.U. v. Trump*, 349 F.R.D. 228, 241 (D. Colo. 2025); *M.A.P.S. v. Garite*, 349 F.R.D. 631, 636 (W.D. Tex. 2025).

More generally, every circuit court to address the issue, including the D.C. Circuit, has held that habeas petitioners can litigate common claims as a class. *See, e.g.*, *LoBue v. Christopher*, 82 F.3d 1081, 1085 (D.C. Cir. 1996); *Bijeol v. Benson*, 513 F.2d 965, 968 (7th Cir. 1975); *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d Cir. 1974); *Williams v. Richardson*, 481 F.2d 358, 361 (8th

---

[2] Defendants broadly assert concerns about certifying a class in the context of mandatory injunctions, Opp. 18-19, but such concerns are misplaced here where members are seeking a classwide opportunity to obtain relief that would neither harm nor injure any member who chooses not to seek such relief. Further, their reliance on both *Berni v. Barilla S.p.A.*, 964 F.3d 141 (2d Cir. 2020) and *Huashan Zhang v. USCIS*, 978 F.3d 1314 (D.C. Cir. 2020), Opp. 19, is misplaced. In *Berni*, the court denied class certification because the proposed class members had not identified a harm warranting injunctive relief. 964 F.3d at 147-48. And in *Huashan Zhang*, the Court *certified* a class under Rule 23(b)(2) for the same reasons as applicable here: that the "claims of all class members arose from the same course of conduct." 978 F.3d at 1318.

Cir. 1973); *Mead v. Parker*, 464 F.2d 1108, 1112-13 (9th Cir. 1972); *Napier v. Gertrude*, 542 F.2d 825, 827 & n.2 (10th Cir. 1976); *see also* Lee Kovarsky & D. Theodore Rave, *Habeas Class Actions*, 139 Harv. L. Rev. ___, at *11 (forthcoming 2026), https://perma.cc/X5SP-5SCF (noting that "[a]lthough the Supreme Court has never confronted the question head-on, the lower federal courts have been certifying habeas class actions for more than fifty years" and cataloguing "a remarkable, unbroken history of habeas class adjudication").

The Supreme Court itself recently granted "classwide relief" to a putative class of "habeas" petitioners in an AEA case. *A.A.R.P.*, 605 U.S. at 96-98. Defendants only cite the *dissent* in that case, Opp. 8, but the majority concluded that relief to a putative class was appropriate.

Largely ignoring the consensus across circuits, Opp. 8-9 & nn.3-4, Defendants claim that the D.C. Circuit's decision in *LoBue* cuts the other way because of an irrelevant procedural difference—the plaintiff there sought only declaratory relief, which was barred because of his confinement in another judicial district. None of that is true here, and it does nothing to undermine *LoBue*'s statement that habeas classes are available: "If [the intervenor] meant to claim that there is no equivalent to class actions in habeas, he was wrong, for courts have in fact developed such equivalents." *LoBue*, 82 F.3d at 1085 (citing *Sero*, 506 F.2d. at 1125-30 and Wright & Miller).[3]

Defendants also assert the "individualized nature" of habeas corpus. Opp. 5. But the whole premise of this motion is that the class has common claims which entitle class members to the same relief. That is precisely the situation in which the courts of appeals have uniformly recognized

---

[3] Defendants also point to the *LoBue*'s statement that a habeas class might not include individuals who are not in custody. Opp. 9. But that is a question about jurisdiction, not the propriety of habeas classes. In any event, as discussed in Plaintiffs' preliminary injunction motion, all the putative class members here *are* in fact in constructive custody. ECF No. 177-1 at 9-28.

that habeas claims are amenable to class resolution, not to mention courts across the country in AEA cases.

