UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J.G.G., *et al.*,

    Plaintiffs,

    v.

DONALD J. TRUMP, *et al.*,

    Defendants.

Civil Action No. 25-766 (JEB)

## ORDER

At the hearing on November 19, 2025, the Court offered both sides an opportunity to propose next steps in its inquiry into whether a criminal-contempt referral is appropriate. The Government, now for the first time, has identified who purportedly made the decision not to recall planes containing Alien Enemies Act detainees on March 15, 2025: Homeland Security Secretary Kristi Noem. See ECF No. 195 (Def. Resp.) at 2. Defendants nonetheless maintain, relying heavily on Judge Katsas's concurring opinion for the D.C. Circuit panel, that her decision was proper and not contumacious. Id. at 3–4 (citing J.G.G. v. Trump, 147 F.4th 1044, 1052 (D.C. Cir. 2025) (Katsas, J., concurring)). As a result, the Government posits that "no further steps are warranted" because "Defendants did not violate this Court's order." Id. at 1. Given that the other two panel members (plus the majority of the *en banc* court) did not agree with J. Katsas, the Court is not prepared at this juncture to terminate its inquiry. Instead, it must determine whether Secretary Noem or anyone else should be referred for potential contempt prosecution. In other words, the Court must decide if: (1) the court order was "clear and reasonably specific"; (2) "the defendant violated the order"; and (3) "the violation was willful."

1

United States v. Young, 107 F.3d 903, 907 (D.C. Cir. 1997) (quoting United States v. NYNEX Corp., 8 F.3d 52, 54 (D.C. Cir. 1993)).

In conducting such inquiry, Plaintiffs submit that the Court should "require the government to promptly file declaration(s) identifying all individuals involved in the decision not to halt the transfer of class members out of U.S. physical custody on March 15 and 16, 2025." ECF No. 193 (Pl. Resp.) at 1. "[O]nce these declarations are filed and depending on what information they disclose, the Court should then determine the appropriate sequence of witness testimony, and the manner in which that testimony should be provided." Id. The Government similarly notes: "If the Court believes any further information is needed for [its inquiry], Defendants respectfully request an opportunity to provide that information to the Court by way of declarations in the first instance (as even Plaintiffs agree is appropriate)." Def. Resp. at 1.

The Court will adopt the parties' agreement on starting with declarations; it will then assess the need for witness testimony. It therefore ORDERS that by December 5, 2025, the Government shall submit declarations from all individuals involved in the decision not to halt the transfer of class members out of U.S. physical custody on March 15 and 16, 2025. Such declarations shall detail their roles in such decision.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: November 28, 2025