# Attachment A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.G.G.**, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>　　Defendants. | Civil Action No. 25-766 (JEB) |

**ORDER**

In response to the Court's Order of November 28, 2025, the Government has submitted cursory declarations from Secretary Kristi Noem and attorneys then at the Department of Justice who advised her. Noem avers that she made "the decision to continue the transfer of custody of the Alien Enemies Act detainees who had been removed from the United States before this Court issued its temporary restraining order in the evening of March 15, 2025." ECF No. 198-1 (Declaration of Secretary Noem). As this declaration does not provide enough information for the Court to determine whether her decision was a willful violation of the Court's Order, the Court cannot at this juncture find probable cause that her actions constituted criminal contempt. See United States v. Young, 107 F.3d 903, 907 (D.C. Cir. 1997) (contempt requires finding that (1) court order was "clear and reasonably specific"; (2) "the defendant violated the order"; and (3) "the violation was willful") (internal quotation marks omitted). A referral for prosecution, consequently, would be premature.

The Court thus believes that it is necessary to hear witness testimony to better understand the bases of the decision to transfer the deportees out of United States custody in the context of

the hearing on March 15, 2025. The events surrounding this decision should shed light on this question.

The Court accordingly ORDERS that:

1. Plaintiffs shall attempt to secure the presence of Erez Reuveni for testimony on December 15, 2025, at 9:30 a.m.;

2. The Government shall produce Drew Ensign for testimony on December 16, 2025, at 2:00 p.m.; and

3. Both sides shall appear in person at such hearings and will have the opportunity to question witnesses.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: December 8, 2025

# Attachment B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.G.G.**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DONALD J. TRUMP**, *et al.*, <br><br> Defendants. | Civil Action No. 25-766 (JEB) |

**ORDER**

      At the hearing on November 19, 2025, the Court offered both sides an opportunity to propose next steps in its inquiry into whether a criminal-contempt referral is appropriate. The Government, now for the first time, has identified who purportedly made the decision not to recall planes containing Alien Enemies Act detainees on March 15, 2025: Homeland Security Secretary Kristi Noem. See ECF No. 195 (Def. Resp.) at 2. Defendants nonetheless maintain, relying heavily on Judge Katsas's concurring opinion for the D.C. Circuit panel, that her decision was proper and not contumacious. Id. at 3–4 (citing J.G.G. v. Trump, 147 F.4th 1044, 1052 (D.C. Cir. 2025) (Katsas, J., concurring)). As a result, the Government posits that "no further steps are warranted" because "Defendants did not violate this Court's order." Id. at 1. Given that the other two panel members (plus the majority of the *en banc* court) did not agree with J. Katsas, the Court is not prepared at this juncture to terminate its inquiry. Instead, it must determine whether Secretary Noem or anyone else should be referred for potential contempt prosecution. In other words, the Court must decide if: (1) the court order was "clear and reasonably specific"; (2) "the defendant violated the order"; and (3) "the violation was willful."

United States v. Young, 107 F.3d 903, 907 (D.C. Cir. 1997) (quoting United States v. NYNEX Corp., 8 F.3d 52, 54 (D.C. Cir. 1993)).

In conducting such inquiry, Plaintiffs submit that the Court should "require the government to promptly file declaration(s) identifying all individuals involved in the decision not to halt the transfer of class members out of U.S. physical custody on March 15 and 16, 2025." ECF No. 193 (Pl. Resp.) at 1. "[O]nce these declarations are filed and depending on what information they disclose, the Court should then determine the appropriate sequence of witness testimony, and the manner in which that testimony should be provided." Id. The Government similarly notes: "If the Court believes any further information is needed for [its inquiry], Defendants respectfully request an opportunity to provide that information to the Court by way of declarations in the first instance (as even Plaintiffs agree is appropriate)." Def. Resp. at 1.

The Court will adopt the parties' agreement on starting with declarations; it will then assess the need for witness testimony. It therefore ORDERS that by December 5, 2025, the Government shall submit declarations from all individuals involved in the decision not to halt the transfer of class members out of U.S. physical custody on March 15 and 16, 2025. Such declarations shall detail their roles in such decision.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: November 28, 2025

2

# Attachment C

## CERTIFICATE OF INTERESTED PARTIES AND AMICI CURIAE

The following are currently parties, amici, and movants in the district court.

- Pamela J. Bondi, Attorney General of the United States, in her official capacity, Defendant
- D.A.R.H., as next friend on behalf of Andry Jose Hernandez Romero, Plaintiff
- G.F.F., Plaintiff
- Peter B. Hegseth, Secretary of War, in his official capacity, Defendant
- J.A.V., Plaintiff
- J.G.G., Plaintiff
- J.G.O., Plaintiff
- M.M.A.A., as next friend on behalf of G.A.A.A., Plaintiff
- M.Y.O.R., as next friend on behalf of M.A.O.R., Plaintiff
- M.Z.V.V., as next friend on behalf of J.A.B.V., Plaintiff
- Dorys Mendoza, as next friend on behalf of M.R.M., Plaintiff
- Kristi L. Noem, Secretary of the U.S. Department of Homeland Security, in her official capacity, Defendant
- Marco A. Rubio, Secretary of State, in his official capacity, Defendant
- Liyanara Sanchez, as next friend on behalf of Frengel Reyes Mota, Plaintiff

- Eylan Schilman, as next friend on behalf of T.C.I., Plaintiff

- Madison Sheahan, Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement, in her official capacity, Defendant

- Donald J. Trump, in his official capacity as President of the United States, Defendant

- U.S. Department of Homeland Security, Defendant

- U.S. Department of War, Defendant

- U.S. Immigration and Customs Enforcement, Defendant

- U.S. State Department, Defendant

- W.G.H., Plaintiff

The following are amici curiae in the district court.

- Meghan Kelly

- Heidi Kitrosser

- Mark J. Rozell

- Mitchel A. Sollenberger

- Robert A. Van Nest

The following are movants in the district court.

- Coolidge Reagan Foundation

- Hon. Brandon Gill

- John W. Keker

- Laurie Carr Mims

- Elliot R. Peters

Respectfully submitted,

        BRETT A. SHUMATE
          *Assistant Attorney General*

        YAAKOV M. ROTH
          *Principal Deputy Assistant Attorney*
          *General*

 *s/ Tiberius Davis*
TIBERIUS DAVIS
    *Counsel to the Assistant Attorney*
    *General*

Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-4357