UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.G.G., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    Defendants. | Civil Action No. 25-766 (JEB) |

**ORDER**

On December 8, 2025, the Court ordered that live witness testimony would be warranted in its inquiry into whether a contempt referral is appropriate. See ECF No. 200 (Order). The Government now moves for reconsideration, asking the Court not to conduct such hearing or, alternatively, to greatly restrict testimony. See ECF No. 201 (Recon. Mot.). The Court will deny the Motion.

To begin, this inquiry is not some academic exercise. Approximately 137 men were spirited out of this country without a hearing and placed in a high-security prison in El Salvador, where many suffered abuse and possible torture, despite this Court's order that they should not be disembarked. See ECF No. 81 (Mem. Op.); Hum. Rts. Watch, "You Have Arrived in Hell": Torture and Other Abuses Against Venezuelans in El Salvador's Mega Prison (2025), https://perma.cc/8H6N-MJX4. The question the Court must now answer is whether this occurred via contumacious conduct by Government officials. See United States v. Young, 107 F.3d 903, 907 (D.C. Cir. 1997) (setting out elements including willfulness).

The *en banc* D.C. Circuit has authorized this Court to proceed with its contempt inquiry, see J.G.G. v. Trump, 2025 WL 3198891, at *4 (D.C. Cir. Nov. 14, 2025) (*en banc*) (Pillard,

1

Wilkins, and Garcia, JJ., respecting denial of rehearing *en banc*) (district court may "proceed . . . within his sound discretion" to obtain factual information); id. at *5 n.1 (Pan, J., dissenting from denial of rehearing *en banc*) ("Six of the eleven active judges on this court opine that the district court did not err."), which requires a consideration of officials' state of mind. The cursory declarations Defendants have provided, see ECF Nos. 198-1 (Declaration of Secretary Noem); 198-2 (Declaration of Acting General Counsel of DHS Mazzara); 198-3 (Declaration of Deputy Attorney General Blanche); 199 (Declaration of Emil Bove), offer little to assist such consideration. The Circuit has also vacated this Court's prior probable-cause determination. See J.G.G. v. Trump, No. 25-5124 (D.C. Cir. Aug. 8, 2025) (order vacating contempt-related order). Although this does not compel the Court to return to square one, it must reach a fresh conclusion. This is particularly warranted where significant new information — in the form of Erez Reuveni's whistleblower complaint, see ECF No. 158-1 (Letter) — has come to light since the Court's probable-cause finding. Much of his account bears directly on the question of willfulness. In addition, given their close familiarity with the case, Plaintiffs are uniquely positioned to assist the Court, and it will permit them to do so. (They would, conversely, have no role were an actual contempt prosecution initiated following a potential referral from this Court.)

      While the Government also asserts that the Court's inquiry should be cabined to March 15, that is too restrictive. What occurred at the March 14 meeting with Department of Justice attorneys (including Emil Bove, Erez Reuveni, and Drew Ensign), for example, may well help to illuminate officials' decisions the next day and their mental states. Nor would everything said at such meeting necessarily be covered by the attorney-client privilege — the sole privilege Defendants have invoked — inasmuch as no client was allegedly present, and a policy (rather

than legal advice) was apparently discussed. In any event, to the extent that future contempt was being considered, the crime-fraud exception would vitiate any privilege.

The Court will remain mindful of attorney-client privileges that may pertain to other communications as the testimony proceeds, and the Government will be free to object to particular questions. At this stage, however, Plaintiffs have pointed out numerous reasons why the privilege might well not apply. <u>See</u> ECF No. 205 (Pl. Resp.). The Court, furthermore, will limit the scope of the testimony to the current case and not permit questions regarding the particulars of other cases that the witnesses may have worked on, unless there is some direct showing of relevance. In sum, the Court sees no reason to delay the entire hearing while waiting for further, unspecified appellate guidance, as the Government also demands.

The Court, accordingly, ORDERS that Defendants' [201] Motion to Reconsider is DENIED.

/s/ James E. Boasberg<br>JAMES E. BOASBERG<br>Chief Judge

Date: <u>December 12, 2025</u>