Michael R. Bromwich
202 429 8167
mbromwich@steptoe.com
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

**Steptoe**

Leave to file GRANTED.

_____  12/12/2025
James E. Boasberg                                Date
Chief Judge

December 11, 2025

**BY EMAIL**

Honorable James E. Boasberg
Chief Judge
United States District Court for the District of Columbia
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

      Re:    Issues Relating to the Testimony of Erez Reuveni in *J.G.G. et. al. v. Trump,* Case No.: 1:25-cv-00766-JEB

Dear Judge Boasberg:

      We represent Erez Reuveni, the former Department of Justice (DOJ) lawyer who was unlawfully fired by Attorney General Pamela J. Bondi on April 11, 2025, after being previously suspended and placed on administrative leave on April 5, 2025. We write this letter to bring to the Court's attention various issues relating to Mr. Reuveni's testimony in this matter, which is scheduled for Monday, December 15, and which we respectfully request the court resolve before Mr. Reuveni testifies.

      In its December 8 Order, the Court directed the plaintiffs to "attempt to secure the presence of Erez Reuveni for testimony on December 15, 2025, at 9:30 am. On December 10, pursuant to the Court's Order, plaintiffs' counsel served a subpoena for testimony in this proceeding on December 15. Mr. Reuveni fully intends to comply with the subpoena and the Court's order, subject to resolution of the issues raised below.

      Mr. Reuveni anticipates that the Court and the parties will ask Mr. Reuveni questions that may implicate the attorney-client privilege that existed between Mr. Reuveni and his client, the United States government, through April 5, 2025, the date he was suspended. The cause of his suspension and termination was his candor and fidelity to his oath and his professional

Letter to Honorable James E. Boasberg
December 11, 2025
Page 2 of 4

obligations in this case before you; the matter of *D.V.D. v. U.S. Dep't of Homeland Sec.*, 25-cv-10676 (D. Mass.); and, most notably, the case of *Abrego Garcia v. Noem*, 8-25-cv-00951-PX (D. Md.). In the *Abrego Garcia* case, Mr. Reuveni acknowledged that Kilmar Armando Abrego Garcia, a Maryland resident, had been mistakenly and improperly deported by the United States to the Government Terrorism Confinement Center (CECOT) in El Salvador.

On June 24, 2025, pursuant to 5 U.S.C. §§ 1213 and 2302, Mr. Reuveni filed a 27-page protected whistleblower disclosure with the Senate and House Judiciary Committees, the Department of Justice Office of the Inspector General, and the Office of Special Counsel (ECF 158, Attachment 1). That disclosure focused on the actions of members of DOJ leadership to resist court orders that would block or impede potentially illegal efforts to deport non-citizens. Mr. Reuveni also provided contemporaneous emails and text messages supporting his disclosure. In making his disclosure, Mr. Reuveni relied on the advice of lawyers and legal ethics experts who concluded that it was permissible for Mr. Reuveni to share information that otherwise would arguably be protected from disclosure, and to do so under exceptions to Rule 1.6, including but not limited to Rule 1.6(e)(2)(B), which permits government lawyers to disclose information "when permitted or authorized by law."

The rule of professional conduct that applies to Mr. Reuveni's scheduled testimony in this matter is Rule 1.6(e)(2)(A) of the DC Rules of Professional Conduct. That rule specifically authorizes the disclosure of otherwise protected client confidences "when required by…court order." A Comment to that rule explains that a lawyer who is "called as a witness to give testimony concerning a client…may comply with the final orders of a court…requiring the lawyer to give information about the client."[1]

Accordingly, in order to provide testimony while abiding by his ethical obligations, Mr. Reuveni needs the Court to issue a "final order" at the outset of Mr. Reuveni's testimony, pursuant to DC Rule 1.6, concerning the scope of that testimony and what the Court and the parties may permissibily ask Mr. Reuveni. Further, because Mr. Reuveni is affiliated with neither of the parties in this matter, and is appearing at the Court's direction and pursuant to a subpoena, we ask that his counsel be permitted to participate in the proceedings as needed to protect Mr. Reuveni's rights and interests.

We await any further instructions and directions from the Court.

Respectfully submitted,

Michael R. Bromwich

---

[1] DC Rule 1.6 Comment [28]

Letter to Honorable James E. Boasberg
December 11, 2025
Page 3 of 4

Copies to:

**For Plaintiffs:**

ashah@acludc.org

aspitzer@acludc.org

agorski@aclu.org

cwang@aclu.org

cwofsy@aclu.org

dgalindo@aclu.org

edanforth-scott@aclu.org

hshamsi@aclu.org

khuddleston@aclu.org

m.tan@aclu.org

mngo@aclu.org

nsmith@aclu.org

ojadwat@aclu.org

osarabia@aclu.org

ptoomey@aclu.org

smichelman@acludc.org

slau@aclu.org

smahfooz@aclu.org

lgelernt@aclu.org

**For Defendants:**

abhishek.kambli@usdoj.gov

Letter to Honorable James E. Boasberg
December 11, 2025
Page 4 of 4

august.flentje@usdoj.gov

drew.c.ensign@usdoj.gov

ernesto.h.molina@usdoj.gov

john.bailey@usdoj.gov

tiberius.davis@usdoj.gov