US District Court District of Columbia

Case No: 1:25-cv-00766-JEB

Emergency Motion to Intervene and to Consolidate

J.G.G. et al.,
Plaintiffs,

and

Borealis S Hedling
Travelodge Plus Dublin City Centre
44 Townsend ST Rm 120
Dublin 2 (Ireland)

Proposed Plaintiff-Intervenor

v.

Trump et al.
Defendants,

The Proposed Intervenor a Pro Se Litigant respectfully requests this Court under Federal Rule of Civil Procedure 24 allows emergency Intervenor status as a right under Article 13 of the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. The Proposed Intervenor also requests consolidation with US District Court District of Columbia Case No 1:25-cv-04178

Hedling

V.

Trump et al.

## I. Background

The Proposed Intervenor is a human rights defender who has faced constant violation of their rights under Article 3 of the UN Convention against Torture as evident by EX 1 an ignored December 5, 2025 Complaint to the Swedish Police War Crimes Unit seeking to have the Government of Sweden hold the Governor of Connecticut, Attorney General of Connecticut, Former Canadian Minister of Public Safety and Emergency Preparedness, Former National Police Commissioner for Iceland, Former Prime Minister of Iceland, Current President of Iceland, and Tánaiste of Ireland accountable under international criminal law.



RECEIVED
DEC 16 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

“Article 3
1. No State Party shall expel, return ("refouler") or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture.
2. For the purpose of determining whether there are such grounds, the competent authorities shall take into account all relevant considerations including, where applicable, the existence in the State concerned of a consistent pattern of gross, flagrant or mass violations of human rights.”

-Article 3 UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.

In good faith per EX 2 April 14, 2025 the Proposed Intervenor in an email entitled “Cease and Desist Refoulement in ABREGO GARCIA v. NOEM 8:25-cv-00951-PX” attempted to request via an email the US stop committing refoulement as a policy to be not just ignored, but excluded as an indispensable party. Democracy Forward, the ACLU, and especially the Department of Justice is well aware of The Proposed Intervenor's circumstances. The outcome of any sanction proceedings against an administration that should actually be facing charges under international criminal law per the case the Plaintiff is asking the Chief Judge to Consolidate makes proceeding without the Proposed Intervenor a violation of Rule 19 of the Federal Rules of Civil Procedure. As the Department of Justice clearly would not lawfully be able to even consider a referral from the Chief Judge for sanction proceedings.

In addition the primary Crime Against Humanity the Proposed Intervenor has attempted to have courts globally exercise universal jurisdiction over is related to the March 15, 2025 removals of the Plaintiffs to CECOT. The Inter-American Commission on Human Rights refused to hold El Salvador who is subject to the Contentious Jurisdiction of the Inter-American Court of Human Rights accountable per EX 3 an illegally disregarded Precautionary measures request from April 16, 2025 brought on behalf of Abrego Garcia. Along with “ All the individuals the Trump Administration has paid El Salvador to house should have their cases reviewed by the Inter-American Court of Human Rights. As neither US or Salvadorian courts can act in good faith and lack subject matter jurisdiction. El Salvador has agreed to the Contentious Jurisdiction of the Inter-American Court of Human Rights”. Requesting the relief:

“Immediate Article 27 provisional measures from the Inter-American Court of Human Rights to examine this issue of the US to Elsavador refoulment and imprisonment program. Immediate return of Abrego Garcia to US as El Salvador is subject to the courts Contentious Jurisdiction”

The Proposed Intervenor already had a Petition P-163-25 EX 4 from January 26, 2025 against Canada for illegally detaining them August 25, 2024 to September 10, 2024. After the Federal Court in Ottawa and the General Counsel of the Canadian Supreme Court made it clear the Plaintiff would not have access to file EX 5 a January 15, 2025 Emergency Request for an interlocutory Injunction.

