



# FYI: Cease and Desist refoulment in ABREGO GARCIA v. NOEM 8:25-cv-00951-PX

1 message

**Borealis** <borealis.appeals@gmail.com> Mon, Apr 14, 2025 at 3:11 a.m.
To: jonathancooper@quinnemanuel.com, oliviahorton@quinnemanuel.com, ssandoval@murrayosorio.com, stephenfrank@quinnemanuel.com, andrewrossman@quinnemanuel.com, sascharand@quinnemanuel.com, mckenzieanderson@quinnemanuel.com, samuelnitze@quinnemanuel.com, courtneywhang@quinnemanuel.com, roeygoldstein@quinnemanuel.com
Cc: intake@freestate-justice.org, tmcwhite@freestate-justice.org, hrc-sr-defenders@un.org, hrc-ie-solidarity@un.org, hrc-ie-internationalorder@un.org

Hi we should have a chat about how the US Government is fully capable of returning your client to the US if they can kidnap one of their own citizens back to violate Article 3 of the UN Convention against Torture.

"Article 3
1. No State Party shall expel, return ("refouler") or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture.
2. For the purpose of determining whether there are such grounds, the competent authorities shall take into account all relevant considerations including, where applicable, the existence in the State concerned of a consistent pattern of gross, flagrant or mass violations of human rights."
-Article 3 UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.
Thanks,
Legal name: Jeremy M Lawson
Chosen name: Borealis S Hedling
They / Them
+1-959-999-8957

---------- Forwarded message ---------
From: **Borealis** <borealis.appeals@gmail.com>
Date: Mon, Apr 14, 2025, 2:47 a.m.
Subject: Cease and Desist refoulment in ABREGO GARCIA v. NOEM 8:25-cv-00951-PX
To: <Michael.Kozak@state.gov>, <YAAKOV.ROTH@usdoj.gov>, <drew.c.ensign@usdoj.gov>, <riley.barnes@state.gov>, <marco.rubio@state.gov>, <CRT.SpeakerRequests@usdoj.gov>, <newhaven@ic.fbi.gov>, Kevin <kevin.lawlor@ct.gov>, <conndcj@ct.gov>, DCJ CIU <DCJ.CIU@ct.gov>
Cc: <montreal-acs@state.gov>, <adam.candeub@fcc.gov>, <proteccionbos01@sre.gob.mx>, <proteccionbos02@sre.gob.mx>, <proteccionbos03@sre.gob.mx>, <proteccionbos04@sre.gob.mx>, <atencionciudadana@sre.gob.mx>, <atencionfgr@fgr.org.mx>, <247@mfa.no>, <emb.washington@mfa.no>, <echrpress@echr.coe.int>, <hrc-sr-defenders@un.org>, <hrc-ie-solidarity@un.org>, <hrc-sr-disability@un.org>, <hrc-ie-sogi@un.org>, <hrc-sr-torture@un.org>, <stephanie.bachand@scc-csc.ca>, <asher.honickman@ruleoflaw.ca>, <gerard.kennedy@ruleoflaw.ca>, <mark.mancini@ruleoflaw.ca>, <justin.anisman@ruleoflaw.ca>, <cidh-prensa@oas.org>, <CIDHDenuncias@oas.org>, <media@gg.ca>, <HRDSupportBrussels@state.gov>, <HRDSupportEmbVienna@state.gov>, <HRDSUPPORTBELGRADE@state.gov>, <HRDSupportIndonesia@state.gov>, <HRDSupportJapan@state.gov>, <HRDSupportKingston@state.gov>, <HRDSupportRangoon@state.gov>, <HRDSupportTbilisi@state.gov>, <HRDSupportPrague@state.gov>, <tips@nypost.com>, <tips@rollcall.com>, <tips@slate.com>, <radiolab@wnyc.org>, <tips@cnn.com>, <tips@campaignlegal.org>, <bianca.canales@mail.house.gov>, <Mackenzie.Stamp@mail.house.gov>, <tips@latimes.com>, <tips@theappeal.org>, <tips@revealnews.org>, <news@axios.com>, <news@equalpride.com>, <newstips@commondreams.org>, <pressthehauge@state.gov>, <press_geneva@un.org>, <controlcenter.security-unog@un.org>, <helpline@eda.admin.ch>, <newsdesk@fcdo.gov.uk>, <mfa@mfa.is>, <enquiries@ukgovscotland.gov.uk>, <infoeeuu@rree.gob.sv>, <consuladoatlanta@rree.gob.sv>, <consuladoboston@rree.gob.sv>, <consuladochicago@rree.gob.sv>, <consuladodallas@rree.gob.sv>, <consuladosv-lasvegasnv@rree.gob.sv>, <consuladoesla@rree.gob.sv>, <generalcounsel@uconn.edu>, <consuladonyc@rree.gob.sv>, <consuladosanfrancisco@rree.gob.sv>, <democracy@coe.int>, <info@ganhri.org>, <litigation@citizen.org>, <info@ennhri.org>

https://www.politico.com/news/2025/04/12/abrego-garcia-el-salvador-alive-00287678

