

# PETITION FORM

## SECTION I: INFORMATION ON THE ALLEGED VICTIM AND PETITIONER

### 1. INFORMATION ON THE ALLEGED VICTIM(S)

*Please provide information about the person or group affected by the violations of human rights. In the event that there is more than one alleged victim, please create a new profile for each one.*

*Please provide information regarding the close family members of the alleged victim(s) who are likely to have suffered harm as a result of the alleged violation of human rights.*

- 1 -

| | |
|---|---|
| Complete name | Jeremy Lawson |
| Name the alleged victim identifies with | Borealis Serenity Hedling |
| Gender | N/A |
| Occupation | Human Rights Defender |
| Nationality | United States |
| Date of birth (dd/mm/yyyy) | 29-03-1991 |
| Mailing address | 8640 Ridge RD<br>Ellicott City Maryland 21403 |
| Telephone | 9599998957 |
| Fax | N/A |
| Email | borealis.hedling@gmail.com |
| Additional information | Trapped in country of persecution in Domestic Violence situation at crisis bed program. After being kidnapped and refouled by Icelandic police 12/11/24 with the US Government consent. So they could induce my suicide versus admitting to committing torture, refoulment, and crimes against humanity. |
| Alleged victim is deprived of liberty | Yes |
| Names of the family members and relationship to the alleged victim | N/A |
| Gender of family member(s) | N/A |
| Ocupation of family member(s) | N/A |
| Nationality of family member(s) | N/A |
| Mailing address of family member(s) | N/A |
| Telephone of family member(s) | N/A |

| | |
|---|---|
| Fax of family member(s) | N/A |
| Email of family member(s) | N/A |
| Additional information | N/A |

## 2. INFORMATION ON THE PETITIONER

Please provide information about the person or group that is submitting the petition. In the event that it is a civil society organization, include the name of the designated persons(s) who will receive communications. If there is more than one organization or person, please create a new profile for each one.

In certain cases, the Commission can keep the identity of the petitioner confidential, if expressly requested along with presenting the respective reasons (Art. 28.2). This means that only the name of the alleged victim will be communicated to the State if the IACHR decides to process your petition.

While it is possible to keep the petitioner's identity confidential, the processing of an individual petition requires that the alleged victim's identity be revealed (person, persons, group). In exceptional cases the Commission may restrict the alleged victim's identity from the public in the published documents, for example by substituting the complete name with initials or a pseudonym. The request to restrict the identity of the alleged victim must be made to the Commission with a statement of reasons.

In cases where the alleged victim and the petitioner are the same person and you wish to restrict the identity of the person in his/her capacity as petitioner, the petition must be written in the third person. An example of this would be: "the alleged victim claims that..." (and not "I was a victim of...").

| | |
|---|---|
| Include the person completing this form as a petitioner? | Yes |

| | |
|---|---|
| Complete name | Borealis Serenity Hedling |
| Organization | |
| Acronym of Organization | |
| Nationality | United States |
| Mailing address | 1 Lydall ST Manchester, CT 06042 |
| Telephone | 860-869-8636 |
| Fax | |
| Email | borealis.hedling@gmail.com |

| | |
|---|---|
| Reserve identity of petitioner? | No |

If checkbox is selected to keep petitioner identity confidential, please explain:

| |
|---|
| N/A |

## 3. IS YOUR PETITION RELATED TO A PREVIOUS PETITION OR PRECAUTIONARY MEASURE?

| | | |
|---|---|---|
| Have you previously submitted a petition to the Commission concerning these same facts? | No | |

| *Have you submitted a request for precautionary measures to the Commission concerning these same facts?* | No | |

# SECTION II - FACTS ALLEGED

## 1. MEMBER STATE OF THE OAS AGAINST WHICH THE COMPLAINT IS SUBMITTED:

| Canada |

## 2. THE FACTS ALLEGED

*Provide, in chronological order, an account of the facts alleged that is as thorough and detailed as possible. In particular, specify the place, the date, and the circumstances in which the alleged violations occurred. As a reminder, your petition must be presented in the language of the country involved. If this is not possible, please explain.*

1. On February 27th 2023 the Plaintiff informed Astread Ferron-Poole chief of staff for the Connecticut Department of Social Services (DSS) they were not using all allowable proof of allegations for the Domestic Violence Cash Benefit Program (DVCBP) P.A. 21-78 Section 14 (e). Per Exhibit 1 an email from 15/12/2022 the language of Subsection B Conn Gen § 17b-112a is "plain" and "unambiguous" not subject to statutory construction by DSS under Conn Gen § 1-2z. The issue could have been fixed with a single email. Clearly money was more important than lives to DSS.

