Federal Court of Canada

Case No_____
To be assigned by clerk

Request for a Emergency mandatory interlocutory injunction

Borealis S Hedling

V.

Minister of Citizenship and Immigration

Minister of Public Safety and Emergency Preparedness

Minister of Global Affairs

The Canada Border Services Agency

The Immigration and Refugee Board of Canada

The Office of the Public Sector Integrity Commissioner of Canada

The Governor General of Canada

The Office of the Information Commissioner of Canada

**Subject Matter Jurisdiction**: This court has subject matter jurisdiction to hear this case under section 18.2 RSC 1985, c F-7 of the Federal Courts Act. The Crimes Against Humanity and War Crimes Act of 2000. Under Article 13 and 14 of the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Under Article 24 of the Canadian Charter of Rights and Freedoms. Along with the Principles of Jus Cogens.

**Relief sought:**
1. Waive all fees and bear the cost of bringing this action due to the public importance of the matter.
2. Take this action formatted "as is" and allow Plaintiff to use chosen name instead of dead name in case header.
3. Suspend the United States designation as a "safe third country" under s. 159.3 of the Immigration and Refugee Protection Act for failure to meet Factor 3 under s. 102 (2).
4. Declare everyone has the right to advocate for human rights individually and collectively.

1

5. End the Practice of deadnaming and misgendering of Trans and Non-binary individuals in all Government services.
6. Compel The Governor General to review this case in consideration of exercising practices such as using reserve powers to remove the Prime Minister and recalling parliament
7. Allow anyone regardless of national origin or physical location be able to receive Information under the Access to Information Act and Privacy Act.
8. Any such further order that this Honourable Court deems appropriate.

**Complaint:**

1. On February 27th 2023 the Plaintiff informed Astread Ferron-Poole chief of staff for the Connecticut Department of Social Services (DSS) they were not using all allowable proof of allegations for the Domestic Violence Cash Benefit Program (DVCBP) P.A. 21-78 Section 14 (e). Per Exhibit 1 an email from 15/12/2022 the language of Subsection B Conn Gen § 17b-112a is "plain" and "unambiguous" not subject to statutory construction by DSS under Conn Gen § 1-2z. The issue could have been fixed with a single email. Clearly money was more important than lives to DSS.

2. Plaintiff per EX 2 the 8/4/24 email to the Department of Justice Office of Justice Programs announced to most of the State of Connecticut employees involved they were going to sue under 42 U.S.C. § 1983, 1985 (2+3), 1986. Which also refers to EX 3 FOIA #12 in which the DSS clearly lies to the University of Connecticut's general counsel to maintain the 42 U.S.C. § 1985 (3) conspiracy. With Exhibit 4 & 5 attached a 29/2/24 letter to Governor Ned Lamont and Attorney General William Tong. The Plaintiff's filed a 2nd illegally denied Immediate EX Parte Temporary Injunction without hearing in Hartford Superior Court Jeremy M Lawson V The Connecticut Department of Social Services et al Docket # CV24-5082600.

https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV2450 82600S

3. The Plaintiff was enforced disappeared by the Government of Connecticut 11/4/24. Then held on the unlawful charge Conn Gen § 53-183a Harassment 2 of Astread Ferron-Poole and DSS which by statute requires no legitimate purpose in contacting the "victim". It carries a maximum sentence of 90 days. The plaintiff served 133 days 11/4/24-23/8/24. On a $75,000 cash only court order conditions bond. Then immediately claimed asylum in Canada 8/24/24 after stating in open

2

court after taking an Alford Plea. Dozens of state employees had committed the Felony Conn Gen § 53-20 "cruelty to persons" "unlawful punishment" by bringing and sustaining these charges. See case the State of Connecticut V. Jeremy M Lawson Docket # H14H-CR24-0763184-S. While the Plaintiff was a political prisoner of the State of Connecticut. Their Injunction was illegally dismissed 2/5/24.

