US District Court District of Connecticut

Case No: 3:25-cv-00909-SVN

## Motion to Clarify

Lawson

V.

Xinis

The Plaintiff respectfully requests the Court to clarify if their citation of Dieujuste v. Sin, 125 F.4th 397, 399 (2nd Cir. 2025) "Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority". Means Article 13 of the UN Convention Against Torture can be violated by Clerks and Article 3 Judges and can only be resolved on appeal.

I. Background:

The Plaintiff filed this instant lawsuit 6/4/25 following denial of a Right to Intervene under Rule 24 of the Federal Rules of Civil Procedure in US District Court District of Maryland Case No: 8:25-cv-00951-PX.

Abrego Garcia

v.

Noem et al.

Asserting a right to Intervene under Article 13 of the UN Convention Against Torture. Further requesting permissive intervention if the court did not affirm the right to intervene under the cited international instrument. Having filed an EX Parte Motion to Intervene 4/28/25 and later amending as a consolidated Motion to Recuse, Appoint Counsel, and Intervene 5/11/25. The Motion was returned at ECF 160. Stating a lack of Cognizable Interest. The 23 Exhibits sent with the original 4/28/25 EX Parte Exhibits were not returned by the filing of this suit and the return envelope from the US District Court District of Maryland Clerk's office is postmarked 6/9/25.

Eventually all the Plaintiff's filings made between 4/28/25-5/31/25 were returned including 38 Exhibits. An entire copy of these records was also sent to the US District Court District of Middle Tennessee for Case 3:25-cr-00115. Citing as in this case the concern of suppression of evidence.

The United States

v.

Abrego Garcia

Per USPS data arrived 6/16/25. The original Motion to Intervene and for a Permanent Stay sent prior to the full record with Emergency Notice was returned by the Case Administrator stating the Plaintiff was not a party to the case it was not a signed return document order. The case Administrator did not respond to the Plaintiff's voicemail asking if Judge Moore or Crenshaw had reviewed any of the documents. The noted case file has not been returned. Per EX 14 and 15 the Plaintiff has requested a Department of Justice Office of Professional Responsibility investigation into the matter of the Attorneys assigned to prosecute Abrego Garcia's lack of being candid with the Tribunal.



II.  "Actual Injury" and "Cognizable Interest"

The court in its 7/17/25 proposed ruling to dismiss without prejudice notes the Plaintiff suffered no actual injury via the Defendant's actions to return documents. That the Plaintiff's pleadings and evidence were hard to follow. Thus had no standing to bring the action. Yet does note the Plaintiff's 8/25/24-9/10/24 illegal detainment in Canada maintained by labelling the Plaintiff as a serious criminal. At the time of their 1st attempt at claiming Asylum. After their illegal incarceration in Connecticut 4/11/24-8/23/24 and attempted extrajudicial killing via forcible Ativan Withdrawal. A byproduct of their exposure of the 42 U.S.C. § 1983, 1985 (2+3), 1986 conspiracy to illegally operate and coverup The Domestic Violence Cash Benefit Program. Return of the Plaintiff by Canada 9/10/24 and by Iceland 11/12/25 to the United States constituted a violation of Article 3, 13, and 14 of the UN Convention Against Torture based on evidence presented.

The overt violation of the Biden or Trump administration to not **effectuate** the Plaintiff's removal while illegally deprived of liberty by a foreign government violates the 1868 Hostage Act, 22 U.S.C. § 1732. Due to the fact the Plaintiff is still refouled with actions taken on Abrego Garcia and other victims of the Trump Bukele administration's crime against humanity of mass deportation made the Plaintiff a Rule 19 "indispensable party". With standing to file this instant lawsuit and have a Right to Intervene in the above noted cases as a matter of right under Article 13 of the UN Convention Against Torture.

