Form 14.4

**Petition to the Nobile officium**



*cause reference number assigned* _____

UNTO THE RIGHT HONOURABLE THE LORDS OF COUNCIL AND SESSION

The Petition of Borealis S. Hedling

Kilmar Armando Abrego Garcia

V.

The Supreme Court of the United Kingdom

The King's Bench Court

The Inner House of the Court of Sessions
1 Lydall ST Manchester, CT 06042
Brought Actio Popularis under Rule 14.3 (d), Article 13 and 14 of the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment and Article 1, 3, 6 (1), and 13, 14 of the European Convention on Human Rights

**HUMBLY SHEWETH:-**

1. That the Petitioner sought to "End the Practice of deadnaming and misgendering of Trans and Non-binary individuals in all Government services" 5/11/24 in an illegally blocked emergency injunction without notice. Based on the UK Supreme Court apologizing for misgendering the Petitioner when ignoring crimes against humanity since 22/10/24. The fee waiver for the action was approved 27/11/24.

Jeremy M Lawson

V.

Joy Morrisey MP

The Registry Office of the Supreme Court of the United Kingdom

2. The Judicial Review Council would not take proactive measures to ensure victims of human rights abuses could access UK Courts in defiance of Article 13 of the European Convention on Human Rights. The Petitioner filed suit 5/12/24 to be told their complaint was totally without merit 20/12/24 with a denial to provide oral testimony requested. The Petitioner put in a application to set aside the illegal 20/12/24 summary judgment neither party motioned for as required within the 7 days on 26/12/24 with Amended relief to "End the Practice of deadnaming and misgendering of Trans and Non-binary individuals in all Government services." As the relief noted below. Even though in the original action they directly cited the 5/11/24 stalled injunction. Mentioned the 42 U.S.C. § 1983, 1985 (2+3), 1986 conspiracy to illegally operate and cover up The Domestic Violence Cash Benefit Program. Given it implicated high level UK Court officials even with the Motion to set aside filed. Even after as later noted with this court's recognition of the Petitioner being fee exempt under Section 36.4 of The 1988 Scottish Legal Aid Act. 8/1/25 to meet his Majesty's obligations under the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. The King's Bench Court dragged out the waiver process using economic torture to again shield the UK Courts from liability. Ultimately have not ruled on leave to appeal to the UK Supreme Court or a conditional motion to withdraw if this Court had acted lawfully on subsequent concurrent petitions to the Nobile officium.

King's Bench Court Claim #KB-2024-004260

JEREMY M. LAWSON

V.

The Civil Justice Council

"1. Revise the MLK quote in the UK Supreme Court Law Library to fully reflect the message based on the full plain text.
2. Issue a peremptory Writ of Mandamus to the Civil Justice Council to use the Plaintiff's data to perform their lawful functions
3. Any relief this Court Deems Just and Proper"
-original relief requested in Lawson V The Civil Justice Council

3. The Petitioner will just provide a list of names of their petitions to the Nobile officium and their ignored Section 45 order to the Outer House to compel the Inner House to act lawfully.

All declared "not competent " then I was illegally blacklisted 17/1/25 hence the Section 45 Order Summary Petition.

The Petition
of
Borealis S. Hedling
for
Allowing everyone to be able to advocate for human rights individually and collectively without fear.

The

The Petition
of
Borealis S Hedling
for
End the Practice of deadnaming and misgendering of Trans and Non-binary individuals in all Government services

The Petition
of
Borealis S Hedling
for
Expanding the courts of the UK authority to ensure the Government can adequately safeguard Human rights and honor international agreements.

