IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIYANARA SANCHEZ, as next friend on behalf of FRENGEL REYES MOTA, *et al.*,<br><br>*Petitioners–Plaintiffs*,<br><br>J.G.G., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants*. | Case No: 1:25-cv-00766-JEB |

**THIRD SUPPLEMENTAL DECLARATION OF OSCAR SARABIA ROMAN**

I, Oscar Sarabia Roman, declare as follows:

1. I am over eighteen years of age and am competent to make this declaration.

2. I am a lawyer at the American Civil Liberties Union Immigrants' Rights Project. I represent the Petitioners in this case.

3. Attached hereto as exhibits are true and correct copies of the following:

**Exhibit Documents**

Ex. 1.   FAQs: Facilitating Return for Lawfully Removed Aliens: What happens if I win my case and the court of appeals grants my petition for review after I have been removed? *Available at* https://perma.cc/5MU6-9DMF (visited Jan. 26, 2026).

Ex. 2.   FAQs: Facilitating Return for Lawfully Removed Aliens: What if I believe I need to be present in the United States for my case after I have been removed? *Available at* https://perma.cc/5MU6-9DMF (visited Jan. 26, 2026).

Ex. 3.   U.S. Visa Services: Additional Information---Venezuelan Applicants, *available at* https://perma.cc/BU2Y-SY4E (visited Jan. 26, 2026).

1

Ex. 4.    ICE Policy 11061.1 (Feb. 24, 2012), *available at* https://perma.cc/TMA7-XMTS (visited Jan. 26, 2026).

I hereby declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on 27th of January, 2026, in San Francisco, California.

*/s/ Oscar Sarabia Roman*
Oscar Sarabia Roman

# EXHIBIT 1

**U.S. Immigration and Customs Enforcement**

Search

Call **1-866-DHS-2-ICE** to report suspicious activity

Report Crime

About Us | Enforcement and Removal Operations | Homeland Security Investigations | Newsroom

ICE > REMOVE

# FAQs: Facilitating Return for Lawfully Removed Aliens

⊕ I was ordered removed and am scheduled to be removed soon, but have a petition for review pending...

⊖ What happens if I win my case and the court of appeals grants my petition for review after I have been removed?

That will depend on the nature of the court order and the posture of your proceedings.

If you were a lawful permanent resident (LPR) prior to entry of the final removal order in your case, and the court's decision voids your removal order, U.S. Immigration and Customs Enforcement (ICE) will consider your LPR status to be reinstated. LPRs are permitted to enter and reside in the United States. Absent extraordinary circumstances, ICE will facilitate your return to the United States.

If you were not an LPR before being removed, absent extraordinary circumstances ICE will facilitate your return to the United States if your presence is necessary for continued adjudication of your case. This may be because the court of appeals specifically ordered your presence, or because the nature of the court's order requires you to return for further testimony. ICE may explore other options in lieu of facilitating your return, such as arranging for video teleconferencing or telephonic testimony, if appropriate.

ICE will also facilitate your return to the United States, absent extraordinary circumstances, if, at the conclusion of proceedings for which your presence was not necessary, the Board of Immigration Appeals or Immigration Court enters a final and unreviewable decision that permits you to be physically present in the United States.

⊕ What constitutes "extraordinary circumstances"?

⊕ What if I believe I need to be present in the United States for my case after I have been removed?

⊕ Is it my responsibility to request assistance from DHS once I learn that a court of appeals has granted my petition for review?

⊕ How do I request assistance from DHS in facilitating my return to the United States after a court of appeals has granted my petition for review?

⊕ Can my lawyer, legal representative, family member, or other advocate contact the Custody Programs Division on my behalf?

⊕ Will the Custody Programs Division let me know if ICE has agreed to facilitate my return to the United States?

⊕ What does the Custody Programs Division do when I request ICE's assistance to return to the United States after a court grants my petition for review?

⊕ Will I be provided a point of contact in ICE throughout the return process?

⊕ Do I need to fill out any forms to start the process?