Defendants also maintain that habeas classes were not common historically. Opp. 10-11. Even assuming the accuracy of that historical assertion, it does not matter. In *Harris v. Nelson*, the Supreme Court held that habeas courts can "fashion appropriate modes of procedure, by analogy to existing rules" *precisely* in situations where a procedure is not part of "the history of habeas corpus." 394 U.S. 286 at 293, 298-99 (1969). As the Court explained, even where a procedure was not historically used in habeas, the All Writs Act and § 2243 "expressly confirm[]" that such procedures can still apply by analogy. *Id.* at 299. *Cf. Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) (addressing remedies, not rules of procedure). Defendants maintain that this would "extend" the Court's jurisdiction. Opp. 9. But the Court has jurisdiction over the claims of every class member who is in Defendants' constructive custody. Class certification is simply a procedural alternative to joinder, not an expansion of jurisdiction. *Cf. Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32–33 (2002) (court could not use the All Writs Act to exercise jurisdiction where the removal statute forbade it).

Insofar as Defendants are arguing that only an individual acting as a "next friend" may represent someone else in habeas proceedings, Opp. 7-8, Defendants are wrong, and simply at odds with the longstanding uniform circuit law permitting habeas class actions. *See supra* at 7-8. Moreover, it is common for plaintiffs to proceed as "next friend" class representatives in class actions, including habeas classes. *See, e.g.*, *Groseclose v. Dutton*, 788 F.2d 356, 357 (6th Cir. 1986) (class action habeas and Section 1983 suit originally brought by multiple parties proceeding as next friend of medically incapacitated death row inmate); *Ali v. Ashcroft*, 213 F.R.D. 390, 406-07 (W.D. Wash. 2003) (class action habeas suit brought on behalf of next friend); *P.J.E.S. ex rel.*

9

*Escobar Francisco v. Wolf*, 502 F. Supp. 3d 492, 505, 534 (D.D.C. 2020) (provisionally certifying class of unaccompanied noncitizen minors with 16-year-old named plaintiff proceeding through his father). In fact, this Court previously certified the class over the government's exact same arguments that named Plaintiffs could not use "next friend" status to get around class certification. *Compare* Opp. 6-8, *with* ECF No. 114 at 25-27.[4]

Defendants have identified no conflicts or inability of the named Plaintiffs to serve as habeas class representatives. Rather, they simply recycle their same arguments against commonality and typicality that Plaintiffs do not share the current individual circumstances of all class members sufficiently.

In short, nothing about habeas renders it unfit for class treatment where, as here, class members raise common issues. While certain claims brought in habeas may be individualized—for instance, whether a person's prior conviction should be upheld—Plaintiffs here raise threshold, facial challenges to the AEA Proclamation and its implementation.

## CONCLUSION

The Court should certify a class for purposes of Plaintiffs' habeas and equitable due process claims.

---

[4] As previously explained, courts evaluate whether an individual may proceed as "next friend" separately from whether the party that they are standing in for serves as an adequate class representative, and the government is simply wrong to assert that the "next friend" plaintiff is proceeding on behalf of the class; rather, it is the person who the "next friend" stands in for that serves as the class representative. *See generally* ECF No. 127 at 18-19.

| | |
|---|---|
| Dated: November 10, 2025 | Respectfully submitted, |
| | /s/ *Lee Gelernt* |

Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo (D.D.C. Bar No. CA00219)
Cody Wofsy
Spencer Amdur
Michael K.T. Tan
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org
mngo@aclu.org
cwofsy@aclu.org
samdur@aclu.org
m.tan@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Aditi Shah (D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org
ashah@acludc.org

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, 7th Floor
Washington, D.C. 20005
(212) 549-2500
Khuddleston@aclu.org

*\*Barred in Texas and Arizona only; supervised by a member of the D.C. Bar*

Lee Gelernt (D.D.C. Bar No. NY0408)
Daniel Galindo (D.D.C. Bar No. NY035)
Ashley Gorski
Patrick Toomey
Sidra Mahfooz
Omar Jadwat
Hina Shamsi (D.D.C. Bar No. MI0071)
Sean M. Lau (D.D.C. Bar No. NY0680)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
agorski@aclu.org
ptoomey@aclu.org
smahfooz@aclu.org
ojadwat@aclu.org
hshamsi@aclu.org
slau@aclu.org

Brian D. Netter (D.C. Bar No. 979362)
Bradley Girard (D.C. Bar No. 1033743)
Christine L. Coogle (DC Bar No. 1738913)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
bnetter@democracyforward.org
bgirard@democracyforward.org
ccoogle@democracyforward.org

*Counsel for Petitioners–Plaintiffs*