Borealis S Hedling
V.
Minister of Citizenship and Immigration
Minister of Public Safety and Emergency Preparedness
Minister of Global Affairs
The Canada Border Services Agency
The Immigration and Refugee Board of Canada
The Office of the Public Sector Integrity Commissioner of Canada
The Governor General of Canada
The Office of the Information Commissioner of Canada

The Proposed Intervenor had the audacity to per EX 1 to attempt to file an Injunction during their 1st attempt at claiming international protection showing the United States did not meet the definition of being a safe third country. As they did not meet Factor 3 under Section 102 (2) of the Immigration and Refugee Protection Act. Having provided significant proof The State of Connecticut with the express consent Of the Department of Justice was able to enforce the Plaintiff for filing a civil rights injunction. For attempting to end the 42 U.S.C. § 1983, 1985 (2+3), 1986 conspiracy to illegally operate and cover up The Domestic Violence Cash Benefit Program. Which all started on February 27th 2023 when the Proposed Intervenor informed Astread Ferron-Poole chief of staff for the Connecticut Department of Social Services (DSS) they were not using all allowable proof of allegations for the Domestic Violence Cash Benefit Program (DVCBP) P.A. 21-78 Section 14 (e). The language of Subsection B Conn Gen § 17b-112a is "plain" and "unambiguous"not subject to statutory construction by DSS under Conn Gen § 1-2z. For exposing information like this snippet of a December 15, 2022 email showing DSS only cared about money. The Proposed Intervenor was almost murdered during 18 days of being held in solitary confinement. Received a trial in absentia using a Motion for a continuance. Still officially considered a "risk to Canadian Society". Governments can label you whatever they want to avoid liability and violate international law when Courts do nothing.

**17b-112a states:**
For purposes of this section, allegations of domestic violence by a victim may be sufficient to establish domestic violence where the Department of Social Services has no independent, reasonable basis to find the applicant or recipient not credible. Upon alleging domestic violence an applicant or recipient may be required to provide a sworn statement or to submit to the department any evidence of such violence available to the applicant or recipient. Evidence of domestic violence may include, but is not limited to: (1) Police, government agency or court records; (2) documentation from a shelter worker, legal, medical, clerical or other professional from whom the applicant or recipient has sought assistance in dealing with domestic violence; or (3) a statement from an individual with knowledge of the circumstances which provide the basis for the claim of domestic violence. We may want to think about if/how we incorporate #3 (statement of individual with knowledge). If we do not incorporate, we need to be prepared to answer why.

As for not needing a police report or restraining order, I understand the commissioner's concern about the risk of pursuing those documents, but these benefits are a LOT of money, we have to have some way of substantiating the client's claims. If they already have those documents then great, but if they don't I feel like the application would have to come from a DV shelter. Yes, the plan is to set up an application process with DV shelters. We discussed this in our previous meeting and it sounded like the shelters were on board with doing the applications for clients they are already working with. But if the purpose of the benefit is to help the person escape their DV situation, they also need to take some steps on their end to make that happen and provide us with some sort of proof that they are taking some form of action (which would be a police report OR restraining order OR seeking help from a shelter). It would be great if we could collect information on other DV supports being received by the client, even if just for reporting purposes.



This is a crime Against Humanity, Article 14 Of the UN Declaration of Human Rights Exist. I Plead under the Alford Doctrine 8/23/24 since a Judge with integrity realized the State Attorney/

The State of Connecticut V. Jeremy Lawson

Exparte EX3

File complaint

GA#14 Hartford Criminal Court M-10

Docket# H14-CR24-0763184-S

ASFC CBSA

36 (1) (b) IRPA

ASFC Montréal – Exécution de la loi
Tuesday September 03rd, 2024

"serious criminality having been convicted of an offence outside Canada that if committed in Canada would constitute an offense under an Act of Parliament punishable by a maximum term of Imprisonment of at least 10 years." Fel

| | |
|---|---|
| **ID:** | 11-4195-3168 |
| **Surname:** | LAWSON |
| **First name:** | Jeremy Michael |
| **Date of birth:** | March 29st, 1991 |
| **Country of birth :** | United States of America |

Also a class C Misdemeanor unlawful charge ConnGenS 53a-183 Harassment 2 has 90 day max charge or $500 fine.