On 10/9/24 (DD/MM/YYYY)The US State Department allowed the Government of Canada to illegally refoul me after intimidating me out of a valid claim of international protection.

9/10/24 the US Embassy in Reykjavik attempted to manipulate me into refouling myself after an illegal discharge from Landspítali Hospital. The original hospitalizations was a result of Iceland intimidating me out of a 2nd valid claim of international protection per the below 23/9/24 audio

https://drive.google.com/drive/folders/1cXcgPTfbvV4IMOdS71lKan5__qFSCrtE

They left me homeless in Reykjavik without even enough warm clothing and medication 30/9/24. Then after a 2nd illegally denied claim of international protection solely based on the US being labeled "safe". Against Article 3 of the UN Convention on the Status of Refugees discrimination based on country of origin. With the fully informed consent and assistance of the US Embassy in Reykjavik had me kidnapped with no notice 12/11/24. Left me to dissociate suicidal at BWI airport. The Government of the US will not compensate me as a victim of torture or unfoul me. Actively know of concurrent illegally denied litigation in US District Court District of Connecticut Case No 3:25-cv-163-SVN

Lawson

V.

McFadden et al.

Asking the court or Declare the US can't maintain the designation of being a safe third country for not respecting the Principles of non-refoulement.

I have still begged the US Government to help as this administration did not have me kidnapped, but under their full sovereign authority bully other countries just by name alone to allow me to remain a prisoner here. Return Kilmar to his family please. Ironically EL Salvador signed the 1954 Convention on Diplomatic Asylum which needs to be updated to deal with Article 3 of the UN Convention against Torture in cases like mine. I need to finally get the CNDH portal to work. The Consulate of Mexico in Boston and their Attorney General are not loudly broadcasting how much they support non-refoulement. As I try to reconcile with Iceland and Canada...

I need the Department of Justice to start acting lawfully and the context of what this Government has done to me can be used as a defense in I have no clue how much litigation. You kidnapped and refouled me it was not an error. You colluded with a foreign government to do it to stop an emergency diplomatic asylum Claimant the French Embassy in Reykjavik. So I could be Schengen Banned and my access to the court in Strasbourg could be filtered through K. Ryngielewiz who has illegally blocked 12 Category 1 Rule 39 Interim measures requests.

I will make peace with any country that says "we are sorry" and donates money to ST Judes Childrens Research Hospital. I will definitely never stop trying to get asylum aright I have been illegally deprived if since 24/8/24. In addition to a laundry list of other internationally and constitutionally protected rights this Government refuses to acknowledge.

I wonder what would happen if I made an emergency diplomatic asylum Claimant at a Salvadorian legation would they refoul me a 10th time knowing it was an act of torture?

Thanks,
Legal name/s/ Jeremy M Lawson
Chosen name: Borealis S Hedling
They / Them
1 Lydall ST Manchester, CT
+1-959-999-8957
---------- Forwarded message ---------
From: **Borealis** <borealis.appeals@gmail.com>
Date: Sun, Apr 13, 2025, 7:42 a.m.
Subject: Emergency request to Bernard Duhaime on Human Rights in Canada
To: <hrc-sr-truth@un.org>, <recteur@umontreal.ca>, <info@lecre.umontreal.ca>
Cc: <stephanie.bachand@scc-csc.ca>, <asher.honickman@ruleoflaw.ca>, <gerard.kennedy@ruleoflaw.ca>, <mark.mancini@ruleoflaw.ca>, <justin.anisman@ruleoflaw.ca>, <cidh-prensa@oas.org>, <CIDHDenuncias@oas.org>, <media@gg.ca>, <sos@international.gc.ca>, <ilze.juhansone@ec.europa.eu>, <kaja.kallas@ec.europa.eu>, <sgcentral@un.org>, <NOvian@freestate-justice.org>, <tmcwhite@freestate-justice.org>, <intake@freestate-justice.org>, <info@accountablenow.org>, <info@csostandard.org>, <info@legalvoice.org>, <info-droit@umontreal.ca>, <harith.al-dabbagh@umontreal.ca>, <stephane.beaulac@umontreal.ca>, <karim.benyekhlef@umontreal.ca>, <julie.biron@umontreal.ca>, <anne-marie.boisvert@umontreal.ca>, <maya.cachecho@umontreal.ca>, <elise.charpentier@umontreal.ca>, <johanne.clouet@umontreal.ca>, <miriam.cohen@umontreal.ca>, <sibidi.emmanuel.darankoum@umontreal.ca>, <patrice.deslauriers@umontreal.ca>, <renee-claude.drouin@umontreal.ca>, <pascale.dufour.1@umontreal.ca>, <isabelle.duplessis@umontreal.ca>, <patrick.garon-sayegh@umontreal.ca>,