2. Plaintiff per EX 2 the 8/4/24 email to the Department of Justice Office of Justice Programs announced to most of the State of Connecticut employees involved they were going to sue under 42 U.S.C. § 1983, 1985 (2+3), 1986. Which also refers to EX 3 FOIA #12 in which the DSS clearly lies to the University of Connecticut's general counsel to maintain the 42 U.S.C. § 1985 (3) conspiracy. With Exhibit 4 & 5 attached a 29/2/24 letter to Governor Ned Lamont and Attorney General William Tong. The Plaintiff's filed a 2nd illegally denied Immediate EX Parte Temporary Injunction without hearing in Hartford Superior Court Jeremy M Lawson V The Connecticut Department of Social Services et al Docket # CV24-5082600.
https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV2450 82600S

3. The Plaintiff was enforced disappeared by the Government of Connecticut 11/4/24. Then held on the unlawful charge Conn Gen § 53-183a Harassment 2 of Astread Ferron-Poole and DSS which by statute requires no legitimate purpose in contacting the "victim". It carries a maximum sentence of 90 days. The plaintiff served 133 days 11/4/24-23/8/24. On a $75,000 cash only court order conditions bond. Then immediately claimed asylum in Canada 8/24/24 after stating in open court after taking an Alford Plea. Dozens of state employees had committed the
Felony Conn Gen § 53-20 "cruelty to persons" "unlawful punishment" by bringing and sustaining these charges. See case the State of Connecticut V. Jeremy M Lawson Docket # H14H-CR24-0763184-S. While the Plaintiff was a political prisoner of the State of Connecticut. Their Injunction was illegally dismissed 2/5/24.

4. In the first 18 days of their incarceration they were kept in solitary confinement

with no toilet paper and subject to an attempted extrajudicial killing by forcible Ativan Withdrawal. The Governor and Attorney General had a vested interest in sending a clear message to others what happens when the vulnerable cross those in power. Especially given EX 6 (available under Google Drive link as Interim Rule 39 request #6 EX 2) a consolidated amalgam of "smoking gun" exhibits the Plaintiff had dictated emails from jail that even by June 2024 implicated the US Senate Ethics Committee.
https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=6d82401d-5287-4233-9364-62ba826d1d8c

5. It is fairly clear with EX 7 the email sent after the Plaintiff was up for 35 hours with no sleep right before they were illegally detained by the Canada Border Services Agency. The Plaintiff per EX 8 had drafted a lawful injunction 25/8/2024 Jeremy M Lawson V Canada (Citizenship and Immigration) and provided it with exhibits to the press office at the Ministry of Citizenship and Immigration. Along with Ottawa US Embassy press office and to the Quebec Superior Court Division of Montreal. Per EX 9-10 the Immigration Review Board held 2 hearings to maintain the illegal detention 29/8/24 and 5/9/24 on the absurd grounds a clearly false charge a class C misdemeanor was equivalent to a sentence with at least a maximum sentence of 10 years under Canadian law per s. 36 (1) b of the Immigration and Refugee Protection Act.

6. The Plaintiff withdrew the application for international protection as the stress of an illegal detainment right after an illegal incarceration was devastating to their mental health. Which is very clear from the Immigration Refugee Board "hearings". The CBSA never provided any means to file a request for Judicial Review. The Superior Court of Quebec Division of Montreal yelled at the Plaintiff in French and asked a battery of questions to maybe allow them to speak in English. This illegal detainment at Laval Immigration Holding Centre lasted 25/8/2024-10/9/2024 with the full well informed consent of the US Government. With the Plaintiff acting in good faith keeping the US Consulate in Montreal informed via fax and calls. Which per EX 11 the US State Department expediteda FOIA request for these calls under a "compelling" need. All later requests now
suddenly are not being expedited. The Plaintiff is individually appealing each.

7. The Plaintiff took a train to Washington, DC 11/9/24 and sued the DOJ in US District Court District of Columbia Case No 1:24-cv-02615-TNM Jeremy M Lawson V The Department of Justice per EX 12 a drafted filed as an Exhibit Petition for a Writ of Certiorari to the US Supreme Court. The court still has not granted the declaratory judgment:
"Declare The University of Connecticut and Connecticut Coalition Against Domestic Violence can advocate for the civil rights of victims and survivors of domestic violence. Without fear of retaliation from the state of Connecticut. With adequate Federal intervention to do so."
For the reason:
"The State of Connecticut is being run by a Governor who probably committed treason. Or at least multiple felonies and federal obstruction of Justice. The DOJ won't charge him for it. Strong centralized executive branches who weaponize law enforcement and the courts against civil rights activist. Is the text book definition of fascism."

8. Plaintiff per EX 13 a Rule 39 Interim measures request #6 to the European Court of Human Rights was subject to a campaign of psychological torture 16/9/24-12/11/24 in Iceland through another corrupted international protection claim process. That led to their illegal refoulement 12/11/24 even per EX 14 with a 3rd concurrent revised international criminal court referral. See EX 15 for the text of Canada's International Criminal Court referral after per EX 16 & 17 The Office of the Public Sector Integrity Commissioner of Canada failed to investigate disclosures 16/9/24 and 24/10/24.