4. In the first 18 days of their incarceration they were kept in solitary confinement with no toilet paper and subject to an attempted extrajudicial killing by forcible Ativan Withdrawal. The Governor and Attorney General had a vested interest in sending a clear message to others what happens when the vulnerable cross those in power. Especially given EX 6 (available under Google Drive link as Interim Rule 39 request #6 EX 2) a consolidated amalgam of "smoking gun" exhibits the Plaintiff had dictated emails from jail that even by June 2024 implicated the US Senate Ethics Committee.

https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=6d82401d-5287-4233-9364-62ba826d1d8c

5. It is fairly clear with EX 7 the email sent after the Plaintiff was up for 35 hours with no sleep right before they were illegally detained by the Canada Border Services Agency. The Plaintiff per EX 8 had drafted a lawful injunction 25/8/2024 Jeremy M Lawson V Canada (Citizenship and Immigration) and provided it with exhibits to the press office at the Ministry of Citizenship and Immigration. Along with Ottawa US Embassy press office and to the Quebec Superior Court Division of Montreal. Per EX 9-10 the Immigration Review Board held 2 hearings to maintain the illegal detention 29/8/24 and 5/9/24 on the absurd grounds a clearly false charge a class C misdemeanor was equivalent to a sentence with at least a maximum sentence of 10 years under Canadian law per s. 36 (1) b of the Immigration and Refugee Protection Act.

6. The Plaintiff withdrew the application for international protection as the stress of an illegal detainment right after an illegal incarceration was devastating to their mental health. Which is very clear from the Immigration Refugee Board "hearings". The CBSA never provided any means to file a request for Judicial Review. The Superior Court of Quebec Division of Montreal yelled at the Plaintiff in French and asked a battery of questions to maybe allow them to speak in English. This illegal detainment at Laval Immigration Holding Centre lasted 25/8/2024-10/9/2024 with the full well informed consent of the US Government. With the Plaintiff acting in good faith keeping the US Consulate in Montreal informed via fax and calls. Which per EX 11 the US State Department expedited

a FOIA request for these calls under a "compelling" need. All later requests now suddenly are not being expedited. The Plaintiff is individually appealing each.

7. The Plaintiff took a train to Washington, DC 11/9/24 and sued the DOJ in US District Court District of Columbia Case No 1:24-cv-02615-TNM Jeremy M Lawson V The Department of Justice per EX 12 a drafted filed as an Exhibit Petition for a Writ of Certiorari to the US Supreme Court. The court still has not granted the declaratory judgment:

"Declare The University of Connecticut and Connecticut Coalition Against Domestic Violence can advocate for the civil rights of victims and survivors of domestic violence. Without fear of retaliation from the state of Connecticut. With adequate Federal intervention to do so."

For the reason:

"The State of Connecticut is being run by a Governor who probably committed treason. Or at least multiple felonies and federal obstruction of Justice. The DOJ won't charge him for it. Strong centralized executive branches who weaponize law enforcement and the courts against civil rights activist. Is the text book definition of fascism."

8. Plaintiff per EX 13 a Rule 39 Interim measures request #6 to the European Court of Human Rights was subject to a campaign of psychological torture 16/9/24-12/11/24 in Iceland through another corrupted international protection claim process. That led to their illegal refoulement 12/11/24 even per EX 14 with a 3rd concurrent revised international criminal court referral. See EX 15 for the text of Canada's International Criminal Court referral after per EX 16 & 17 The Office of the Public Sector Integrity Commissioner of Canada failed to investigate disclosures 16/9/24 and 24/10/24.

9. The 2nd disclosure being in relations to 22/10/2024 the Plaintiff walked into the Canadian Embassy to ensure they gathered my Torture records for their 2nd Asylum application. Then was again threatened with being homeless 23/10/24 by the Icelandic Government if they did not attend another "asylum interview". The Plaintiff filed in Reykjavík District Court EX Parte the court had tons of evidence sent to them via evidence since 15/9/2024.They later illegally denied the Injunction via gross illegal abuse of procedural law much like the Filtering section at the European Court of Human Rights did to the Plaintiff 6 times see EX 18 and 19. 23/10/2024 the Canadian Embassy let the Plaintiff in and printed them a map

4

to the British Embassy in Reykjavík to claim Asylum. King Charles III is on the wall at the Canadian Embassy... The British Embassy left them out in the rain 23/10/2024 to be tortured and illegally denied international protection 24/10/2024 saying "make an appointment" as they qouted the UN Convention against Torture and status on Refugees at them.