III. Filing a Motion to Oppose is a Paradox the Case Must be Dismissed for Lack of Compassion

As noted in Judge Shea's responses to Senator Chuck Grassley regarding his confirmation:

"**3. Some have contended that a judge should have empathy for those who appear before them. My concern is that when someone suggests a judge should have empathy, they are really suggesting the judge should place their thumb on the scales of justice to tilt it in the favor of the proverbial little guy. Justice Roberts addressed this issue at his hearing saying that "If the Constitution says that the little guy should win, the little guy's going to win in court before me. But if the Constitution says that the big guy should win, well, then the big guy's going to win."**

**a. To what extent does empathy have a place in the judicial process?**

Response: A judge should decide issues by applying the law to the particular facts established by the evidence, and should not allow sympathy or feelings for either party or his or her own personal views to interfere.

**b. In your view, what is determinative as to who wins or loses?**

Response: The law – applied carefully and fairly to the particular facts established by the evidence – should determine who wins or loses a case.

**c. In your opinion, what is the role of the judge in protecting the interests of the "little guy?"**

Response: A judge's role is not to protect the interests of any party in litigation; that is the role of the party's attorney. The judge's role is to uphold the rule of law fairly and impartially."

The Plaintiff's has requested relief that shows Judicial Review without compassion does not afford a judge the ability to make equitable decisions. Per EX 16 a 7/22/25 Petition to the Nobile Officium:

The Petition of Borealis S Hedling
&
Kilmar Armando Abrego Garcia
(Pursuers)
V.
The Supreme Court of the United Kingdom and the Judicial Committee of the Privy Council

The Civil Court of Appeals of the United Kingdom

The King's Bench Court of the United Kingdom

The Supreme Court of Canada

The Federal Court of Canada in Ottawa

The Supreme Court of New Zealand

The Court of Appeals of New Zealand

The High Court of New Zealand Auckland Registry I te Kōti Matua o Aotearoa Tāmaki Makaurau Rohe

The High Court of New Zealand Wellington Registry I te Kōti Matua o Aotearoa Te Whanganui-a-Tara Rohe

The Supreme Court of Ireland

The Constitutional Court of Austria

The Constitutional Court of Liechtenstein

The Supreme Court of Switzerland

4

The Federal Administrative Court of Switzerland

The Administrative Court of the Canton of Zurich

The European Court of Human Rights

The Inter-American Commission on Human Rights

The International Criminal Court

The European Court of Justice

The International Court of Justice

The United Nations Human Rights Council

The Human Rights Commission of New Zealand

The Auditor General of the Vatican

(Defenders)

for

Recalling Parliament to Ensure the Government of the United Kingdom Acknowledges the Importance of Compassion in Memory of Sophie Scholl

**Conclusion**

The Plaintiff respectfully requests the Court to clarify if their citation of Dieujuste v. Sin, 125 F.4th 397, 399 (2nd Cir. 2025) "Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority". Means Article 13 of the UN Convention Against Torture can be violated by Clerks and Article 3 Judges and can only be resolved on appeal.

**Memorandum of Law:**

"Article 13
Each State Party shall ensure that any individual who alleges [they] has been subjected to torture in any territory under its jurisdiction has the right to complain to, and to have [their] case promptly and impartially examined by, its competent authorities. Steps shall be taken to ensure that the complainant and witnesses are protected against all ill-treatment or intimidation as a consequence of [their] complaint or any evidence given."
-Article 13 UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.

5

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

-United States Constitution, Amendment I

"Whenever it is made known to the President that any citizen of the United States has been unjustly deprived of his liberty by or under the authority of any foreign government, it shall be the duty of the President forthwith to demand of that government the reasons of such imprisonment; and if it appears to be wrongful and in violation of the rights of American citizenship, the President shall forthwith demand the release of such citizen, and if the release so demanded is unreasonably delayed or refused, the President shall use such means, not amounting to acts of war and not otherwise prohibited by law, as he may think necessary and proper to obtain or effectuate the release; and all the facts and proceedings relative thereto shall as soon as practicable be communicated by the President to Congress."

-1868 Hostage Act, 22 U.S.C. § 1732

Signed on the 27th of July 2025 at 1 Lydall ST Manchester, CT 06042

Respectfully submitted,
/s/ Jeremy M Lawson
Plaintiff
Legal name: Jeremy M Lawson
Chosen name: Borealis S Hedling
They / Them
1 Lydall ST Manchester, CT 06042
Email: makepeacenotlitigation@gmail.com
Phone: +1-959-999-8957