The Petition
of
Borealis S Hedling
for
Honoring the Petitioner's Right to an Effective Remedy Under Article 13 of the European Convention on Human Rights

The Petition
of
Borealis S Hedling
for
Ensuring the Equitable jurisdiction of the Nobile Officium does not just have the "pretence of equity" by respecting the Petitioner's Article 6 (1) Convention rights

The Petition
of
Borealis S. Hedling
for
Reconciling with the UK Court System and ensuring non-recurrence by the courts recommitting to the protection of human rights and apologizing

The Petition
of
Borealis S. Hedling
V.
The Inner House of the Court of Sessions
for
Making the Inner House of the Court of Sessions stop torturing the Petitioner via illegally blacklisting them against international instruments.

4. As can be seen in the Supporting Documents in the Petitioner's Motion to Dismiss their illegal mortgage than as a vehicle to ensure the Petitioner's torture and refoulment. Along with extremely well documented abuse by the courts was Public Record. They also filed a Precautionary measures request with the Inter-American Commission on Human Rights for Kilmar Armando Abrego Garcia 16/4/25 to:

"Immediate Article 27 provisional measures from the Inter-American Court of Human Rights to examine this issue of the US to El Salvador refoulment and imprisonment program. Immediate return of Abrego Garcia to US as El Salvador is subject to the courts Contentious Jurisdiction"

In addition to the following Emergency Request for a Declaratory judgment in Hartford Superior Court Docket #HHD-CV-25-6201059-S

Primary Residential Mortgage Inc.

V.

Jeremy M Lawson et al.

https://drive.google.com/drive/folders/1cXcgPTfbvV4IMOdS71lKan5__qFSCrtE

"Wherefore The Defendant Prays This Court:

1. Declare based on the evidence provided and nature of the case the Defendant has met the notification requirements to receive a declaratory judgment without delay.

2. Declare everyone has the right to advocate for human rights individually and collectively.

3. Declare State activities must be conducted in the public interest and be proportionate to the ends sought.

4. Declare State institutions, private businesses, private organizations, and private persons shall act in good faith.

5. Declare The State shall respect international law.

6. Determine a set of overriding principles and practice directions to ensure vulnerable individuals are given fair access to an equitable and just court system.

7. Declare all victims of crimes must receive benefits and services provided by law without fear of discrimination.

    8. End the Practice of deadnaming and misgendering of Trans and Non-binary individuals in all judicial proceedings."

5. The Petitioner's original Petition on their well documented time as a political detainee in Canada 25/8/24-10/9/24 filed with the Inter-American Commission Human Rights has been "under study" since 26/1/25. It ismuch like the 2 stalled injunctions with the King's Bench Court. The 6 illegally blocked Petitions to the Nobile officium of this court. Or much like the 3 Precautionary measures requests the Inter-American Commission on Human Rights summarily dismissed collectively 6/3/35 as even their illegal dismissals were delayed. Versus the European Court of Human Rights who skillfully closed all 12 Rule 39 Interim measures requests made since 23/9/24 promptly. The Petitioner now seeks relief again from this court simultaneously to the Inter-American Court of Human Rights directly under Article 13 of the UN Convention against Torture. The Government of the United Kingdom has robbed the Petitioner of the right of Citizenship by descent since 22/9/24. Left tgem on the doorstep of the Embassy in Reykjavik 23/10/24. They seek 2 Equitable remedies from this Government.

6. Addendum 23/4/25 after the Department of Homeland Security posted an application for a domestic violence protection order the spouse of the co-petitioner did not follow through with. It exposed the address of the Co-Petioner's family and being attacked online by the President of the United States they felt their lives could be in material danger. The family of Abrego Garcia per the newly added document has moved to a safe house. This family needs options as the United States Government has robbed them of a normal life. They have a child who they have been seeking to get specialized medical care for. The courts are not always the best place to seek help or reconciliation or adjudication of complex issues especially domestic violence. They can serve an invaluable purpose. Yet victims of domestic violence get to choose how they respond to situations not have their trauma weaponized against them to deprive a family of a chance to be together. The thing drilled into this Petitioner's experience is victims are in control of their situation and are the experts.