⊕ If the ICE point of contact tells me that ICE will facilitate my return to the United States, what happens?

⊕ What do I need to return to the United States?

⊕ What is a transportation/boarding letter?

⊕ What if my country will not issue me a passport?



- Am I responsible for making my own travel arrangements to return to the United States?
- Who is responsible for paying for my return trip?
- I provided the U.S. Embassy or Consulate with my passport and received a transportation/boarding letter. I just bought an airline ticket...
- I am in Mexico or Canada and would enter the United States by land at the border crossing. Will I need a transportation/boarding letter?
- How long will it take from the time I request ICE to facilitate my return until my arrival in the United States?
- If ICE facilitates my return to the United States after my petition for review has been granted, what will my immigration status be, if any?
- When ICE facilitates my return to the United States, after my petition for review has been granted, will I be detained upon my return?
- Do I need to pay a fee for ICE to consider whether to facilitate my return to the United States?
- Who do I contact for status regarding my request to return to the United States?

Updated: 02/02/2024

**CONTACT**

- ERO contact form
- ERO Contact Center of Operations (ECCO): (844) 319-6691

**RELATED INFORMATION**

Enforcement and Removal Operations

- Printable PDF (98 KB)
- ICE Policy Directive Number 11061.1: Facilitating the Return to the United States of Certain Lawfully Removed Aliens
- Form G-28: Notice of Entry of Appearance as Attorney or Accredited Representative
- Form 60-001: Privacy Waiver Authorizing Disclosure to a Third Party

About Us    Enforcement and Removal Operations    Homeland Security Investigations    Newsroom



**ICE Contact Center**

Report suspicious activity: 1-866-DHS-2-ICE

ICE.gov

An official website of the U.S. Department of Homeland Security

| | | |
|---|---|---|
| About ICE | Archive | The White House |
| Accessibility | No FEAR Act Data | DHS Components |
| FOIA Requests | Site Links | USA.gov |
| Privacy Policy | Performance Reports | |
| DHS.gov | Inspector General | |

**National Terrorism Advisory System**

**NTAS** — NATIONAL TERRORISM ADVISORY SYSTEM

**NO CURRENT ADVISORIES**

*Put this widget on your web page*

# EXHIBIT 2



## FAQs: Facilitating Return for Lawfully Removed Aliens

- I was ordered removed and am scheduled to be removed soon, but have a petition for review pending...
- What happens if I win my case and the court of appeals grants my petition for review after I have been removed?
- What constitutes "extraordinary circumstances"?
- What if I believe I need to be present in the United States for my case after I have been removed?

  Most courts and many foreign embassies have the technology to support your participation in your immigration hearing by either video teleconferencing or by phone. However, if these alternatives are not available to you in the country to which you were removed, and your presence is required by court order or is otherwise necessary to continue your case, you may request that the Department of Homeland Security (DHS) facilitate your return to the United States. You will need to contact ICE to request return to the United States.

- Is it my responsibility to request assistance from DHS once I learn that a court of appeals has granted my petition for review?
- How do I request assistance from DHS in facilitating my return to the United States after a court of appeals has granted my petition for review?
- Can my lawyer, legal representative, family member, or other advocate contact the Custody Programs Division on my behalf?
- Will the Custody Programs Division let me know if ICE has agreed to facilitate my return to the United States?
- What does the Custody Programs Division do when I request ICE's assistance to return to the United States after a court grants my petition for review?
- Will I be provided a point of contact in ICE throughout the return process?
- Do I need to fill out any forms to start the process?
- If the ICE point of contact tells me that ICE will facilitate my return to the United States, what happens?
- What do I need to return to the United States?
- What is a transportation/boarding letter?
- What if my country will not issue me a passport?
- Am I responsible for making my own travel arrangements to return to the United States?
- Who is responsible for paying for my return trip?
- I provided the U.S. Embassy or Consulate with my passport and received a transportation/boarding letter. I just bought an airline ticket...
- I am in Mexico or Canada and would enter the United States by land at the border crossing. Will I need a transportation/boarding




- I am in Mexico or Canada and would enter the United States by land at the border crossing. Will I need a transportation/boarding letter?
- How long will it take from the time I request ICE to facilitate my return until my arrival in the United States?
- If ICE facilitates my return to the United States after my petition for review has been granted, what will my immigration status be, if any?
- When ICE facilitates my return to the United States, after my petition for review has been granted, will I be detained upon my return?
- Do I need to pay a fee for ICE to consider whether to facilitate my return to the United States?
- Who do I contact for status regarding my request to return to the United States?