***Admissibility Hearing :** Thursday, September 5th, 2024 at 09:00*

*I, Francis Letellier, of the Canada Border Services Agency (CBSA), do solemnly declare that I make this solemn declaration conscientiously believing it to be true and knowing that it is of the same force and effect as if made under oath.* ← This is perjury

This file was referred to us for follow-up at the next detention review with a view to holding an admissibility hearing. The subject is under investigation to determine whether he is a person to whom section 36(1)b of the IRPA applies.

On September 3rd, 2024, we requested my colleague Henry Kwan from the Major Crime Investigation Unit to obtain from the authorities in Connecticut, USA, all the information concerning the criminal record, including police reports. The documents should be forwarded to us shortly.

Once we receive Mr. Lawson's court documents, we will be in a position to determine whether there are grounds to compromise the eligibility of his claim and support section 58(1)(c) of the IRPA. For the moment, my colleague cannot state a position.

Mr. Lawson's refugee claim is currently on hold pending a decision by a Board Member of the Immigration Division regarding the issuance of a possible removal order following the evidence to be presented by my colleague..

Considering Mr. Lawson's criminal history in the United States of America, I recommend that the subject's detention be maintained on the grounds that he will not appear for his eventual removal from Canada and sees no reasonable alternative to it, as he represents a certain risk to Canadian society. The evidence on file indicates that he is subject to the 36(1)(b) inadmissibility category of the IRPA.

Francis LETELLIER - 18637
Agent d'exécution de la loi
ASFC Montréal – section renvois

Agence des services frontaliers du Canada | Canada Border Services Agency

Canada

II. I am still a political prisoner in Ireland with 0.70 Euros and just was illegally denied Asylum a 13th time by Columbia

Per EX 6 questioning the ethics and legality of denying the Proposed Intervenor emergency diplomatic asylum while they are filing an action entitled.

The Petition
of
Borealis S Hedling
&
Kilmar Armando Abrego Garcia

Brought on Behalf of

Victims of the Trump and Bukele Administration

The People of the Sovereign Nation of Palestine

The Family of Alejandro Carranza and other victims of the US Military's acts of Terrorism and Piracy
(Pursuers)

V.

The British Broadcasting Corporation
(Defender)

for
Stopping The BBC from Suppressing a Legal Framework to Hold Heads of State Accountable for Crimes Against Humanity and Genocide

Directly challenging the Court of Sessions December 15, 2025 to grant this relief per EX 7 in an email entitled “Also: To be clear to the Court of Sessions this was the original boat strike memo FOIA request to show how evil the OIG response is…”. Since per EX 8 December 5, 2025 email entitled “To the UK Supreme Court at the Bare Minimum overturn the 9/1/25 Decision I am not a Human Being and people can't advocate individually or collectivity for human rights” the courts of the UK absolutely owe the Proposed Intervenor relief. As do the Courts of the United States per EX 9-17 a quashed Emergency Motion to Clarify in US District Court District of Connecticut Case No 3:25-cv-00909-SVN that ended in September 9, 2025 US Judges and Clerks being declared immune to International criminal law by not clarifying the below.

“The Plaintiff respectfully requests the Court to clarify if their citation of Dieujuste v. Sin, 125 F.4th 397, 399 (2nd Cir. 2025) “Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority”. Means Article 13 of the UN Convention Against Torture can be violated by Clerks and Article 3 Judges and can only be resolved on appeal.”