<jf.gaudreault-desbiens@umontreal.ca>, <vincent.gautrais@umontreal.ca>, <ysolde.gendreau@umontreal.ca>, <ugo.gilbert.tremblay@umontreal.ca>, <[illegible]annick.gregoire@umontreal.ca>, <[illegible]houle@umontreal.ca>, <matthew.p.harrington@umontreal.ca>, <noura.karazivan@umontreal.ca>, <konstantia.koutouki@umontreal.ca>, <daniel.jutras@umontreal.ca>, <suzanne.lalonde@umontreal.ca>, <pierre.larouche.1@umontreal.ca>, <jean.leclair@umontreal.ca>, <didier.lluelles@umontreal.ca>, <melchiade.manirabona@umontreal.ca>, <derek.mckee@umontreal.ca>, <karine.millaire.1@umontreal.ca>, <michel.morin.3@umontreal.ca>, <s.morin@umontreal.ca>, <pierre.noreau@umontreal.ca>, <hugues.parent@umontreal.ca>, <danielle.pinard@umontreal.ca>, <herve.prince@umontreal.ca>, <annick.provencher@umontreal.ca>, <catherine.regis@umontreal.ca>, <stephane.rousseau@umontreal.ca>, <alain.roy@umontreal.ca>, <genevieve.saumier@umontreal.ca>, <jeffrey.talpis@umontreal.ca>, <jeremie.torres-ceyte@umontreal.ca>, <hugo.tremblay.7@umontreal.ca>, <helene.trudeau@umontreal.ca>, <martine.valois@umontreal.ca>, <lukas.vanhonnaeker@umontreal.ca>, <nicolas.vermeys@umontreal.ca>, <han-ru.zhou@umontreal.ca>

Good morning,
I don't know how the world can shun a human rights defender who just wanted to stop a social service agency from illegally denying victims of Domestic violence emergency benefits at their word.

> **17b-112a states:**
>
> For purposes of this section, allegations of domestic violence by a victim may be sufficient to establish domestic violence where the Department of Social Services has no independent, reasonable basis to find the applicant or recipient not credible. Upon alleging domestic violence an applicant or recipient may be required to provide a sworn statement or to submit to the department any evidence of such violence available to the applicant or recipient. Evidence of domestic violence may include, but is not limited to: (1) Police, government agency or court records; (2) documentation from a shelter worker, legal, medical, clerical or other professional from whom the applicant or recipient has sought assistance in dealing with domestic violence; or (3) a statement from an individual with knowledge of the circumstances which provide the basis for the claim of domestic violence. We may want to think about if/how we incorporate #3 (statement of individual with knowledge). If we do not incorporate, we need to be prepared to answer why.
>
> As for not needing a police report or restraining order, I understand the commissioner's concern about the risk of pursuing those documents, but these benefits are a LOT of money, we have to have some way of substantiating the client's claims. If they already have those documents then great, but if they don't I feel like the application would have to come from a DV shelter. Yes, the plan is to set up an application process with DV shelters. We discussed this in our previous meeting and it sounded like the shelters were on board with doing the applications for clients they are already working with. But if the purpose of the benefit is to help the person escape their DV situation, they also need to take some steps on their end to make that happen and provide us with some sort of proof that they are taking some form of action (which would be a police report OR restraining order OR seeking help from a shelter). It would be great if we could collect information on other DV supports being received by the client, even if just for reporting purposes.

That the Government of Canada decided to knowingly make me a political detainee 25/8/24-10/9/24 when I claimed asylum. After in the US I was enforced disappeared. Then held in solitary confinement for 18 days with no toilet paper and subjected to an attempted extrajudicial killing via forcible Ativan Withdrawal. Held 43 days past the maximum sentence for an unlawful charge 11/4/24-23/8/24. You become property of the Government when you are a political prisoner or detainee. I have been both within 48 hours of each other. For filing civil rights injunctions or attempting to.