9. The 2nd disclosure being in relations to 22/10/2024 the Plaintiff walked into the
Canadian Embassy to ensure they gathered my Torture records for their 2nd
Asylum application. Then was again threatened with being homeless 23/10/24 by
the Icelandic Government if they did not attend another "asylum interview". The
Plaintiff filed in Reykjavík District Court EX Parte the court had tons of evidence
sent to them via evidence since 15/9/2024.They later illegally denied the
Injunction via gross illegal abuse of procedural law much like the Filtering section
at the European Court of Human Rights did to the Plaintiff 6 times see EX 18 and
19. 23/10/2024 the Canadian Embassy let the Plaintiff in and printed them a map to the British Embassy in Reykjavík to claim Asylum. King Charles III is on the
wall at the Canadian Embassy... The British Embassy left them out in the rain
23/10/2024 to be tortured and illegally denied international protection 24/10/2024
saying "make an appointment" as they qouted the UN Convention against Torture
and status on Refugees at them.
Google Drive to Rule 39 Interim measures requests 1-6 European Court of Human
Rights
https://drive.google.com/drive/folders/19KJLs7-FpZFoYoLA-Fn1jfDIEaEcvtQD

23/09/24 30 minute asylum claim coerced withdrawal interview audio:
https://drive.google.com/drive/folders/1qDkPN4bR3EwT3iR9u3l0KH3VyolFC3KR
10.Even the UK Supreme Court previous to this 21/10/2024-22/10/2024 in EX 20-22
ignore the crimes against humanity, but apologize for misgendering the Plaintiff.
Which per EX 23 a emergency injunction still under review by the King's Bench
Court Jeremy M Lawson V Joy Morrissey et al. request an end to the practice of
deadnaming and misgendering of Trans and Non-binary individuals in all
Government services. Given at least when Canada and Iceland commit torture
they try to respect the Plaintiff's gender identity consistently.
11. 12/11/2024 the Plaintiff per EX 24 was illegally refouled with no notice or
paperwork. Ended up being brought to Harbor Hospital in Baltimore via police per
EX 25 since even if you request an ambulance after just being abused by police
you still need to due to not enough resources by Maryland law be brought
handcuffed via police car. The corruption gets worse from there, but that should
definitely be enough for this court to recognize I am a human being. My life has
value. The Nuremberg Principles state even heads of state are liable for crimes
against humanity without impunity. Even per EX 26 even when you directly point
out Customary International Law to authorities in the "United" States they refuse
to act. Their courts per EX 27 can still hold me in contempt for being sued by a
credit card company.
12.Plaintiff has updated this action since it was originally drafted and submitted with
efiling 5/12/24. As they had to seek another inpatient admission
10/12/24-17/12/24 at ST Joseph's Hospital in Towson, Maryland. After Sheppard
Pratt tried to label them delusional and illegally discharge them to a homeless shelter please see EX 28. St Joseph's did send the Plaintiff's Emergency Petition
for a Writ of Certiorari to the US Supreme Court.
13.Plaintiff was discharged to Safe Journeys House in Ellicott City, Maryland
17/12/24. Concurrent litigation in the UK and United States made Plaintiff seek
injunctive relief from the Canadian Supreme Court as what they thought to be the
"competent jurisdiction". While these matters might be of great public importance
this court still holds subject matter jurisdiction. The only issue is timely filing and
a need for an ACA request to ensure Plaintiff is not rexposed to administrative
barriers used to block access to justice by other venues.
14.Plaintiff has since filed a Application to set aside a dismissal issued 20/12/24 of
the King's Bench Claim # KB-2024-004260 see original action EX 29 and
dismissal EX 30. Please see EX 31-33 for the Application Notice N244, Main
Application originally submitted 26/12/24 revised 30/12/24, and the Exhibits list

as this case is materially similar the Plaintiff has excluded the Exhibits to allow timely processing of this case based on the already strong prima facie case. As required by R. v. Canadian Broadcasting Corp to be granted relief requested.

15. Plaintiff also sent a request for Precautionary measures 28/12/24 to the Inter-American Commission on Human Rights requesting they reach out to member states who signed the Convention on Diplomatic Asylum to assist the Plaintiff in seeking emergency diplomatic Asylum see EX 34. As that process was interrupted 12/11/24 by Icelandic police. Per a discharge summary from ST Joseph's hospital 31/12/24 Plaintiff has had difficulties with an abusive staff member in the crisis housing per EX 35. They would like to be granted the benefit of international protection Canada should have granted them and the means to full rehabilitation after they tortured the Plaintiff for trying to file a civil rights injunction. The claim withdrawal was coerced using an arbitrary illegal detainment. Most importantly per an email 27/2/23 Plaintiff never wanted the fact they even applied for the Domestic Violence Cash Benefit Program exposed.

16. Plaintiff has updated this action to include legal efforts and events since attempted efiling 1/1/25 (Submission ID # 2025-1-1-164945644422792) 1/1/25-14/1/25 in the absence of any court to provide injunctive relief. 2/1/25 per EX 37-39 the Plaintiff made a complaint to the law society of New Brunswick looping in the Federation of Law Societies of Canada and Law Society of Ontario. Eventually forwarding this to the premier of New Brunswick and Legislature. Even down to the Municipal Council of Shediac.