Google Drive to Rule 39 Interim measures requests 1-6 European Court of Human Rights

https://drive.google.com/drive/folders/19KJLs7-FpZFoYoLA-Fn1jfDIEaEcvtQD

23/09/24 30 minute asylum claim coerced withdrawal interview audio:

https://drive.google.com/drive/folders/1qDkPN4bR3EwT3iR9u3I0KH3VyoIFC3KR

10. Even the UK Supreme Court previous to this 21/10/2024-22/10/2024 in EX 20-22 ignore the crimes against humanity, but apologize for misgendering the Plaintiff. Which per EX 23 a emergency injunction still under review by the King's Bench Court Jeremy M Lawson V Joy Morrissey et al. request an end to the practice of deadnaming and misgendering of Trans and Non-binary individuals in all Government services. Given at least when Canada and Iceland commit torture they try to respect the Plaintiff's gender identity consistently.

11. 12/11/2024 the Plaintiff per EX 24 was illegally refouled with no notice or paperwork. Ended up being brought to Harbor Hospital in Baltimore via police per EX 25 since even if you request an ambulance after just being abused by police you still need to due to not enough resources by Maryland law be brought handcuffed via police car. The corruption gets worse from there, but that should definitely be enough for this court to recognize I am a human being. My life has value. The Nuremberg Principles state even heads of state are liable for crimes against humanity without impunity. Even per EX 26 even when you directly point out Customary International Law to authorities in the "United" States they refuse to act. Their courts per EX 27 can still hold me in contempt for being sued by a credit card company.

12. Plaintiff has updated this action since it was originally drafted and submitted with efiling 5/12/24. As they had to seek another inpatient admission 10/12/24-17/12/24 at ST Joseph's Hospital in Towson, Maryland. After Sheppard Pratt tried to label them delusional and illegally discharge them to a homeless

5

shelter please see EX 28. St Joseph's did send the Plaintiff's Emergency Petition for a Writ of Certiorari to the US Supreme Court.

13. Plaintiff was discharged to Safe Journeys House in Ellicott City, Maryland 17/12/24. Concurrent litigation in the UK and United States made Plaintiff seek injunctive relief from the Canadian Supreme Court as what they thought to be the "competent jurisdiction". While these matters might be of great public importance this court still holds subject matter jurisdiction. The only issue is timely filing and a need for an ACA request to ensure Plaintiff is not rexposed to administrative barriers used to block access to justice by other venues.

14. Plaintiff has since filed a Application to set aside a dismissal issued 20/12/24 of the King's Bench Claim # KB-2024-004260 see original action EX 29 and dismissal EX 30. Please see EX 31-33 for the Application Notice N244, Main Application originally submitted 26/12/24 revised 30/12/24, and the Exhibits list as this case is materially similar the Plaintiff has excluded the Exhibits to allow timely processing of this case based on the already strong prima facie case. As required by R. v. Canadian Broadcasting Corp to be granted relief requested.

15. Plaintiff also sent a request for Precautionary measures 28/12/24 to the Inter-American Commission on Human Rights requesting they reach out to member states who signed the Convention on Diplomatic Asylum to assist the Plaintiff in seeking emergency diplomatic Asylum see EX 34. As that process was interrupted 12/11/24 by Icelandic police. Per a discharge summary from ST Joseph's hospital 31/12/24 Plaintiff has had difficulties with an abusive staff member in the crisis housing per EX 35. They would like to be granted the benefit of international protection Canada should have granted them and the means to full rehabilitation after they tortured the Plaintiff for trying to file a civil rights injunction. The claim withdrawal was coerced using an arbitrary illegal detainment. Most importantly per an email 27/2/23 Plaintiff never wanted the fact they even applied for the Domestic Violence Cash Benefit Program exposed.