7. For the ultimate equitable jurisdiction of the Court of Sessions. Even if the Inter-American Court of Human Rights approves Article 27 provisional measures to release Abrego Garcia after his kidnapping and torture in a concentration camp in El Salvador. For the United States to say they can put him on trial for allegedly being a gang member or as the US designated him a "terrorist" after this is cruel, Degrading, and Inhuman. The family and Petitioner under the Universal Declaration of Human Rights have Article 14 rights to enjoy fear from persecution via Asylum in another country. The cruelty of traumatizing this family more is evil and the United Kingdom already left this Petitioner out in the cold since 22/9/24. It is time to show the world that equity can be found in our Justice systems. Sometimes it is acts of Individual human kindness that define humanity not fear and hate.

**<u>7/6/25 addendum:</u>**

8. Per additional documents the entire filed action in US District Court District of Connecticut Case No 3:25-cv-00909.

Lawson
V.
Xinis

In the absence of this court to act the United States Government violated Co-Petitioner Abrego Garcia's rights under Article 3 of the UN Convention against Torture. To face a public trial heavily biased by the President of the US and El Salvador. Using Abrego Garcia's time in a concentration camp as propaganda. While as shown in this action Abrego Garcia's family had to go into hiding. Apparently the US District Court District of Maryland seized the Petitioner's records including this filed action requiring a request to issue a warrant to retrieve the documents. Due to exclusion from US District Court District of Maryland Case No 8:25-cv-00951-PX since 4/14/25 per the cease and desist in supplemental documents.

Abrego Garcia et al.

V.

Noem et al.

8. As seen in the Plaintiff's illegally blocked 6/5/25 Emergency request for a Declaratory Judgement they attempted to file in another Commonwealth Court the High Court of New Zealand in Auckland.

Borealis S Hedling

V.

Minister of Foreign Affairs and Trade

Relief requested:

"1. Declares everyone has the right to advocate for human rights individually and collectively.

2. Declares an end to the practice of deadnaming and misgendering of Trans and Non-binary individuals in all government services and explicitly clarifies "gender identity and expression" is a protected status under the 1993 Human Rights Act.

3. Declares victims of torture are exempt from court costs. Under Article 13 of the UN Convention against Torture as charging them is a form of ill-treatment and delays prompt review.

4. Declares victims of torture have wide latitude in presenting evidence to Courts and procedural law can be waived when it delays prompt review of evidence. As implied by High Court Rule 1.21(1). "Variations may be made to any form directed or authorised by these rules to be used, as the circumstances of a particular case require."

5. Declares the US mass deportation to Concentration Camps in El Salvador program constitutes a Crime Against Humanity.

6. Declares falsely maintaining the designation of being a safe third country is a systemic Crime Against Humanity. Allowing a country to knowingly maintain that designation

falsely is aiding and abetting a Crime Against Humanity via concealment.

7. Declares in the absence of the Inter-American Court of Human Rights, European Court of Human Rights, and International Criminal Court to act or even condemn these Crimes Against Humanity. The Plaintiff can make a direct request to the Attorney General for certification as being a valid request for assistance under Section 178 of the International Crimes and International Criminal Court Act of 2000.

8. Declares the High Court of New Zealand can function as a Court of Universal Jurisdiction.

9. Declares this request for a Declaratory Judgment with evidence provided to the Defendant constitutes an Urgent request under Section 26 of the International Crimes and International Criminal Court Act of 2000. Meeting the definition of having been transmitted appropriately via a "diplomatic channel" as required under Section 25 (2) (a).

10. Declares under the concept of erga omnes, current heads of states can't claim absolute immunity from prosecution in foreign national courts when International Courts refuse to act lawfully."

11. Declares the Plaintiff has the right to claim Emergency Diplomatic Asylum at any legation of New Zealand. As a measure consistent with witness protection under Section 110 of the International Crimes and International Criminal Court Act of 2000 without requiring the Attorney General's authorization.