Updated: 02/02/2024

**CONTACT**
- ERO contact form
- ERO Contact Center of Operations (ECCO): (844) 319-6691

**RELATED INFORMATION**
- Enforcement and Removal Operations
- Printable PDF (98 KB)
- ICE Policy Directive Number 11061.1: Facilitating the Return to the United States of Certain Lawfully Removed Aliens
- Form G-28: Notice of Entry of Appearance as Attorney or Accredited Representative
- Form 60-001: Privacy Waiver Authorizing Disclosure to a Third Party

About Us  Enforcement and Removal Operations  Homeland Security Investigations  Newsroom



U.S. Immigration and Customs Enforcement

ICE Contact Center
Report suspicious activity: 1-866-DHS-2-ICE

ICE.gov
An official website of the U.S. Department of Homeland Security

- About ICE
- Accessibility
- FOIA Requests
- Privacy Policy
- DHS.gov
- Archive
- No FEAR Act Data
- Site Links
- Performance Reports
- Inspector General
- The White House
- DHS Components
- USA.gov

National Terrorism Advisory System

**NTAS**
NO CURRENT ADVISORIES
Put this widget on your web page

# EXHIBIT 3



**U.S. EMBASSY IN COLOMBIA**

Country/Area    Search    Menu    Language

— **ADDITIONAL INFORMATION**

- Bogota Nonimmigrant Visa Wait Times
- Rights and Protections for Temporary Workers
- Rights and Protections for Immigrant Visa Applicants
- Report Fraud
- **Venezuelan Applicants**
- Instructions for Voluntary Departures

### Venezuelan Applicants

Venezuelan applicants for nonimmigrant visas can apply at any U.S. Embassy or Consulate around the world. If you choose to apply at the U.S. Embassy in Bogotá, all applicants who do not reside in Colombia must attend the visa interview in-person – this includes minor children and the elderly. We do not expedite cases for travel back to Venezuela after the interview. You may be asked to provide bank documents during the interview; we recommend bringing bank statements for all active accounts.

— **APPLYING FOR A VISA**

## What type of visa do you need?

If you are unsure what type of visa you need, please use the Visa Wizard below to learn more.

The type of visa you must obtain is defined by U.S. immigration law and relates to the purpose of your travel. You can use this wizard to find out what visa type may be most appropriate for your purpose of travel. If applying from some countries, you will be redirected to a third-party site to help you determine what visa type is best for you. Please answer all questions as the applicant.



# EXHIBIT 4

## U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

### 11061.1: Facilitating the Return to the United States of Certain Lawfully Removed Aliens

**Issue Date:** February 24, 2012
**Effective Date:** February 24, 2012
**Superseded:** N/A
**Federal Enterprise Architecture Number:** 306-112-002b

1. **Purpose/Background.** Under the Immigration and Nationality Act (INA), as amended, aliens who petition the circuit courts of appeals for review of their administrative removal orders may continue to litigate their petitions after their removal from the United States. Absent a court-ordered stay of removal, U.S. Immigration and Customs Enforcement (ICE) may lawfully remove such aliens while their petitions for review (PFRs) are pending. This Directive describes existing ICE policy for facilitating the return to the United States of certain lawfully removed aliens whose PFRs are granted by a U.S. court of appeals or the U.S. Supreme Court. This Directive applies only to supervisors in Enforcement and Removal Operations (ERO), Homeland Security Investigations (HSI), and the Office of the Principal Legal Advisor (OPLA). This Directive does not apply to bargaining unit employees.