Given the action also included another illegally disregarded July 22, 2025 Emergency Petition to the Nobile officium it is pretty clear what courts think of human rights defenders who are candid about their disregard towards human dignity and inalienable rights,

The Petition of Borealis S Hedling
&
Kilmar Armando Abrego Garcia
(Pursuers)
V.
The Supreme Court of the United Kingdom and the Judicial Committee of the Privy Council
The Civil Court of Appeals of the United Kingdom
The King's Bench Court of the United Kingdom
The Supreme Court of Canada
The Federal Court of Canada in Ottawa
The Supreme Court of New Zealand
The Court of Appeals of New Zealand
The High Court of New Zealand Auckland Registry I te Kōti Matua o Aotearoa
Tāmaki Makaurau Rohe
The High Court of New Zealand Wellington Registry I te Kōti Matua o Aotearoa
Te Whanganui-a-Tara Rohe
The Supreme Court of Ireland
The Constitutional Court of Austria
The Constitutional Court of Liechtenstein
The Supreme Court of Switzerland
The Federal Administrative Court of Switzerland
The Administrative Court of the Canton of Zurich
The European Court of Human Rights
The Inter-American Commission on Human Rights
The International Criminal Court
The European Court of Justice
The International Court of Justice
The United Nations Human Rights Council
The Human Rights Commission of New Zealand
The Auditor General of the Vatican
(Defenders)
for
Recalling Parliament to Ensure the Government of the United Kingdom Acknowledges the Importance of Compassion in Memory of Sophie Scholl

III. The relief requested in Hedling v Trump et al is materially important to this case

The Proposed Intervenor requested the following in their yet to be assigned November 22, 2025 filing.

**“Declaratory Relief:**

1. Declares in line with the Nuremberg Principles US Military Personnel can be held criminally liable under international criminal law for obeying orders they know to be unlawful.

2. Declares warrants from foreign courts or international tribunals exercising Universal Jurisdiction in matters of international criminal law in the absence of the Department of Justice to act lawfully can be executed by the Military Police of the United States Army.

3. Determines if the Secretary of the Treasury in line with international law is the acting President of the United States.

**Injunctive Relief:**

1. Sets a deadline for a special presidential election to take place to ensure a peaceful transition of power.

2. Any relief this Court Deems Just and Proper."

Conclusion

The Proposed Intervenor a Pro Se Litigant respectfully requests this Court under Federal Rule of Civil Procedure 24 allows emergency Intervenor status as a right under Article 13 of the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. The Proposed Intervenor also requests consolidation with US District Court District of Columbia Case No 1:25-cv-04178

I swear under penalty of perjury the above is complete and true to the best of my knowledge.

Signed on the 16th of December 2025 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2 (Ireland)

Respectfully submitted,
/s/ Borealis S Hedling
Proposed Plaintiff-Intervenor
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
+1-959-999-8957
Borealis.appeals@gmail.com



CERTIFICATION OF SERVICE

I swear under penalty of perjury this Emergency Motion and associated exhibits have been sent to the following parties electronically

The Plaintiffs Counsel

nsmith@aclu.org

mngo@aclu.org

osarabia@aclu.org

samdur@aclu.org

cwofsy@aclu.org

aspitzer@acludc.org

smichelman@acludc.org

ashah@acludc.org

lgelernt@aclu.org

dgalindo@aclu.org

agorski@aclu.org

ptoomey@aclu.org

smahfooz@aclu.org

ojadwat@aclu.org

hshamsi@aclu.org

m.tan@aclu.org

strivedi@democracyforward.org

bgirard@democracyforward.org

mwaldman@democracyforward.org

srich@democracyforward.org

sperryman@democracyforward.org

awiggins@democracyforward.org

ccoogle@democracyforward.org

pboisture@democracyforward.org

The Department of Justice:

Drew.c.ensign@usdoj.gov

tiberius.davis@usdoj.gov

SUPREMECTBRIEFS@usdoj.gov & USADCS.ServiceCivil@usdoj.gov

johnny.walker@usdoj.gov

alicia.dupree@usdoj.gov

usadc.civil@usdoj.gov

Signed on the 16th of December 2025 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2 (Ireland)

Respectfully submitted,

/s/ Borealis S Hedling
Proposed Plaintiff-Intervenor
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
+1-959-999-8957
Borealis.appeals@gmail.com