I had to go to the Inter-American Commission on Human Rights who is still reviewing my Petition since 26/1/25 your courts would not file 3 separate actions under the Crimes Against Humanity and War Crimes Act of 2000 since 5/12/24. Your Office of Public Sector Integrity will not lawfully Act on a disclosure made 16/9/24. I have been refouled 2 times by law enforcement who knew how brutally I have been abused... A CBSA agent was willing to commit perjury to detain me as a "serious criminal" that posed a certain risk to Canadian society...

I need peace and an apology urgently and no one will be the bridge to start the process of reconciliation. I am living the state I was enforced disappeared in a house on foreclosure. Having filed 12 UN Special Procedures reports and having had to report the Registrar of the Filtering Section at the European Court of Human Rights to the International Criminal Court for blocking 12 rule 39 Interim measures requests. Is so dehumanizing knowing the ICC, UN, NATO, and EU really think leaving me to die is better than helping me at this point. If there is anyone who understands how cruel treating a victim of torture like this is and how dangerous it is to treat human rights defenders like this it would be you. No other UN Special Rapporteurs will help me.

Please make them stop hurting me... I just live in constant fear trying not to kill myself as people who ordered my enforced disappearance and attempted murder run the state. I am forced to live in this hell as poverty and refoulment drove me back here and trap me like some demented debtor's prison. This is not an existence anyone deserves to face alone, but

everyone is letting me. The Nuremberg Principles and peremptory Norms exists for very important reasons. Please help me!!! I don't want to be abandoned to suffer and die anymore.

“Whereas recognition of the inherent dignity and of the equal and inalienable rights of all members of the human family is the foundation of freedom, justice and peace in the world,"

-Preamble Universal Declaration of Human Rights
Thanks,
Legal name: Jeremy M. Lawson
Chosen name: Borealis S Hedling
They / Them
+1-959-999-8957

Of the UN Decleration of Human Rights Exist. I Plead under the Alford Doctrine 8/23/24 since a Judge with integrity realized the State Attorney/.

The State of Connecticut V. Jeremy Lawson

Exparte EX3

File complaint

GA#14 Hartford Criminal Court
M-10
docket# H14-CR24-0263184-S

ASFC CBSA

36 (1) (b) IRPA
" serious criminality having been convicted of an offence outside Canada that if committed in Canada would constitute an offense under an Act of Parliament punishable by a maximum term of imprisonment of at least 10 years." fel

ASFC Montréal – Exécution de la loi
Tuesday September 03rd, 2024

| | |
|---|---|
| ID: | 11-4195-3168 |
| Surname: | LAWSON |
| First name: | Jeremy Michael |
| Date of birth: | March 29st, 1991 |
| Country of birth : | United States of America |

Also a Class C Misdemeanor
unlawful charge Conn Gen S 53a-183 Harassment 2 has 90 day max charge or $500 fine. a. Brarsis a bigger

***Admissibility Hearing :** Thursday, September 5th, 2024 at 09:00*

---

*I, Francis Letellier, of the Canada Border Services Agency (CBSA), do solemnly declare that I make this solemn declaration conscientiously believing it to be true and knowing that it is of the same force and effect as if made under oath.* ← This is Perjury

This file was referred to us for follow-up at the next detention review with a view to holding an admissibility hearing. The subject is under investigation to determine whether he is a person to whom section 36(1)b of the IRPA applies.

On September 3rd, 2024, we requested my colleague Henry Kwan from the Major Crime Investigation Unit to obtain from the authorities in Connecticut, USA, all the information concerning the criminal record, including police reports. The documents should be forwarded to us shortly.

Once we receive Mr. Lawson's court documents, we will be in a position to determine whether there are grounds to compromise the eligibility of his claim and support section 58(1)(c) of the IRPA. For the moment, my colleague cannot state a position.

Mr. Lawson's refugee claim is currently on hold pending a decision by a Board Member of the Immigration Division regarding the issuance of a possible removal order following the evidence to be presented by my colleague..

Considering Mr. Lawson's criminal history in the United States of America, I recommend that the subject's detention be maintained on the grounds that he will not appear for his eventual removal from Canada and sees no reasonable alternative to it, as he represents a certain risk to Canadian society. The evidence on file indicates that he is subject to the 36(1)(b) inadmissibility category of the IRPA.

Francis LETELLIER - 18637
Agent d'exécution de la loi
ASFC Montréal – section renvois