17. The Plaintiff's legal efforts slowed 2/1/25-6/1/25 with a new consumer to the Crisis Bed housing as seen in the reply to a citizen complaint to the Howard County police EX 40. The consumer engaged in various transphobic, misogynistic, Antisemitic, and Racist behavior. Them targeted the Plaintiff later when they stood up to them stating these behaviors were wrong. Culminating on 5/1/25 the other consumer attempted to kick in the Plaintiff's door yelling "military inspection" after having already bashed the door earlier. Which immediately preceding the attempt to break down the door the Plaintiff filed a cosigned complaint regarding days of problematic behavior to Safe Journeys staff with no written reply to date. The police were called the consumer returned from the hospital shortly after. The staff member on duty was an individual the Plaintiff had also reported for abuse 23/12/24 with no response. Who didn't even check to see if the Plaintiff was okay. Eventually after the police being called again the consumer was discharged 6/1/25. This was a needless traumatic experience caused by countries withholding compensation from a victim of torture. Now kept in extreme poverty knowing this could induce the Plaintiff's suicide and to shield high level officials who have committed act of torture and refouled the Plaintiff. For their attempts to access courts to stop their crimes against humanity.

18. 6/1/25 upon the Governor General of Canada accepting Prime Minister Trudeau's request to prorogue Parliament until 24/3/25. The Plaintiff having previously supported an early recall of Parliament to exercise their Article 13 Rights under the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Sent a cease and desist to the media office of the Governor General see EX 41 & 42. Stating they would add the Governor General to this action if she did not reverse this decision. The Plaintiff had also provided extensive information regarding their illegal detainment in Canada and related issues to both the National Boards for the Liberal and Conservative Party. Along with the Regional Boards of the Liberal Party. Eventually every country's Diplomatic Mission to Canada noted on the Global Affairs website.

19. Attempting to file a Petition to the Nobile officium to the Inner House of the Court of Sessions their Petition was deemed "not competent" 8/1/25 due to its "nature" not the supporting documents. The court was open to the argument presenting evidence to the court about torture did meet requirements under the Scottish Legal Aid Act of 1986 Section 36.4 to make the Plaintiff fee exempt. As the section notes the Secretary of State can modify procedures to meet Hus Majesty's government's obligations under international agreements Article 13 of

the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. The court, given the procedural absurdity of waiting on modification, still passed the petition to the clerk and a judge. After the Plaintiff kept being misgendered consistently even requesting an apology was misgendered again so resubmitted the Petition. Removing the original relief that requested "Declare everyone has the right to advocate for human rights individually and collectively without fear." even the name of the original petition is:

The Petition
of
Borealis S. Hedling
for

Allowing everyone to be able to advocate for human rights individually and collectively

without fear

20. The Plaintiff concurrently drafted an Injunction for the Federal Court of Australia Canberra 9/1/25. As like many Diplomatic Missions assigned to Iceland the Australian Embassy in Stockholm ignored the Plaintiff. In addition the Department of Foreign Affairs and Trade conduct office ignored their complaint regarding Australia abandoning a human rights defender. Eventually given the Plaintiff does not have a service address in Australia their eLodgment registration was rejected after back and forth with their office.

21. 10/1/25 the Plaintiff added an addendum to the 9/1/25 refiled Petition to the Nobile officium looking to expand the requirements under Section 3(1) of the Human Rights Act 1998 which states "So far as it is possible to do so, primary legislation and subordinate legislation must be read and given effect in a way which is compatible with the Convention rights". To include Article 1 which ensures rights for individuals under member states "jurisdiction" which per case law of the European Court of Human Rights can be beyond their borders. Along with Article 13 the right to an effective remedy. While ruling given the Scottish and British Government's failure to honor the concept of Jus Cogens. Expanding the UK court's authority to provide injunctive relief. Declarations of Incompatibility under Section 4 of the 1998 Human Rights Act do not do enough to uphold human rights. This petition addendum was named:

The Petition
of
Borealis S Hedling
for

Expanding the courts of the UK authority to ensure the Government can adequately

safeguard Human rights and honor international agreements.

22. The Plaintiff also 10/1/25 made a direct request for a preliminary ruling to the European Court of Justice on Removing Iceland as a "third safe country" under Recast APD. Also lifting the illegal Schengen Ban as the European Court of Human Rights in the Plaintiff's 7th request would not specifying no relief was requested.

23. 11/1/25 the Plaintiff in frustration with Courts unwilling to just declare they were a human being and could advocate for human rights without fear. Directly appealed for leave to appeal to the Ireland Supreme Court as their Embassy in Oslo had ignored the Plaintiff since 20/9/24. Citing Article 13 of the European Convention on Human Rights and Jus Cogens. With details experiences with lower courts had been traumatic. Requesting the original relief The Inner House would not

provide 8/1/25 based on "nature" not the merits of the case. With the entire Dáil Éireann cced.