16. Plaintiff has updated this action to include legal efforts and events since attempted efiling 1/1/25 (Submission ID # 2025-1-1-164945644422792) 1/1/25-14/1/25 in the absence of any court to provide injunctive relief. 2/1/25 per EX 37-39 the Plaintiff made a complaint to the law society of New Brunswick looping in the Federation of Law Societies of Canada and Law Society of Ontario. Eventually forwarding this to the premier of New Brunswick and Legislature. Even down to the Municipal Council of Shediac.

17. The Plaintiff's legal efforts slowed 2/1/25-6/1/25 with a new consumer to the Crisis Bed housing as seen in the reply to a citizen complaint to the Howard County police EX 40. The consumer engaged in various transphobic, misogynistic, Antisemitic, and Racist behavior. Them targeted the Plaintiff later when they stood up to them stating these behaviors were wrong. Culminating on 5/1/25 the other consumer attempted to kick in the Plaintiff's door yelling "military inspection" after having already bashed the door earlier. Which immediately preceding the attempt to break down the door the Plaintiff filed a cosigned complaint regarding days of problematic behavior to Safe Journeys staff with no written reply to date. The police were called the consumer returned from the hospital shortly after. The staff member on duty was an individual the Plaintiff had also

reported for abuse 23/12/24 with no response. Who didn't even check to see if the Plaintiff was okay. Eventually after the police being called again the consumer was discharged 6/1/25. This was a needless traumatic experience caused by countries withholding compensation from a victim of torture. Now kept in extreme poverty knowing this could induce the Plaintiff's suicide and to shield high level officials who have committed act of torture and refouled the Plaintiff. For their attempts to access courts to stop their crimes against humanity.

18. 6/1/25 upon the Governor General of Canada accepting Prime Minister Trudeau's request to prorogue Parliament until 24/3/25. The Plaintiff having previously supported an early recall of Parliament to exercise their Article 13 Rights under the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Sent a cease and desist to the media office of the Governor General see EX 41 & 42. Stating they would add the Governor General to this action if she did not reverse this decision. The Plaintiff had also provided extensive information regarding their illegal detainment in Canada and related issues to both the National Boards for the Liberal and Conservative Party. Along with the Regional Boards of the Liberal Party. Eventually every country's Diplomatic Mission to Canada noted on the Global Affairs website.

19. Attempting to file a Petition to the Nobile officium to the Inner House of the Court of Sessions their Petition was deemed "not competent" 8/1/25 due to its "nature" not the supporting documents. The court was open to the argument presenting evidence to the court about torture did meet requirements under the Scottish Legal Aid Act of 1986 Section 36.4 to make the Plaintiff fee exempt. As the section notes the Secretary of State can modify procedures to meet Hus Majesty's government's obligations under international agreements Article 13 of the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. The court, given the procedural absurdity of waiting on modification, still passed the petition to the clerk and a judge.  After the Plaintiff kept being misgendered consistently even requesting an apology was misgendered again so resubmitted the Petition. Removing the original relief that requested "Declare everyone has the right to advocate for human rights individually and collectively without fear." even the name of the original petition is:

The Petition
of
Borealis S. Hedling
for
Allowing everyone to be able to advocate for human rights individually and collectively without fear

7

20. The Plaintiff concurrently drafted an Injunction for the Federal Court of Australia Canberra 9/1/25. As like many Diplomatic Missions assigned to Iceland the Australian Embassy in Stockholm ignored the Plaintiff. In addition the Department of Foreign Affairs and Trade conduct office ignored their complaint regarding Australia abandoning a human rights defender. Eventually given the Plaintiff does not have a service address in Australia their eLodgment registration was rejected after back and forth with their office.