12. Declares any interference with the Plaintiff's Emergency Diplomatic Asylum claim constitutes an offense against the administration of justice under Section 21 of the International Crimes and International Criminal Court Act of 2000."
   - 6/5/25 relief requested in Borealis S Hedling V Minister of Foreign Affairs and Trade

9.The Petitioner has since demanded 30/5/25 the US Government agree to the following terms or the Petitioner would find a court that would exercise universal jurisdiction because by New Zealand depriving the Petitioner of that right. It solidifies under the concept of erga omnes if not only the 3 Regional Human Rights Courts and a national court illegally suppressed and blocked the ability to hold those who violate international criminal law accountable. Much like this venue blocked relief 8/1/25 and blacklisted the Petitioner 17/1/25. The right to an effective remedy under Article 13 of the European Convention on Human Rights. Article 3, 13, and 14 of the UN Convention against Torture. Should allow the Petitioner as a victim and as a human rights defender to bring actions against individuals and countries actio popularis to fulfill the function UN member-states won't.

"Return Abrego Garcia immediately to the US without pursuing any further removal actions and apologize to his family. Seek to immediately address the violations of international law these mass deportations present via confidential reconciliation at the Permanent Court of Arbitration. Use Article 34 or 35 powers under the UN Charter to create a 2025 Protocol on Refugees that adequately balances the humanitarian concerns of refugees and concerns of nations that are overburdened in supporting migrant populations. The United States ratify as many international instruments as feasible to also ensure non-recurrence. Avoid further

violations of the Posse Camotatas Act and exclude the military from deportation operations. Adopt the Mandela Rules in any decision to export undocumented individuals with criminal histories to foreign penal institutions. Abandon any attempts to send citizens to foreign prisons or suspend the right to file Petitions for Writs of Habeas Corpus. This would allow assertions of the state secrets and deliberative process privileges.Lawfully pursue criminal charges against officials within the Lamont and Biden-Harris administrations in relation to the 42 U.S.C. § 1983, 1985 (2+3), 1986 conspiracy to illegally operate and cover up The Domestic Violence Cash Benefit Program."

-4/6/25 Requested relief in Motion for a Preliminary Injunction in US District Court District of Columbia Case No 3:25-cv-00909 Lawson v. Xinis

10. The Petitioners have no adequate remedy at law and needs a court to declare they can act as a Court of Universal Jurisdiction with the evidence and comprehensive indisputable legal case the Petitioner has built since 27/2/23. Showing Governments and Corporations can't keep harming vulnerable populations with Impunity without consequences.

MAY IT THEREFORE please your Lordships
If the US Courts illegally deny the Petitioners injunctive or Declaratory relief to conceal proven crimes against humanity. The court of Sessions issue corresponding indictments for President Donald J Trump and President Nayib Bukele. Updates the Martin Luther King Jr quote in the United Kingdom Supreme Court Law Library as so:

"Moreover, I am cognizant of the interrelatedness of all communities and states. I cannot sit idly by in Atlanta and not be concerned about what happens in Birmingham. Injustice anywhere is a threat to justice everywhere. We are caught in an inescapable network of mutuality, tied in a single garment of destiny. Whatever affects one directly affects all indirectly. Never again can we afford to live with the narrow, provincial "outside agitator" idea. Anyone who lives inside the United States can never be considered an outsider anywhere in this country. (3)"
- Martin Luther King Jr., Letter from the Birmingham Jail

According to Justice, etc.

Legal name: /s/ Jeremy M Lawson
Chosen name: Borealis S Hedling
They / Them
7/6/25



*cause reference number assigned* _____

THE COURT OF SESSION

The Petition of Borealis S. Hedling

Kilmar Armando Abrego Garcia

V.

The Supreme Court of the United Kingdom

The King's Bench Court

The Inner House of the Court of Sessions

For

Exercising Universal Jurisdiction to indict President Donald J Trump and President Nayib Bukele if they keep violating international law