2. **Policy.** Absent extraordinary circumstances, if an alien who prevails before the U.S. Supreme Court or a U.S. court of appeals was removed while his or her PFR was pending, ICE will facilitate the alien's return to the United States if either the court's decision restores the alien to lawful permanent resident (LPR) status, or the alien's presence is necessary for continued administrative removal proceedings. ICE will regard the returned alien as having reverted to the immigration status he or she held, if any, prior to the entry of the removal order and may detain the alien upon his or her return to the United States. If the presence of an alien who prevails on his or her PFR is not necessary to resolve the administrative proceedings, ICE will not facilitate the alien's return. However, if, following remand by the court to the Executive Office for Immigration Review (EOIR), an alien whose PFR was granted and who was not returned to the United States is granted relief by EOIR or the Department of Homeland Security (DHS) allowing him or her to reside in the United States lawfully, ICE will facilitate the alien's return to the United States.

3. **Definitions.** The following definitions apply for purposes of this Directive only:

3.1. **Facilitate an Alien's Return.** To engage in activities which allow a lawfully removed alien to travel to the United States (such as by issuing a Boarding Letter to permit commercial air travel) and, if warranted, parole the alien into the United States upon his or her arrival at a U.S. port of entry. Facilitating an alien's return does not necessarily

include funding the alien's travel via commercial carrier to the United States or making flight arrangements for the alien.

**3.2. Petition for Review (PFR).** A request for a U.S. court of appeals to review a removal order entered by ICE or EOIR under 8 U.S.C. § 1252, INA § 242. The U.S. courts of appeals' PFR decisions are subject to review by the U.S. Supreme Court through a petition for writ of certiorari.

**3.3. Restore an alien to lawful permanent resident (LPR) status.** To enter a judicial decision which renders non-final an administrative removal order against an LPR. *See Matter of Lok*, 18 I&N Dec. 101 (BIA 1981) (holding that an LPR retains such status until the entry of a final administrative order of removal), *aff'd*, 681 F.2d 107 (2d Cir. 1982). Practically speaking this means that, when a PFR is granted that returns a former LPR to the posture of a pre-order alien, the alien will once again, in contemplation of law, be an LPR even though removal proceedings may still be pending before EOIR on remand from the circuit court.

**3.4. Stay of Removal.** An order issued by EOIR or a federal court which prevents ICE from executing a removal order.

**4. Responsibilities.**

**4.1.** ERO, HSI, and OPLA supervisors must fully coordinate at the local, international, and Headquarters levels to effectuate this policy.

**5. Procedures/Requirements.** None

**6. Authorities/References.**

**6.1.** INA § 101(a)(20), 8 U.S.C. § 1101(a)(20).

**6.2.** INA § 212(d)(5), 8 U.S.C. § 1182(d)(5).

**6.3.** INA § 242, 8 U.S.C. § 1252.

**6.4.** 8 Code of Federal Regulations (CFR) § 212.5.

**6.5.** DHS Delegation Number 7030.2, "Delegation of Authority to the Assistant Secretary for the Bureau of Immigration and Customs Enforcement" (November 13, 2004).

**6.6.** Memorandum of Agreement (MOA) between United States Citizenship and Immigration Services (USCIS), ICE, and Customs and Border Protection (CBP), "Coordinating the Concurrent Exercise by USCIS, ICE, and CBP, of the Secretary's Parole Authority Under INA § 212(d)(5)(A) with Respect to Certain Aliens Located Outside of the United States" (September 29, 2008).

3

6.7.  MOA between ICE and CBP, "Significant Public Benefit Parole Protocol for U.S. Customs and Border Protection and U.S. Immigration and Customs Enforcement for Law Enforcement Purposes" (September 22, 2005).

6.8.  *Matter of Lok*, 18 I&N Dec. 101 (BIA 1981), *aff'd*, 681 F.2d 107 (2d Cir. 1982).

7.  **Attachments.** None

8.  **No Private Right.** This Directive is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

*[signature]*
John Morton
Director
U.S. Immigration and Customs Enforcement