24. 12/1/25 the Plaintiff made their 8th Rule 39 Interim measures request to expand the injunctive relief available given the Plaintiff claimed due to the inaction of the European Court of Human Rights they had 7 valid Article 13 claims against the court for failing to provide an effective remedy. Yet ultimately seeking some reconciliation with the court and informing them of their concurrent actions and effort to preserve the institutional integrity of the European System guided by a central idea from the court's former president. The request appears to be under review as the Plaintiff directed the Court to provide an actual review of Interim measures request #6. The closure stated "
"The European system of protection of human rights with its Court would be inconceivable untied from democracy. In fact, we have a bond that is not only regional or geographic: a State cannot be party to the European Convention on Human Rights if it is not a member of the Council of Europe; it cannot be a member State of the Council of Europe if it does not respect pluralist democracy, the rule of law and human rights. So a non-democratic State could not participate in the ECHR system: the protection of democracy goes hand in hand with the protection of rights."
—Guido Raimond president of the European Court of Human Rights

25. 13/1/25 The Plaintiff submitted a late Amicus brief actio popularis to the United States 11th Circuit Court of Appeals. Given Attorney General Merrick Garland's clear involvement he had no authority to act as Attorney General. Regardless of the underlying nature of the case. Also the Plaintiff had sent Todd Blanche the submitted Petition to the nobile officium 8/1/25 at 2:57 am EST. The day his firm filed in the same case as amicus curiae counsel for President Donald Trump. The 11th Circuit would not take these citing Procedural rules of the court of needing authorization to transmit filings via alternative means.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,
v.
WALTINE NAUTA and CARLOS DE OLIVEIRA
No. 24-12311-J

26. 14/1/25 after citing the specific International instruments and issues refusing filings would have. Along with concurrently showing the King's Bench Court still torturing the Plaintiff with an onerous filing fee process that is so blatantly abusive it is horrifying. The Plaintiff sought to have the 11th Circuit reconsider taking the filings under the 2008 Americans with Disabilities Act and international instruments. The Department of Justice had already released Volume 1 of Special Counsel Jack Smith's final report on President Trump's efforts to interfere in the 2020 election. The Plaintiff acknowledged to relevant parties as a proponent of Government Transparency they were happy the report was released, but Merrick Garland did not legally have the authority to release it given his role in violating international instruments. Pointing out a request to the Office of Legal
Counsel 30/12/24 to expedite 2 items of a FOIA request made 9/12/24 right before the attempted 10/12/24 retaliatory discharge by Sheppard Pratt and subsequent rehospitalization at ST Joseph's Hospital. Given the 2 items were a letter the Plaintiff sent Merrick Garland from prison 11/7/24 and a 17 page letter about the Plaintiff's enforced disappearance to the Department of Justice Office of the Inspector General around 5/2024 it was important to confirm receipt.

27. Later in the day Google for a second time since the account was created disabled "Silenceisvalidation@gmail.com" the Plaintiff due to Google wanting a verification of identity as when they disabled the account their session expired. Has not been able to reset their password to even appeal this decision even with the last time Google being sent a cease and desist. Feedback and a Google One Expert chat noting the issue. The inherent breach of their own human rights program. Including having received a drafted not filed EX Parte Temporary Restraining Order to keep account access, but with no

ability to file in The Northern District of California or even District Of Maryland the Plaintiff is again due to extreme poverty denied access to justice. They voiced pretty plainly to "Internationalcivil@google.com" and the Department of Justice this was severely exacerbating their suicidal Ideations.

28. The Plaintiff attempted to email the after hours emergency filing email for the Southern District of Florida (they arrange, but don't take filings via email). As the related emergency motion in the lower court on releasing of volume 2 of Special Counsel Jack Smith's report is set for a hearing 17/1/25 at 2p EST. Documents in support of continuing to enjoin Attorney General Merrick Garland from releasing the report have to be received on or before 16/1/25. Regardless of the Plaintiff's personal beliefs Merrick Garland has no authority to release anything as he can't be Attorney General based on Jus Cogens. He lost his constitutional authority when he chose to violate international instruments. Under the ADA the Plaintiff requested to correspond if possible exclusively via email and for the court to take the emergency filings via email or have the 11th Circuit send them. To not risk a rejection by default.

29. Exhibits regarding point 21 to 28 are organized around Rule 39 Interim request #8 as the request for a preliminary ruling to the European Court of Justice which shows an executive summary of various litigation act as a better road map for this court. See EX 43-57

30. Given the commentary of the incoming President of annexing Canada even as a joke with the inevitable political instability. Along with the Government's complete disregard towards the Plaintiff as a human being and human rights in general. The Plaintiff appropriately the Plaintiff also in their

31. The Plaintiff has further Amended this action was unable to efile it 1/15/25 and has received no email response from the Registrar office for the Federal Court of Canada in Ottawa. The Plaintiff did receive a denial for their 24/12/24 Access to Information Act request regarding drafting of a joint resolution of the Information commissioner calling for more transparency in Government. Based on them not being a Canadian citizen, a Permanent Resident, physically present in Canada,
or have a Canadian proxy.
"All information available pertaining to the drafting of the joint resolution:
Transparency by default – Information Regulators Call for a New Standard in Government Service."