21. 10/1/25 the Plaintiff added an addendum to the 9/1/25 refiled Petition to the Nobile officium looking to expand the requirements under Section 3(1) of the Human Rights Act 1998 which states "So far as it is possible to do so, primary legislation and subordinate legislation must be read and given effect in a way which is compatible with the Convention rights". To include Article 1 which ensures rights for individuals under member states "jurisdiction" which per case law of the European Court of Human Rights can be beyond their borders. Along with Article 13 the right to an effective remedy. While ruling given the Scottish and British Government's failure to honor the concept of Jus Cogens. Expanding the UK court's authority to provide injunctive relief. Declarations of Incompatibility under Section 4 of the 1998 Human Rights Act do not do enough to uphold human rights. This petition addendum was named:

The Petition
of
Borealis S Hedling
for

Expanding the courts of the UK authority to ensure the Government can adequately safeguard Human rights and honor international agreements.

22. The Plaintiff also 10/1/25 made a direct request for a preliminary ruling to the European Court of Justice on Removing Iceland as a "third safe country" under Recast APD. Also lifting the illegal Schengen Ban as the European Court of Human Rights in the Plaintiff's 7th request would not specifying no relief was requested.

23. 11/1/25 the Plaintiff in frustration with Courts unwilling to just declare they were a human being and could advocate for human rights without fear. Directly appealed for leave to appeal to the Ireland Supreme Court as their Embassy in Oslo had ignored the Plaintiff since 20/9/24. Citing Article 13 of the European Convention on Human Rights and Jus Cogens. With details experiences with lower courts had been traumatic. Requesting the original relief The Inner House would not provide 8/1/25 based on "nature" not the merits of the case. With the entire Dáil Éireann cced.

24. 12/1/25 the Plaintiff made their 8th Rule 39 Interim measures request to expand the injunctive relief available given the Plaintiff claimed due to the inaction of the European Court of Human Rights they had 7 valid Article 13 claims against the court for failing to provide an effective remedy. Yet ultimately seeking some reconciliation with the court and informing them of their concurrent actions and effort to preserve the institutional integrity of the European System guided by a central idea from the court's former president. The request appears to be under review as the Plaintiff directed the Court to provide an actual review of Interim measures request #6. The closure stated "

"The European system of protection of human rights with its Court would be inconceivable untied from democracy. In fact, we have a bond that is not only regional or geographic: a State cannot be party to the European Convention on Human Rights if it is not a member of the Council of Europe; it cannot be a member State of the Council of Europe if it does not respect pluralist democracy, the rule of law and human rights. So a non-democratic State could not participate in the ECHR system: the protection of democracy goes hand in hand with the protection of rights."
—Guido Raimond president of the European Court of Human Rights

25. 13/1/25 The Plaintiff submitted a late Amicus brief actio popularis to the United States 11th Circuit Court of Appeals. Given Attorney General Merrick Garland's clear involvement he had no authority to act as Attorney General. Regardless of the underlying nature of the case. Also the Plaintiff had sent Todd Blanche the submitted Petition to the nobile officium 8/1/25 at 2:57 am EST. The day his firm filed in the same case as amicus curiae counsel for President Donald Trump. The 11th Circuit would not take these citing Procedural rules of the court of needing authorization to transmit filings via alternative means.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,
v.
WALTINE NAUTA and CARLOS DE OLIVEIRA

No. 24-12311-J

26. 14/1/25 after citing the specific International instruments and issues refusing filings would have. Along with concurrently showing the King's Bench Court still torturing the Plaintiff with an onerous filing fee process that is so blatantly abusive it is horrifying. The Plaintiff sought to have the 11th Circuit reconsider taking the filings under the 2008 Americans with Disabilities Act and international instruments. The Department of Justice had already released Volume 1 of Special Counsel Jack Smith's final report on President Trump's efforts to interfere in the 2020 election. The Plaintiff acknowledged to relevant parties as a proponent of Government Transparency they were happy the report was released, but Merrick Garland did not legally have the authority to release it given his

9

role in violating international instruments. Pointing out a request to the Office of Legal Counsel 30/12/24 to expedite 2 items of a FOIA request made 9/12/24 right before the attempted 10/12/24 retaliatory discharge by Sheppard Pratt and subsequent rehospitalization at ST Joseph's Hospital. Given the 2 items were a letter the Plaintiff sent Merrick Garland from prison 11/7/24 and a 17 page letter about the Plaintiff's enforced disappearance to the Department of Justice Office of the Inspector General around 5/2024 it was important to confirm receipt.