32. The Plaintiff's initial request and response to the denial cited the expressed fact that this law discriminates based on national origin and these xenophobic restrictions go against the expressed purposes of the Act.
"Equality Rights
Marginal note:Equality before and under law and equal protection and benefit of law
15 (1) Every individual is equal before and under the law and has the right to the equal protection and equal benefit of the law without discrimination and, in particular, without discrimination based on race, national or ethnic origin, colour, religion, sex, age or mental or physical disability.
Marginal note:Affirmative action programs
(2) Subsection (1) does not preclude any law, program or activity that has as its object the amelioration of conditions of disadvantaged individuals or groups including those that are disadvantaged because of race, national or ethnic origin, colour, religion, sex, age or mental or physical disability."
-Article 15 of the Canadian Charter of Rights and Freedoms
"Purpose of Act
Marginal note:Purpose of Act
2 (1) The purpose of this Act is to enhance the accountability and transparency of federal institutions in order to promote an open and democratic society and to enable public debate on the conduct of those institutions.
Marginal note:Specific purposes of Parts 1 and 2
(2) In furtherance of that purpose, (a) Part 1 extends the present laws of Canada to provide a right of access to information

in records under the control of a government institution in accordance with the principles that government information should be available to the public, that necessary exceptions to the right of access should be limited and specific and that decisions on the disclosure of government information should be reviewed independently of government; and
(b) Part 2 sets out requirements for the proactive publication of information."
-1985 Access to Information Act
33. The Plaintiff has no adequate remedy at law.

## 3. AUTHORITIES ALLEGEDLY RESPONSIBLE

*Identify the person(s) or authorities who you consider responsible for the facts alleged and provide any additional information as to why you consider the State responsible for the alleged violations.*

Minister LeBlanc (now Minister of Finance)
Minister Miller (Minister of Citizenship and Immigration)
Prime Minister Justin Trudeau
The Canada Border Services Agency
The Immigration and Refugee Board of Canada
The Governor General of Canada
The Federal Parliament of Canada
The Victims Ombudsman
The Public Sector Integrity Commissioner.
The chief legal officer for the Supreme Court of Canada

## 4. HUMAN RIGHTS ALLEGEDLY VIOLATED

*Indicate the rights that you consider have been violated. If possible, specify the rights protected by the American Declaration of the Rights and Duties of Man, the American Convention on Human Rights, or the other inter-American human rights treaties. Consult inter-American human rights instruments on our web page.*

Right to enjoy asylum in other countries, access to the courts, right to not be arbitrarily detained, right to compensation as a victim of torture, right to not be refouled, right to access the courts, freedom of movement, right to freedom of expression, right to freedom of assembly, right to access to information. Right to access systems of justice and Right to be heard. So many international instruments violated shunning a victim of torture is an act of torture.

## SECTION III - LEGAL REMEDIES PURSUED TO RESOLVE THE FACTS ALLEGED

*Describe the actions pursued by the alleged victim(s) or the petitioner before judicial bodies. Explain any other remedy pursued before domestic authorities, including administrative agencies, if any.*

Attempted to contact the noted authorities. Offered to testify to Minister Miller's crimes against humanity in front of parliament. Attempted to file 3 Interlocutory Mandatory Injunctions in the Federal Court of Canada in Ottawa. Gave up uploaded this same action to the International Criminal Court, but they have known since 9/2024. Heads of state are violating the Nuremberg Principles I exhausted every remedy. Even trying to just get the New Brunswick Law Society to take a simple disciplinary complaint on Minister Miller.

*If it has not been possible to exhaust domestic remedies, choose from the following options the one that best explains why it was not possible:*

Access to domestic remedies has not been permitted, or exhausting them has been impeded

*Please explain the reasons*

| Again it implicates an entire cabinet other heads of state it is the same reason why the Nuremberg Principles and Jus Cogens exist you can't refoul, torture, or commit crimes against humanity unless the UN, Council of Europe, NATO, and 100 countries diplomatic missions let you with impunity. |

*Indicate whether there was a judicial investigation. Indicate when it began, when it ended, and the result. If it has not concluded, indicate why.*

| 16/9/24 Commissioner of Public Sector Integrity took disclosure than promptly never continued it... |

*If applicable, indicate the date of notification of the final decision of the competent court.*

| The court is using procedural law to not accept filing made under Canada's universal jurisdiction law the Crimes Against Humanity and War Crimes Act of 2000. |