27. Later in the day Google for a second time since the account was created disabled "Silenceisvalidation@gmail.com" the Plaintiff due to Google wanting a verification of identity as when they disabled the account their session expired. Has not been able to reset their password to even appeal this decision even with the last time Google being sent a cease and desist. Feedback and a Google One Expert chat noting the issue. The inherent breach of their own human rights program. Including having received a drafted not filed EX Parte Temporary Restraining Order to keep account access, but with no ability to file in The Northern District of California or even District Of Maryland the Plaintiff is again due to extreme poverty denied access to justice. They voiced pretty plainly to "Internationalcivil@google.com" and the Department of Justice this was severely exacerbating their suicidal Ideations.

28. The Plaintiff attempted to email the after hours emergency filing email for the Southern District of Florida (they arrange, but don't take filings via email). As the related emergency motion in the lower court on releasing of volume 2 of Special Counsel Jack Smith's report is set for a hearing 17/1/25 at 2p EST. Documents in support of continuing to enjoin Attorney General Merrick Garland from releasing the report have to be received on or before 16/1/25. Regardless of the Plaintiff's personal beliefs Merrick Garland has no authority to release anything as he can't be Attorney General based on Jus Cogens. He lost his constitutional authority when he chose to violate international instruments. Under the ADA the Plaintiff requested to correspond if possible exclusively via email and for the court to take the emergency filings via email or have the 11th Circuit send them. To not risk a rejection by default.

29. Exhibits regarding point 21 to 28 are organized around Rule 39 Interim request #8 as the request for a preliminary ruling to the European Court of Justice which shows an executive summary of various litigation act as a better road map for this court. See EX 43-57

30. Given the commentary of the incoming President of annexing Canada even as a joke with the inevitable political instability. Along with the Government's complete disregard towards the Plaintiff as a human being and human rights in general. The Plaintiff appropriately the Plaintiff also in their

31. The Plaintiff has further Amended this action was unable to efile it 1/15/25 and has received no email response from the Registrar office for the Federal Court of Canada in Ottawa. The Plaintiff did receive a denial for their 24/12/24 Access to Information Act request regarding drafting of a joint resolution of the Information commissioner calling for more transparency in Government. Based on them not

being a Canadian citizen, a Permanent Resident, physically present in Canada, or have a Canadian proxy.

**"All information available pertaining to the drafting of the joint resolution: Transparency by default – Information Regulators Call for a New Standard in Government Service."**

32. The Plaintiff's initial request and response to the denial cited the expressed fact that this law discriminates based on national origin and these xenophobic restrictions go against the expressed purposes of the Act.

"Equality Rights
Marginal note:Equality before and under law and equal protection and benefit of law

15 (1) Every individual is equal before and under the law and has the right to the equal protection and equal benefit of the law without discrimination and, in particular, without discrimination based on race, national or ethnic origin, colour, religion, sex, age or mental or physical disability.

Marginal note:Affirmative action programs

(2) Subsection (1) does not preclude any law, program or activity that has as its object the amelioration of conditions of disadvantaged individuals or groups including those that are disadvantaged because of race, national or ethnic origin, colour, religion, sex, age or mental or physical disability."

-Article 15 of the Canadian Charter of Rights and Freedoms

"Purpose of Act

Marginal note:Purpose of Act

2 (1) The purpose of this Act is to enhance the accountability and transparency of federal institutions in order to promote an open and democratic society and to enable public debate on the conduct of those institutions.