## SECTION IV - AVAILABLE EVIDENCE

### 1. EVIDENCE

*The available evidence includes any documents that may prove the violations alleged (for example, the principal pleadings and exhibits in judicial or administrative records, expert reports, forensic reports, photographs, and video or film recordings, among others). In the initial stage it is not necessary to send all the available documentation; it is useful to present the decisions and principal pleadings.*
*• If possible, upload an electronic copy to this form or send a simple copy. The copies do not need to be certified or legally authenticated.*
*• Please do not send originals.*
*• If it is not possible to send the documents, you should explain why and indicate whether you will be able to send them in the future. In any event, you should indicate which documents are relevant to proving the facts alleged.*
*• The documents should be in the language of the State, so long as it is an official language of the OAS (Spanish, English, Portuguese, or French). If this is not possible, the reasons should be explained.*

| Main Pleading Hedling v. Canada | Borealis S Hedling V Canada 4(2).PDF | 315 Kb |
| Motion to Add Defendants | Motion to add Defendants Hedling V Canada .PDF | 81 Kb |
| Affidavit of Service 15/1/25 | 15-1-25 Affidavit of Service.PDF | 51 Kb |
| EX 1 | EX 1 12-14-22-12-15-22 FOIA 6-26-23.pdf | 145 Kb |
| EX 2 | EX 2 US DOJ knows 4-8-24.PDF | 1092 Kb |
| EX 3 | EX 3 FOIA 12 redacted.PDF | 2226 Kb |
| EX 4 | EX 4 Dear Governor.pdf | 30 Kb |
| EX 5 | EX 5 Dear Attorney General Tong.pdf | 70 Kb |
| EX 6 | EX 6 smokin gun amalgam.pdf | 23675 Kb |
| EX 7 | EX 7 Last email 25-8-24 before Canada Gulag.PDF | 96 Kb |
| EX 8 | EX 8 Emergency Request for Injunctive Relief Lawson V Canada.PDF | 75 Kb |
| EX 9 | EX 9 29-08-2024 IRB Hearing Transcript.pdf | 5880 Kb |

| | | |
|---|---|---|
| EX 10 | EX 10 IRB Hearing Transcript 5-09-2024.pdf | 2372 Kb |
| EX 11 | EX 11 US State Department FOIA expedited.PDF | 74 Kb |
| EX 12 | EX 12 Petition for a Writ of Certiorari  (1).PDF | 98 Kb |
| EX 13 | EX 13 Rule 39 Request 6 no refoulment to US by Iceland.PDF | 128 Kb |
| EX 14 | EX 14 Confirmation of 11-11-24 uploads to International Criminal Court.pdf | 672 Kb |
| EX 15 | EX 15 Referral to the ICC Canada .PDF | 81 Kb |
| EX 16 | EX 16 Disclosure _ Office of the Public Sector Integrity Commissioner.PDF | 106 Kb |
| EX 17 | EX 17 I made another complaint to the Commissioner of Public Sector Integrity.PDF | 136 Kb |
| EX 18 | EX 18 illegal closure of Reykjavík District Court case.PDF | 852 Kb |
| EX 19 | EX 19 Illegally blocked Rule 39 Request 6 is incomplete.PDF | 157 Kb |
| EX 20 | EX 20 21-10-2024 UK Supreme Court letter.pdf | 66 Kb |
| EX 21 | EX 21 UK Supreme Court apology.PDF | 3291 Kb |
| EX 22 | EX 22 22-10-24 UK Supreme Court Letter.pdf | 71 Kb |
| EX 23 | EX 23 Jeremy M Lawson V Joy Morrissey et al.PDF | 43 Kb |
| EX 24 | EX 24 Emergency Notice being illegally refouled with police escort(1).PDF | 41 Kb |
| EX 25 | EX 25 Emergency Petition for Medical Evaluation Maryland District.pdf | 414 Kb |
| EX 26 | EX 26 Customary International Law.PDF | 2154 Kb |
| EX 27 | EX 27 Notice of proceedings US National Bank v Jeremy M Lawson .PDF | 281 Kb |
| EX 28 | EX 28 JL discharge information 101224 (1).pdf | 655 Kb |
| EX 29 | EX 29 Jeremy M Lawson V The Civil Justice Council (1).PDF | 75 Kb |
| EX 30 | EX 30 Kings Bench Associates - Sealed Interim Order.pdf | 99 Kb |
| EX 31 | EX 31 N244 30-12-24.pdf | 168 Kb |
| EX 32 | EX 32 Application to set aside order Lawson V The Civil Justice Council.PDF | 770 Kb |
| EX 33 | EX 33 Supplemental Exhibits List Lawson V The Civil Justice Council (1).PDF | 48 Kb |
| EX 34 | EX 34 Petition For Precautionary Measures to the Inter-American Commission on Human Rights.PDF | 2776 Kb |