Marginal note:Specific purposes of Parts 1 and 2

(2) In furtherance of that purpose,

(a) Part 1 extends the present laws of Canada to provide a right of access to information in records under the control of a government institution in accordance with the principles that government information should be available to the public, that necessary exceptions to the right of access should be limited and specific and that decisions on the disclosure of government information should be reviewed independently of government; and

(b) Part 2 sets out requirements for the proactive publication of information."

-1985 Access to Information Act

33. The Plaintiff has no adequate remedy at law.

I swear under penalty of perjury this complaint is complete and true to the best of my knowledge.

Signed twice on the 15th of January 2025 at "Safe" Journeys House 8640 Ridge, RD Ellicott City, Maryland 21403


Respectfully submitted,
Legal name: Jeremy M Lawson

_____
Plaintiff
Chosen name: Borealis S Hedling
They / Them

Exhibits List Hedling V. Canada

1. DSS FOIA email 15/12/2022
2. 8/4/24 email to DOJ and state of Connecticut employees calling out the Domestic Violence Cash Benefit Program as a 42 U.S.C. § 1983, 1985 (2+3), 1986 conspiracy.
3. FOIA #12 the Connecticut Department of Social Services lying to the University of Connecticut to continue the illegal operation of the DVCBP.
4. 29/2/24 letter to Governor Ned Lamont
5. 29/2/24 letter to Attorney General William Tong
6. Combined Smoking Gun Exhibits showing by June 2024 the Domestic Violence Cash Benefit Program 42 USC 1983, 1985 (2+3), and 1986 extended to the US Senate "Ethics" Committee.
7. Last email sent before illegal detainment 25/8/24-10/9/24
8. Illegally blocked 25/08/24 Injunction

Jeremy M Lawson

V.

Minister of Citizenship and Immigration

Minister of Public Safety and Emergency Preparedness

9. Immigration Refugee Board 48 hour detention hearing 29/8/24
10. Immigration Refugee Board 7 day detention hearing 5/9/24
11. US State Department FOIA request confirmation of expedited status. Ref: F-2025-02637 US Consulate Montreal call center recordings 25/8/24-10/9/24 from Plaintiff at Laval Immigration Holding Centre
12. Drafted Filed as an Exhibit Petition for a Writ of Certiorari to the US Supreme Court in the US District Court District of Columbia Case No 1:24-cv-02615-TNM

Jeremy M Lawson

V

The Department of Justice

13. Illegally blocked Rule 39 Interim measures request #6 9/11/24

Jeremy M Lawson

V.

Iceland

14. International Criminal Court referral #3 Iceland submissions confirmation
15. International Criminal Court referral text for Canada
16. 16/9/24 disclosure confirmation on reporting the 25/8/24-10/9/24 illegal detainment to the Office of the Public Sector Integrity Commissioner of Canada
17. Email 24/10/24 to Canadian Embassy in Reykjavík on disclosure to Public Sector Integrity.
18. 30/10/24 illegal administrative denial of Emergency Exparte Injunction filed in Reykjavík District Court 23/10/24 Case # HDR202401-0001

Lawson

V.

Iceland

19. 6th illegally blocked interim measures request letter by filtering section at the European Court of Human Rights 12/11/24.
20. 21/10/24 letter from UK Supreme Court confirming emails about ignoring crimes against humanity misgendering Plaintiff.
21. 22/10/24 email showing the UK Supreme Court ignoring overriding principles and vulnerable party practice directions and evidence of crimes against humanity, but apologize for misgendering the Plaintiff…
22. A letter 22/10/24 not misgendering the Plaintiff from the UK Supreme Court saying they are going to no longer respond to evidence of crimes against humanity and clearly any lawful leapfrog appeals Plaintiff made after.
23. Delayed, but finally under review Emergency Injunction in King's Bench Court in UK

Jeremy M Lawson

V.