| | | |
|---|---|---|
| EX 35 | EX 35 31-12-24 Discharge Summary.PDF | 720 Kb |
| EX 36 | EX 36 2-27-23 email to Cristina Macgillis (1).pdf | 25 Kb |
| EX 37 | EX 37 Emergency Disciplinary Complaint New Brunswick Minister LeBlanc.PDF | 127 Kb |
| EX 38 | EX 38 attachments to Le Blanc Complaint.PDF | 243 Kb |
| EX 39 | EX 39 Emergency Complaint to Law society of New Brunswick.PDF | 1706 Kb |
| EX 40 | EX 40 Case CS0060294.PDF | 238 Kb |
| EX 41 | EX 41 Emergency Cease and Desist to the Governor General.PDF | 337 Kb |
| EX 42 | EX 42 attachments for GG cease and Desist.PDF | 193 Kb |
| EX 43 | EX 43 Rule 39 8 expanding rule 39 for violating Article 13.PDF | 906 Kb |
| EX 44 | EX 44 Hedling v DFAT Federal Court of Australia 9-1-25.PDF | 756 Kb |
| EX 45 | EX 45 Borealis Petition 10-1-25 Inner House Court of Sessions.PDF | 2036 Kb |
| EX 46 | EX 46 Schedule of Service Borealis S Hedling Petition 7-1-27.PDF | 183 Kb |
| EX 47 | EX 47 Schedule of Documents 2.0 Petition Borealis (1).PDF | 86 Kb |
| EX 48 | EX 48 Petition Addendum expand court authority.PDF | 228 Kb |
| EX 49 | EX 49 Ireland Form 1 Application for Leave to Appeal.PDF | 292 Kb |
| EX 50 | EX 50 Emergency Amicus Curiae actio popularis.PDF | 176 Kb |
| EX 51 | EX 51 Gmail - Emergency Petition 2.PDF | 692 Kb |
| EX 52 | EX 52 attachments on email chained filed as EX 1.PDF | 732 Kb |
| EX 53 | EX 53 Gmail - Please send all correspondence to this email.PDF | 123 Kb |
| EX 54 | EX 54 Expedited processing DOJ OIG FOIA Request FY25-078.PDF | 97 Kb |
| EX 55 P25-00012 Final Acknowledgement Letter.pdf | EX 55 P25-00012 Final Acknowledgement Letter.pdf | 263 Kb |
| EX 56 | EX 56 Emergency White House FOIA 5 on the Domestic Violence Cash Benefit Program.PDF | 147 Kb |
| EX 57 Emergency ADA Request to file correpond via email in CASE NO.PDF | EX 57 Emergency ADA Request to file correpond via email in CASE NO.PDF | 555 Kb |
| EX 58 | EX 58 Access to Information Request and ACA request _ Victims Rights issues.PDF | 431 Kb |
| | | |

| EX 59 | EX 59 Further clarification on your inquiry.PDF | 122 Kb |
| EX 60 | EX 60 RE_ I did finish writing the EX Parte Injunction Hedling v DFAT.PDF | 397 Kb |
| EX 61 | EX 61 Rule 39 Interim measures request #9.PDF | 186 Kb |
| Online Petition on 01/27/25 12:47 PM.pdf | Online Petition on 01/27/25 12:47 PM.pdf | 97 Kb |

## 2. WITNESSES

*Identify, if possible, the witnesses to the alleged violations. If those persons have given statements to the judicial authorities, send, if possible, a simple copy of the witness statements or indicate whether you will be able to send them in the future. Indicate whether it is necessary to keep the identity of the witnesses confidential.*

Everyone on the planet in Government..

## SECTION V - OTHER COMPLAINTS LODGED

*Please indicate whether these facts have been presented to the Human Rights Committee of the United Nations or any other international organization:*

No

*If yes, indicate which organization and the results obtained:*

UN High Commissioner on Refugee via media contacts 12/9/24
UN Ethics Office (who has been withholding petitions made under optional protocols from various committees set up by international instruments) 22/9/24
Council of Europe and European Court of Human Rights 23/9/24-present (Put in 10 Rule 39 Interim Measures requests all blocked by the Registrar of the Filtering Section).
NATO and the Nordic Council of Ministers around 10/2024-11/2024
UN Special Procedures Report to Mandate Holders for UN High Commissioner on Human Rights 23/11/24 and 1/12/2024

All with frequent updates begging for help via email. They just watch me almost kill myself and face extreme poverty and abuse to shield the status quo even when it is catastrophic and the damage gets worse daily.

*Additional information (use this space for any additional information you consider necessary)*

Please don't abandon me... I just wanted to help victims of domestic violence get emergency benefits at their word as required by a law a child could read. Instead faced enforced disappearance, an attempted extrajudicial killing via forcible ativan withdrawal, illegal incarceration, illegal detainment right after the incarceration, blacklisting, shunning, threats of corporal punishment, and extreme poverty meant to induce my suicide. 2 Refoulments definitley meant to induce my suicide. I mostly want compensation in the form of providing a donation to ST Judes Childrens Research Hospital. Shielding public officials against accountability for torturing me, refouling me, and committing crimes against humanity. Versus apologizing and giving money to children with cancer is where the World Government is at. Courts and judges who keep allowing this to continue think they are immune too...

SIGNATURE : borealis.hedling@gmail.com
DATE : 26-01-2025 07:47 PM