Joy Morrissey MP

The Registry Office of the Supreme Court of the United Kingdom

24. Emergency Notice to court in case Jeremy M Lawson V The DOJ on being illegally refouled by Icelandic police 12/11/24
25. 13/11/24 Emergency Petition for evaluation due to suicidal ideations by Baltimore police to Maryland District Court as Maryland Would not allow Plaintiff to take ambulance
26. Note to Hartford Police on International Customary Law
27. Notice to court in Lawson V The DOJ about being sued due to resulting financial collapse from severe whistleblower retaliation

US National Banking Association dba/ Elan Financial Services

V.

Jeremy M Lawson

28. 10/12/24 Discharge Summary from Sheppard Pratt to homeless shelter labeling Plaintiff "delusional" and "non-compliant" after good faith reporting of civil rights and medical ethics issues.
29. Original action in King's Bench Court Claim # KB-2024-004260

Jeremy M Lawson

V.

THE CIVIL JUSTICE COUNCIL
30. Dismissal Order of above case.
31. N244 Application notice (court would not take drafted Application)
32. Application to Set aside order
33. Supplemental Exhibits List
34. Petition for Precautionary measures to the Inter-American Commission on Human Rights
35. Discharge Summary from ER visit to ST Joseph's hospital 31/12/24
36. 27/2/23 email to Cristina Mcgillis on need for privacy in application.
37. 2/1/25 email complaint to New Brunswick Law Society on Dominic LeBlanc
38. Attachments to EX 37 email
39. Complaint on Dominic LeBlanc for requesting Disciplinary action for an Attorney

40. Citizen Complaint to Howard County police on not questioning Plaintiff as a victim of an attempted assault 5/1/25
41. 6/1/25 email cease and desist to Governor General of Canada to not honor request to prorogue Parliament until 24/3/25.
42. Attachments to EX 41 email
43. 12/1/25 Rule 39 Interim measures request #8 European Court of Human Rights (10/1/25 European Court of Justice request for a preliminary ruling embedded)
44. 8/1/25 action drafted for the Federal Court of Australia Canberra was denied ELodgement privileges for not having service address in Australia.

Borealis S. Hedling

V.

The Department of Foreign Affairs and Trade

45. 9/1/25 Petition to the Nobile officium 3.0
46. Schedule of service for Petition to the Nobile officium
47. Schedule of documents 2.0
48. 10/1/25 Addendum to Petition 3.0 to the Nobile officium
49. 11/1/25 Leave to appeal to the Ireland Supreme Court
50. 13/1/25 Amicus Brief brought actio popularis United States 11th Circuit of Appeals

UNITED STATES OF AMERICA,
Plaintiff-Appellant,
v.
WALTINE NAUTA and CARLOS DE OLIVEIRA

No. 24-12311-J

51. 8/1/25 Email chain of Petition to the Nobile officium to Counsel for Amicus Curiae President Trump and DOJ officials.
52. Attachments to EX 51 Email
53. 14/1/25 email to Google regarding 2nd unlawful disabling of "silenceisvalidation@gmail.com"
54. Emergency request to expedite FOIA OLC, FY25-078 DOJ request to Office of Legal Counsel 30/12/24

55. Copy of reply to FOIA request by the DOJ Office of Professional Responsibility used for reference in request to expedite
56. Attached as proof of being individual primarily engaged in disseminating information using Secure Drops 11/11/24 to send 22 media outlets Rule 39 Interim measures request #6. Informing white house via message sent to President via contact form
57. Attempted ADA request to the after hours email for the District of Southern Florida

UNITED STATES OF AMERICA

v.
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

58. 24/12/24 Access to Information Request to the Office of the Information commissioner on:

**"All information available pertaining to the drafting of the joint resolution: Transparency by default – Information Regulators Call for a New Standard in Government Service."**

59. 15/1/25 denial of Access to Information request made 24/12/24 with response from Plaintiff noting Article 15 of the Canadian Charter of Rights and Freedoms about Equality under the law. Along with quoting the purpose of the Access to Information Act.
60. Denial of eLodgment by Australian Federal Court for not having a service address in Australia.
61. Interim measures Rule 39 request #9 against Iceland and Switzerland