Affidavit to Appeal in Forma Pauperis to Support of Appeal from a January 16, 2026 Order of the US District Court District of Columbia

On December 16, 2026 at ECF 212 the Plaintiff/Appellant filed a Motion to Intervene and Consolidate. As a Human Rights Defender who has since September 11, 2024 been denied any form of relief by the US District Court District of Columbia in violation of Article 3, 13, and 14 of the UN Convention against Torture. The Courts have consistently abused their discretion to cover up The 42 U.S.C. § 1983, 1985 (2+3), 1986 conspiracy to illegally operate and cover up The Domestic Violence Cash Benefit Program. Which amounted to Connecticut conducting a new enforced disappearance, trial in absentia, and attempted extrajudicial killing via forcible Ativan Withdrawal during 18 days of being held in solitary confinement with no toilet paper. For asking Connecticut to follow the law instead of shield officials who cared more about money than human lives.

> **17b-112a states:**
>
> For purposes of this section, allegations of domestic violence by a victim may be sufficient to establish domestic violence where the Department of Social Services has no independent, reasonable basis to find the applicant or recipient not credible. Upon alleging domestic violence an applicant or recipient may be required to provide a sworn statement or to submit to the department any evidence of such violence available to the applicant or recipient. Evidence of domestic violence may include, but is not limited to: (1) Police, government agency or court records; (2) documentation from a shelter worker, legal, medical, clerical or other professional from whom the applicant or recipient has sought assistance in dealing with domestic violence; or (3) a statement from an individual with knowledge of the circumstances which provide the basis for the claim of domestic violence. We may want to think about if/how we incorporate #3 (statement of individual with knowledge). If we do not incorporate, we need to be prepared to answer why.
>
> As for not needing a police report or restraining order, I understand the commissioner's concern about the risk of pursuing those documents, but these benefits are a LOT of money, we have to have some way of substantiating the client's claims. If they already have those documents then great, but if they don't I feel like the application would have to come from a DV shelter. Yes, the plan is to set up an application process with DV shelters. We discussed this in our previous meeting and it sounded like the shelters were on board with doing the applications for clients they are already working with. But if the purpose of the benefit is to help the person escape their DV situation, they also need to take some steps on their end to make that happen and provide us with some sort of proof that they are taking some form of action (which would be a police report OR restraining order OR seeking help from a shelter). It would be great if we could collect information on other DV supports being received by the client, even if just for reporting purposes.

That the United States can't work in concert with foreign countries to participate in further acts of illegal detainment and refoulement as they did in Canada August 25, 2024-September 10, 2024.



Or participation by the US State Department in a police kidnapping by Icelandic police 11/12/24.



6:53  Fri, Jan 16

SUPREMECTBRIEFS@usdoj.gov
alicia.dupree@usdoj.gov
johnny.walker@usdoj.gov
tips@nypost.com
tips@latimes.com
tips@slate.com
tips@themarysue.com
tips@newyorker.com
tips@injusticewatch.org
tips2@bloomberg.net
scoop@motherjones.com
newstips@commondreams.org
newsmanager@foxnews.com
news@skynews.com
news@thejournal.ie
news@irishstar.com
news@justsecurity.org
news@ctpublic.org
newsdesk@irishtimes.com
enquiries@ombudsman.org.za
info@medieombudsmannen.se
complaints@mediacouncil.ca
pfu@presse.no
ambassaden.dublin@gov.se
ambassaden.washington@gov.se
dmr@dmr.is
mfa@mfa.is
forseti@forseti.is
dppa-scsb3@un.org
sgcentral@un.org
UNOMS@un.org
Ombudsmediation@fpombudsman.org
lordmayor@dublincity.ie

Date    Jan 16, 2026, 6:03 p.m.

View security details

Yes or no?



--------- Forwarded message ---------
From: **Borealis** <borealis.appeals@gmail.com>
Date: Thu, Jan 15, 2026, 3:11 AM

↩ Reply          ↪ Forward          😊



6:53 Fri, Jan 16

Subject: To the International Protection Appeals Tribunal on how exactly does the Dublin Regulation work when Iceland Refouled and Tortured me?
To: IPAT Appeals Registration <registration@protectionappeals.ie>, International Protection Office <info@ipo.gov.ie>, <ECJ.Registry@curia.europa.eu>, <hrc-sr-independencejl@un.org>
Cc: <dataprotection@tcd.ie>, <provost@tcd.ie>, <academic.registry@tcd.ie>, <law.postgraduate@tcd.ie>, FACULTAD DERECHO UNAM <facultad@derecho.unam.mx>, <info@president.ie>, Niall Collins <niall.collins@oireachtas.ie>, <contact@csso.gov.ie>, <helen.mcentee@oireachtas.ie>, Joint Committee on Justice Home Affairs and Migration <justice@oireachtas.ie>, <disabilitymatters@oireachtas.ie>, <education@oireachtas.ie>, <hrc-sr-education@un.org>, <minister_fheris@dfheris.gov.ie>, <support@protectdefenders.eu>, <info@frontlinedefenders.org>, <secretar@tcd.ie>, <ogis@nara.gov>, <scholarsatrisk@nyu.edu>, <apply.scholarsatrisk@nyu.edu>, <philosophy@tcd.ie>, <philosophy@ucd.ie>


This doesn't work...


--------- Forwarded message ---------
From: **Borealis** <borealis.appeals@gmail.com>
Date: Thu, Jan 15, 2026, 3:03 AM
Subject: To the Icelandic Ombuds Request for Review of 12949/2024 due to severe inconsistency regarding the 12/11/24 Unannounced police kidnapping you refused to investigate
To: <postur@umbodsmadur.is>, Póstur - KNU <postur@knu.is>, <althingi@althingi.is>, <hrc-sr-truth@un.org>, <registrator.kansli@polisen.se>, <anticorruption@prosecutor.se>, <justitieombudsmannen@jo.se>, <civilrights@oag.state.md.us>, <newhaven@ic.fbi.gov>, DESPP.Legal <despp.legal@ct.gov>
Cc: <ogis@nara.gov>, FACULTAD DERECHO UNAM <facultad@derecho.unam.mx>, <SOS@international.gc.ca>, <postmaster@nobelpeaceprize.org>, <247@mfa.no>, <press@trumporg.com>, <post@nobelpeacecenter.org>, <info.nobelprizemuseum@nobelprize.org>, <registrator.kansli@polisen.se>, <justitieombudsmannen@jo.se>, <law.postgraduate@tcd.ie>, <academic.registry@tcd.ie>, <dataprotection@tcd.ie>, <apply.scholarsatrisk@nyu.edu>, <scholarsatrisk@nyu.edu>, <ryan.howzell@nyu.edu>, <brennancenter@nyu.edu>, <nyuad.provost@nyu.edu>, <shape.engagements@shape.nato.int>, <shape.j10pao@nato.int>, <shape.band@nato.int>, <dubamb@um.dk>, <newsdesk@irishlegal.com>, <osd.pa.dutyofficer@mail.mil>, <AF.JAX.Workflow@us.af.mil>, <16AF.PA.MediaOps@us.af.mil>, <OnTheRecord@usmc.mil>, <PTGN_CHINFONEWSDESK@navy.mil>, <warcompa@socom.mil>, <osd.pentagonpressbadges@mail.mil>, <holyseee.oas@diplomat.va>, <um@um.dk>, <pressevagten@um.dk>, <bbb@um.dk>, <udenrigsministeren@um.dk>, <GovPublicRecords@la.gov>, <SSK@ankl.dk>, <admin@odf.ie>, <entraide-civile-internationale@justice.gouv.fr>,

↩ Reply          �forward Forward

6:53 Fri, Jan 16

&lt;enquiries@ombudsman.org.za&gt;, &lt;info@medieombudsmannen.se&gt;, &lt;complaints@mediacouncil.ca&gt;, &lt;pfu@presse.no&gt;, &lt;ambassaden.dublin@gov.se&gt;, &lt;ambassaden.washington@gov.se&gt;, &lt;dmr@dmr.is&gt;, &lt;mfa@mfa.is&gt;, &lt;forseti@forseti.is&gt;, &lt;dppa-scsb3@un.org&gt;, &lt;sgcentral@un.org&gt;, &lt;UNOMS@un.org&gt;, &lt;Ombudsmediation@fpombudsman.org&gt;, &lt;lordmayor@dublincity.ie&gt;

How exactly was I in Iceland 12/11/24-15/11/24 when I was admitted to a hospital because your police kidnapped me unannounced and left me to die homeless in Baltimore 12/11/24?

Enlighten us please?





6:53 Fri, Jan 16    32%

9.  The evaluee is demonstrating the following behavior that leads me to conclude that they currently have a mental disorder: _was found stating that he would like to harm himself having suicidal thoughts_ (Attach additional sheets if necessary)

10.  The evaluee presents a danger to the life or safety of the evaluee or others because: _____
(Attach additional sheets if necessary)

11.  The evaluee has access to the following firearms/weapons: _N/a_

I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief.

11/13/2024          Ofc Overby 1983
Date                      Petitioner

                          Poverby@emetta.state.md.us
                          E-mail
TO THE PETITIONER: You may be required to appear before the court. You have made the statements above under penalties of perjury. If an evaluation is ordered, it would be helpful if you could accompany the evaluee to the emergency facility and provide emergency facility authorities with all information that is pertinent to this petition. A petitioner who, in good faith and with reasonable grounds, submits or completes the Petition for Emergency Evaluation is not civilly or criminally liable for submitting or completing the petition.

CC-DC-013 (Rev. 12/09/2020)          (front)          PEEEV

---

**UMBOÐSMAÐUR ALÞINGIS**
Þórshamri, Templarasundi 5, 101 Reykjavík
Sími: 510 6700 • Netfang: postur@umbodsmadur.is
Heimasíða: www.umbodsmadur.is

                                    Mál nr. 12949/2024

                          Reykjavík, 11. desember 2024

Jeremy Lawson
jeremy.lawson1991@gmail.com

*If you need assistance with understanding the Icelandic text contained in this letter, you are welcome to contact the Ombudsman's Office by telephone no. (+354) 510-6700 during weekdays from 09:00-11:30 and 12:30-15:00. You may also request further information by sending an email to postur@umbodsmadur.is.*

                          I

Vísað er til kvörtunar þinnar, sbr. tölvubréf í september sl., sem fékk málsnúmerið 12949/2024. Með tölvubréfi 8. október sl. var þess óskað nánari upplýsinga um kvörtunina, s.s. um hvaða íslenska stjórnvald eða stjórnvöld ættu í hlut.

Af svörum þínum með tölvubréfi síðar þann dag, svo og öðrum tölvubréfum frá þér, en mér hefur borist mikill fjöldi erinda frá þér, verður ráðið að kvörtunin beinist öðru fremur að Landspítala og

↩ Reply          → Forward



**I**

Vísað er til kvörtunar þinnar, sbr. tölvubréf í september sl., sem fékk málsnúmerið 12949/2024. Með tölvubréfi 8. október sl. var þess óskað nánari upplýsinga um kvörtunina, s.s. um hvaða íslenska stjórnvald eða stjórnvöld ættu í hlut.

Af svörum þínum með tölvubréfi síðar þann dag, svo og öðrum tölvubréfum frá þér, en mér hefur borist mikill fjöldi erinda frá þér, verður ráðið að kvörtunin beinist öðru fremur að Landspítala og Útlendingastofnun. Í tölvubréfunum kom fram að þú værir ósáttur við heilbrigðisþjónustu af hálfu spítalans og að Útlendingastofnun hefði þvingað þig til þess að draga til baka umsókn um alþjóðlega vernd. Enn fremur vísaðir þú til heimilda umboðsmanns til þess að taka mál til meðferðar að eigin frumkvæði, sbr. 5. gr. laga nr. 85/1997 um umboðsmann Alþingis.

Í tilefni af kvörtun þinni voru bæði Útlendingastofnun og Landspítala rituð bréf 19. nóvember sl. og óskað upplýsinga um samskipti þín við þessi stjórnvöld. Svör þeirra bárust með bréfum 3. desember sl.

**II**

Meðal þess sem kemur fram í bréfi Útlendingastofnunar er að þú hafir tvívegis sótt um alþjóðlega vernd á Íslandi, fyrst 15. september sl. og aftur 16. október sl. eftir að hafa dregið fyrri umsókn til baka 23. september sl. Þá segir að stofnunin hafi synjað síðari umsókninni 24. október sl., kærunefnd útlendingamála hafi staðfest þá ákvörðun 13. nóvember sl., og að heimferðar- og fylgdardeild Ríkislögreglustjóra hafi flutt þig til Bandaríkjanna 15. nóvember sl. Það er því ljóst að eftir að þú kvartaðir til mín lagðir þú fram nýja umsókn um alþjóðlega vernd sem hlaut afgreiðslu hjá Útlendingastofnun og kærunefnd útlendingamála.

Þar sem ráðið varð að kvörtun þín lyti m.a. að því að umsókn þín um alþjóðlega vernd hefði ekki verið afgreidd og þar sem nú liggur fyrir

Þar sem ráðið varð að kvörtun þín lyti m.a. að því að umsókn þín um alþjóðlega vernd hefði ekki verið afgreidd og þar sem nú liggur fyrir endanleg niðurstaða stjórnvalda vegna hennar eru ekki efni til að ég fjalli frekar um kvörtun þína að þessu leyti.

**III**

Í bréfi Landspítala 3. desember sl. kemur fram að þú hafir dvalið um tíma á spítalanum í byrjun október sl. og hafir eftir það verið í samskiptum við talskonu sjúklinga sem hafi eftir nokkur samskipti við þig m.a. óskað upplýsinga frá þeirri deild sem þú dvaldir á sem hafi upplýst að þú hafir fengið viðeigandi mat og meðferð og viðtal við félagsráðgjafa vegna umsóknar þinnar um alþjóðlega vernd. Þá kemur fram sú afstaða spítalans að hann telji þig ekki hafa fengið ófullnægjandi þjónustu.

Í tilefni af svörum Landspítala skal bent á að samkvæmt 2. gr.



Í tilefni af svörum Landspítala skal bent á að samkvæmt 2. gr. laga nr. 40/2007, um heilbrigðisþjónustu, fer heilbrigðisráðherra með yfirstjórn heilbrigðismála og landlæknis. Samkvæmt 1. mgr. 12. gr. laga nr. 41/2007 er landlækni skylt að sinna erindum er varða samskipti almennings við veitendur heilbrigðisþjónustu og leiðbeina þeim sem til hans leita um málefni heilbrigðisþjónustunnar. Í 2. mgr. greinarinnar kemur fram að heimilt sé að beina formlegri kvörtun til landlæknis vegna meintrar vanrækslu og mistaka við veitingu heilbrigðisþjónustu. Þá er notendum heilbrigðisþjónustunnar jafnframt heimilt að bera fram formlega kvörtun til landlæknis telji þeir að framkoma heilbrigðisstarfsmanna við veitingu heilbrigðisþjónustu hafi verið ótilhlýðileg. Kvörtun til landlæknis skal vera skrifleg og skal þar koma skýrt fram hvert sé tilefni hennar, sbr. 6. mgr. 3. mgr. 12. gr. laganna. Enn fremur er heimilt, sbr. 6. mgr. sömu greinar, að kæra málsmeðferð landlæknis samkvæmt ákvæði þessu til heilbrigðisráðherra. Ástæða þess að framangreint er rakið er sú að ekki er gert ráð fyrir að umboðsmaður fjalli um mál fyrr en búið er að tæma kæruleiðir innan stjórnsýslunnar, sbr. 3. mgr. 6. gr. laga nr. 85/1997, um umboðsmann Alþingis.

Ég tel því rétt að þú leitir til landlæknis og eftir atvikum heilbrigðisráðherra með athugasemdir þínar við þjónustu og meðferð sem þú hlaust á Landspítala teljir þú tilefni til áður en ég get fjallað um þær.

Vegna vísunar þinnar til frumkvæðisheimildar umboðsmanns tek ég fram að við mat á hvenær henni er beitt er meðal annars litið til starfssviðs og áherslna umboðsmanns, hagsmuna sem tengjast því málefni sem um ræðir og málastöðu og nýtingar mannafla hjá embættinu. Verði málefnið tekið til athugunar er almennt ekki upplýst um það sérstaklega heldur er tilkynnt um athugunina á heimasíðu embættisins, www.umbodsmadur.is.

2

**UMBODSMADUR ALÞINGIS**

**III**

Með vísan til alls framangreinds lýk ég athugun minni á kvörtuninni, sbr. 1. mgr. 10. gr. laga nr. 85/1997, um umboðsmann Alþingis.

heldur er tilkynnt um athugunina á heimasíðu embættisins, www.umbodsmadur.is.

2

**UMBODSMADUR ALÞINGIS**

**III**

Með vísan til alls framangreinds lýk ég athugun minni á kvörtuninni, sbr. 1. mgr. 10. gr. laga nr. 85/1997, um umboðsmann Alþingis.

Undirrituð var kjörin umboðsmaður Alþingis 26. september 2024 og hefur farið með mál þetta frá 31. október sama ár.



**III**

Með vísan til alls framangreinds lýk ég athugun minni á kvörtuninni, sbr. 1. mgr. 10. gr. laga nr. 85/1997, um umboðsmann Alþingis.

Undirrituð var kjörin umboðsmaður Alþingis 26. september 2024 og hefur farið með mál þetta frá 31. október sama ár.

Virðingarfyllst,

Kristín Benediktsdóttir

3



6:54 Fri, Jan 16

Original  **Translated**

**REPRESENTATIVE OF THE PARLIAM**
Þórshamri, Templarasundi 5, 101 Reykjavik Phone:
510 6700 Email: postur@umbodsmadur.is
Website: www.umbodsmadur.is

Case No. 12949/2024

Reykjavik, December 11, 2024

Jeremy Lawson
jeremy.lawson1991@gmail.com

*If you need assistance with understanding the Icelandic text contained in this letter, you are welcome to contact the Ombudsman's Office by telephone no. (+354) 510-6700 during weekdays from 09:00-11:30 and 12:30-15:00. You may also request further information by sending an email to postur@umbodsmadur.is.*

Reference is made to your complaint, cf. email last September, which received case number 12949/2024. By email on October 8th, further information about the complaint was requested, such as which Icelandic government authority or authorities were involved.

From your replies by email later that day, as well as other emails from you, but I have received a large number of messages from you, it can be concluded that the complaint is directed primarily at Landspitali and the Directorate of Immigration. The emails stated that you were dissatisfied with the health care provided by the hospital and that the Directorate of Immigration had forced you to withdraw your application for international protection. Furthermore, you referred to the Ombudsman's authority to take up cases on his own initiative, cf. Article 5 of Act No. 85/1997 on the Ombudsman of the Parliament.

In response to your complaint, both the Directorate of Immigration and the National Hospital of Iceland were written to on November 19th, requesting information about your interactions with these authorities. Their responses were received by letter on December 3rd.

II

Among the things stated in the letter from the Directorate of Immigration is that you applied for international protection in Iceland twice, first on September 15th and again on October 16th after withdrawing your previous application on September 23rd. It also states that the agency rejected your second application on October 24th, that the Immigration Appeals Board confirmed that decision on November 13th, and that the Repatriation and Escorts Department of the National Police Commissioner transferred you to the United States on November 15th. It is therefore clear that after you complained to me, you submitted a new application for international protection, which was processed by the Directorate of Immigration and the Immigration Appeals Board.

| Icelandic | ⇄ | English |
|---|---|---|

→ Send to Translate Home    T Select all    🔊 Listen    ⮜ Share    ⬇ Download Icelandic

Are these results useful?                    Yes    No    ✕

← Reply            → Forward



Since it was decided that your complaint related, among other things, to the fact that your application for international protection had not been processed, and since the government's final decision on it is now available, there is no reason for me to discuss your complaint further in this regard.

III

In the letter from Landspítali dated December 3rd, it is stated that you spent some time at the hospital in early October and that you have since been in contact with a patient advocate who has since had some contact with you, including requesting information from the ward where you were staying, which has informed you that you have received appropriate assessment and treatment and an interview with a social worker regarding your application for international protection. The hospital's position is also stated that it does not believe you have received inadequate service.

In response to Landspítali's responses, it should be noted that according to Article 2 of Act No. 40/2007, on health services, the Minister of Health is responsible for the management of health affairs and the Director of Health. According to Article 12, Paragraph 1 of Act No. 41/2007, the Director of Health is obliged to handle matters concerning public relations with health service providers and to guide those who seek his/her advice on health service matters. Paragraph 2 of the article states that a formal complaint may be made to the Director of Health due to alleged negligence and errors in the provision of health services. Users of health services are also permitted to submit a formal complaint to the Director of Health if they believe that the conduct of health care professionals in the provision of health services has been improper. A complaint to the Director of Health shall be in writing and shall clearly state the reason for it, cf. Article 12, Paragraph 3 of the Act. Furthermore, it is permitted, cf. 6. paragraph. of the same article, to appeal the proceedings of the Director of Health under this provision to the Minister of Health. The reason for the above is that the Ombudsman is not expected to deal with a case until the appeal channels within the administration have been exhausted, cf. 3. paragraph. of Article 6. Act No. 85/1997, on the Ombudsman of the Parliament.

I therefore believe it is right for you to contact the Director of Health and, where appropriate, the Minister of Health with your comments on the service and treatment you received at the National Hospital, if you consider it appropriate, before I can discuss the matter further.

In light of your reference to the Ombudsman's power of initiative, I would like to point out that when assessing when it is used, the Ombudsman's field of work and focus, interests related to the issue in question, and the status and utilization of human resources at the office are taken into account. If the issue is taken into consideration, it is generally not specifically announced, but rather the consideration is announced. The office's website, www.umbodsmadur.is. at



REPRESENTATIVE OF THE PARLIAM

III

With reference to all of the above, I conclude my examination of the complaint, cf. Paragraph 1 of Article 10 of Act No. 85/1997, on the Parliamentary Ombudsman. The elected Parliamentary Ombudsman signed on 26 September 2024 and has been handling this case since October 31 of the same year.

Sincerely,

Kristin Benediktsdóttir





+1-860-566-4840

governor.lamont@ct.gov

Offender #2

Attorney General William Tong

Pronouns He / Him

165 Capitol Ave, Hartford, CT 06106, United States

+1-860-808-5318

Attorney.General@ct.gov

2

Offender #3

Minister Dominic A. LeBlanc

Pronouns He / Him

House of Commons
Ottawa, Ontario,
Canada
K1A 0A6

+1-613-992-1020

dominic.leblanc@parl.gc.ca

Offender # 4

Former Icelandic National Police Commissioner Sigríður Björk Guðjónsdóttir



Former Icelandic National Police Commissioner Sigríður Björk Guðjónsdóttir

Unknown location and contact

Offender #5

Former Prime Minister of Iceland Bjarni Benediktsson

Kirkjustræti, 101 Reykjavík, Iceland

+354-563-0500

bjarni.benediktsson@althingi.is

Offender #6

President of Iceland Halla Tómasdóttir

Sóleyjargata 1, 101 Reykjavík

+354 540 4400

forseti@forseti.is

3

Offender #7

Tánaiste of Ireland Simon Harris

5a Quinnsborough Rd, Bray, Co. Wicklow

+353-016183805

simon.harris@oireachtas.ie

(This is not an exhaustive list)

Oral "interviews" conducted by The Government of Iceland

23/9/24 interview (29 minutes)

https://drive.google.com/drive/folders/1cXcgPTfbvV4IMOdS71IKan5__qFSCrtE

24/10/24 interview (3.5 hours)

https://drive.google.com/drive/folders/1pzPw1VXZONG9aiSBnhQoEAipiPdXCWFs

Rejected Google Drive rejected evidence from 27/10/25 complaint against the Embassy of Sweden in Dublin to the Swedish Parliamentary Ombuds

https://drive.google.com/drive/folders/13bVZDd2YV-MGY75GVuZDe3Cvmyw1m5un



Or ongoing acts of Transnational Repression by the Government of Ireland since 7/30/25

Ireland Court of Appeals

Case No _____
To be assigned

Emergency Request for a Perpetual Injunction

Borealis S Hedling
Travelodge Plus
44 Townsend St Rm 120
Dublin 2
Plaintiff

V.

The Judicial Council of Ireland
Green Street Courthouse,
Green Street,
Dublin D07
Defendant #1
&

Central Office Of The High Court
Ground Floor (East Wing),
Four Courts, Inns Quay,
Dublin 7
Defendant #2

&

Ireland Supreme Court Clerks Office
Four Courts, Inns Quay,
Dublin 7
Defendant #3

Subject matter jurisdiction:
This Court has Subject matter jurisdiction to hear this matter under Supplemental Provisions)
Act, 1961, s.45. Article 13 and 14 of the UN Convention against Torture and Other Cruel,
Inhuman or Degrading Treatment or Punishment. Article 34 of the 1951 UN Convention on the
Status of Refugees. Article 11 and 13 of the UN Convention on the Rights of Persons with
Disabilities. Under Section 28(6) of the International Protection Act of 2015. Article 2, 3, 6, 13,

and 14 of the European Convention on Human Rights. Article 26 & 27 of the 1969 Vienna Convention on the Law of Treaties. The Principle of **Nemo judex in causa sua.**

1. Per the below January 13, 2026 action filed against John Mansfield Executive Officer of the International Protection Appeals Tribunal under Supplemental Provisions) Act, 1961, s.45. Given per EX 1 a January 2, 2026 email entitled "I would also caution the High Court Central Office a US Court just upheld my Defacto Public Execution via medical deprivation and Transnational Repression''. In relation to EX 2 a 25/9/25 deeds poll the Central Office refuses to lawfully file. Which per EX 3 a January 13, 2026 email entitled "If it makes you feel any better it is the JCCPs fault for suppressing ever Petition I have ever made since 11/9/25 including to Amend Article 29 of the Constitution of Ireland". That also details obligations to follow Article 26 & 27 of the 1969 Vienna Convention on the Law of Treaties. The Plaintiff's access to the Courts has been systematically blocked by the Defendants. Per EX 4-7 respectively EX 1-4 in the previous 2 actions embedded below. The Judicial Council has refused to help establish a court of universal jurisdiction and even meet obligations to train Court staff to follow Article 13 of the UN Convention on the Rights of Persons with Disabilities.

---------------------------------------------------------------------------------------------------------------

"High Court of Dublin

Case No _____

To be assigned

Emergency Request for a Perpetual Injunction

Borealis S Hedling
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2
Plaintiff

V.

John Mansfield Executive Officer at The International Protection Appeals Tribunal
International Protection Appeals Tribunal
6/7 Hanover Street East,
Dublin 2
Defendant

**Subject matter jurisdiction:**
This Court has Subject matter jurisdiction to hear this matter under Supplemental Provisions)
Act, 1961, s.45. Article 13 and 14 of the UN Convention against Torture and Other Cruel,
Inhuman or Degrading Treatment or Punishment. Article 34 of the 1951 UN Convention on the
Status of Refugees. Article 11 and 13 of the UN Convention on the Rights of Persons with
Disabilities. Under Section 28(6) of the International Protection Act of 2015. Article 2, 3, 6, 13,
and 14 of the European Convention on Human Rights.

1. Per the below rejected Emergency Motion for Summary Judgment on the application for
   asylum of Borealis S Hedling which essentially amounts to a Petition for a Writ of
   Habeas Corpus. The International Protection Appeals Tribunal via John Mansfield
   Executive Officer has provided a summary Judgment via severe abuse of discretion in
   not filing a lawful action alleging the International Protection Office is not the competent
   authority to render Judgment in this matter.



10:36  Tue, Jan 13    35%

IPAT Appeals Registration  10:44 a.m.
to me

It looks like this message is in Irish
Translate to English

Dear Borealis Hedling

I am writing to acknowledge your correspondence to the International Protection Appeals Tribunal dated 12 January 2026.

A decision has not yet issued in your case before the International Protection Office.

Once a recommendation has issued If you wish to appeal the recommendation of an International Protection Officer in relation to a refusal of refugee status or subsidiary protection, you must do so using the form of the Notice of Appeal, available at the Tribunal's website: Notices of Appeal

Regulation 5 of the International Protection Act 2015 (Procedures and Periods for Appeals) Regulations 2017 requires that an appeal shall be made by notice in writing, and in the prescribed form.

Please see attached leaflet providing information on the Legal Aid Board.

Yours sincerely

John Mansfield (He/Him)
Oifigeach Feidhmiúcháin| IPAT
Executive Officer | Registration | International Protection Appeals Tribunal
An Binse um Achomhairc i dtaobh Cosaint Idirnáisiúnta
International Protection Appeals Tribunal

6/7 Sráid Hanover Thoir, Baile Átha Cliath D02 W320

↩ Reply        → Forward

"Borealis S Hedling (PID: ID/1551608/25)

V.

The Immigration Protection Office

**Subject matter jurisdiction:**
This Tribunal has Subject matter jurisdiction to hear this matter under Article 13 and 14 of the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Article 34 of the 1951 UN Convention on the Status of Refugees. Article 11 and 13 of the UN Convention on the Rights of Persons with Disabilities. Under Section 28(6) of the International Protection Act of 2015. Article 2, 3, 6, 13, and 14 of the European Convention on Human Rights. The Principle of **Nemo judex in causa sua.**

1. The Applicant is alleging the International Protection Office, High Court, and Supreme Court of Ireland lack personal jurisdiction over this matter. As indicated in this Motion for a Summary Judgment on the July 30, 2025 International protection application of Borealis S Hedling (formerly Jeremy M Lawson). Per EX 1 a December 5, 2025 Emergency Complaint to the Swedish Police War Crimes Unit including Simon Harris Minister of Finance the Government of Ireland has abused this process to hold the Applicant functionally prisoner. When per EX 2 a July 30, 2025 an email entitled "E11 Jeremy M Lawson potential suicide waiting on ambulance". The High Court against Article 11 and 13 of the UN Convention on the Rights of Persons with Disabilities denied the ability to even file a Perpetual Injunction in the High Court July 29, 2025 to bypass a process the Applicant noted would be used as torture.

2. Per EX 3 a January 12, 2026 email to the Standards in Public Office Commission (SIPO) entitled "To the SIPO Election issues and systemic corruption complaint" noting the Ireland Supreme Court's failure to lawfully declare the President of Ireland Catherine Connolly permanently Incapacitated for failure to follow her Oath. After she promised October 3, 2025 to advocate to hold individuals who commit Crimes Against Humanity, Genocide, and Wage wars of Aggression accountable. Or to Dissolve the 34th Dáli for failure to establish a Court of Universal Jurisdiction under Article 38 of the Constitution of Ireland since September 11, 2025. Or per EX 4 the Judicial Review Council to train Court staff in accordance with Article 13 of the UN Convention on the Rights of Persons with Disabilities to ensure non-recurrence.

Submission of Information to Special Procedures Report                                         ulvn4bvr

 

**UNITED NATIONS HUMAN RIGHTS**
OFFICE OF THE HIGH COMMISSIONER

**Reference:** ulvn4bvr                                    **Date:** Wednesday, August 27, 2025

**Type:** Follow-up information                            **Original:** English

**Consent:** Not required

---

### Related mandates

- arbitrary Detention
- international order
- disappearances
- human rights defenders
- disability

---

### Submitted by

**Name:** Jeremy Lawson                                    **Type:** Individual

**Pronouns:** They / Them                                  **Salutation:**

**First name (used name):** Borealis                       **Family name (used name):** Hedling

**Gender identity (self-identified):** Genderfluid

**Email:** dauntless.peace@proton.me                       **Telephone:** 19599998957

**Address:**
St Aloysius Ward Mater Misericordiae University Hospital

---

### Case details

**If the original submission was made online please provide the submission reference if known:** cd5ultr1

**The date of the original submission to the Special Procedures and the name of the person / organization who sent it, as contained in the original submission:**
23/11/24-present

**Details:**
This information is also going to be transmitted in Portuguese, Spanish, German, French, Dutch, Chinese, and Japanese for recording purposes. The translations are not exact.
I am a human rights defender who provided the Irish government with information regarding cases of torture, refoulement, and crimes against humanity. This information has been ignored since 20/09/2024. Following the complaint cited below, filed on 22/08/2025 with the European Commission, I am subject to restrictions on freedom of movement. I am ignored by the United Nations, the Organization of American States, and the European Commission itself. I had to file a complaint with the Office of the European Ombudsman in the hope that the complaint below will be legally examined, in accordance with European and international law.

If Ireland does not allow transit:

According to Article 4 of the Cuban Constitution, asylum may be granted to those subjected to political persecution.

The Chinese Embassy can grant asylum in accordance with Article 32, Paragraph 2 of the Constitution of the Republic of China

Brazil, Mexico and Argentina have all ratified the 1954 Convention on Diplomatic Asylum, signed in Caracas

The Japanese embassy took no action when I was tortured in Iceland. Under Article 14 of the UN Convention Against Torture, I can seek asylum at their embassy in Dublin.

Under Article 21 of the Constitution of India, I can apply for asylum at the Embassy of India in Dublin.

Since the Commissioner for the Fundamental Law did not understand or did not deal with my complaint properly, I can apply for asylum under the Fundamental Law.

August 22, 2025 Complaint to the European Commission (edited)

---

On January 12, 2025, the Applicant filed a direct appeal against a decision of the Court of Session with the Supreme Court of Ireland. There were indications that European law was not being correctly applied to the Applicant, given that Iceland had tortured him. Iceland subsequently unlawfully returned him to the United States on November 12, 2024, after allowing the United States and Canada to maintain their false safe third country designation. The Applicant was ignored, even citing contact with the Irish Embassy in Oslo on September 20, 2024, via email, detailing his enforced disappearance in the United States between November 11 and August 23, 2024, to halt a civil rights injunction.

Furthermore, declaring an unlawful detention while seeking international protection in Canada from August 25 to September 10, 2024, for attempting to file another injunction demonstrating that the United States did not meet the definition of a safe third country, and failing to revoke that designation, would constitute a systematic crime against humanity in the form of mass deportation. Both Iceland and Canada used the asylum process as torture against a human rights defender. Canada explicitly violated its commitments to human rights defenders.

The economic and psychological torture Complainant has faced since his unannounced abduction back to the United States by Icelandic police on November 12, 2024, has intensified each time he seeks help from any government at the Council of Europe, the UN, NATO, or the Inter-American Commission on Human Rights. UN Special Procedures Reports have yielded no results since November 23, 2024. Although Complainant has documented simultaneous violations of international law under the UN Convention against Torture, the UN Convention on the Rights of Persons with Disabilities, and the 1951 UN Convention Relating to the Status of Refugees, the principles of Jus Cogens and Erga Omnes, no country will invoke Article 35 of the UN Charter as long as the situation deteriorates.

## Additional information

The applicant filed an injunction to prevent further traumatic abuses of the asylum system. After the Joint Committee on Justice, Home Affairs, and Migration of the Houses of the Oireachtas acknowledged a petition to the Nobile Office on July 28, 2025, the Scottish Court refused to act on it on July 22, 2025. Meanwhile, the Minister for Justice acknowledged another injunction filed on July 30, 2025, in the Irish High Court during a new application for international protection. The Irish High Court dismissed the injunction, which violated European and international law. The applicant was left homeless to die on July 30, 2025, and ordered to obtain a tent. This led to continued psychiatric hospitalization. However, the Government, through ostracism, refuses to admit guilt. This alone, coupled with hate crimes against the Indian population, demonstrates a blatant pattern of human rights violations.

This could allow the EU to suspend Ireland's rights as a Member State, given its failure to comply with international law. On August 20, 2025, another injunction was rejected by the Irish High Court, allowing Ireland to continue its violations of international instruments, including the Treaty on European Union. Ireland fails to uphold democracy, the rule of law, and human rights, violating the complainants' right to provide evidence to UN Subcommissions under the Optional Protocols. Along with other states that have failed to act since September 2024, the European Commission has allowed these abuses to continue without redress. The complainant has exhausted all available domestic and international remedies. Ireland will not apologize or provide compensation under Article 14 of the UN Convention against Torture. Ireland holds the complainants' US passports, as they openly seek reconciliation to obtain freedom of movement. Furthermore, it calls on governments to act compassionately and provide compensation also in the form of monetary donations to St. Judes Children's Research Hospital.

Submission of Information to Special Procedures Report                                      eshlt44a

 

**UNITED NATIONS**
**HUMAN RIGHTS**
OFFICE OF THE HIGH COMMISSIONER

**Reference:** eshlt44a                                **Date:** Monday, October 13, 2025

**Type:** Follow-up information                        **Original:** English

**Consent:** Not required

---

## Related mandates

- education
- human rights defenders
- torture
- disability
- privacy

---

## Submitted by

**Name:** Borealis Hedling                             **Type:** Individual

**Pronouns:** They / Them                              **Salutation:**

**First name (used name):** Borealis                   **Family name (used name):** Hedling

**Gender identity (self-identified):** Genderfluid

**Email:** dauntless.peace@proton.me                   **Telephone:** 19599998957

**Address:**
Travelodge Plus Dublin City Centre
44 Townsend St Rm 120
Dublin 2 (Ireland)

---

## Case details

**If the original submission was made online please provide the submission reference if known:** n6h6ezyf

**The date of the original submission to the Special Procedures and the name of the person / organization who sent it, as contained in the original submission:**
23/11/24–present

**Details:**
On 11/10/25 I made the following complaint to the Dignity, Respect, and Consent Office against Provost Linda Doyle. As has been show systemically globally in universities in the US, UK, Iceland, Canada, Mexico, and Ireland the chilling effect of supporting me in anyway is seen as impossible. Instead I am subjected to what would normally be considered indirect bully in the form of Shunning. However, contextually it is torture as all parts of society or a normal life become closed. Even when the data on systemic corruption and bureaucracy being used as a means to suppress fundamental freedoms and human rights has extreme value for academia. As a full means of rehabilitation as possible being able to use this data to build transitional justice systems. Along with organize it for other varied uses I am deprived of even the right to get assistance applying for a post graduate program. Receive the funds to pursue education as Article 14 UN Convention Against Torture compensation. The extreme isolation and abuse culture within society regardless of having the credentials and exceedingly original research is meaningless because I challenged the systemic cruelty within society more broadly. All opportunities and human rights instruments are denied for me and continues to drastically effect any ability to even associate with anyone or any institution that may stop the extreme psychological torture and economic abuse I have been subjected to for years. That this is a very strong indicator of suppression of the Rights of public universities. Also a deliberate decision of institutions to blacklist me participating in the same abuse against their own professed institutional values and codes of ethics. From the process to seek redress becomes almost impossible to approach. The expectations it will not just be another exercise in gaslighting or victimization has been deeply reinforced by the Houses of the Oireachtas ensuring there is no enforceable right to fair and adequate compensation or a full means of rehabilitation possible. That there is no commitment to make even the broken systems that exist marginally accessible for someone with severe PTSD from years of institutional abuse and betrayal. Which ensures I remain without validation of my experience and creates a deep sense of isolation so I won't seek help at all.

""On 24/9/25 I contacted the Disability Hub at askds@tcd.ie and the Trinity Law School Post Graduate Program at law.postgraduate@tcd.ie noting a significant disability with communicating with Institutions and Solicitors Via written communication. That I needed a reasonable accommodation in applying for a research PHd via a verbal application or with voluminous data provided in the initial contact. Which included Transcripts and Proof of being awarded a Masters Degree in Criminal Justice from the University of Cincinnati. Beyond that it cites essential elements such as the dissertation focus stated as "Compassion as a Panacea: Combatting the Crime Against Humanity that is Bureaucracy in Memory of Sophie Scholl". Including the only relevant research I could find noting a severe lack of research in the field. Noting active

Submission of Information to Special Procedures Report                                    eshlt44a

experimentation and a research methodology. The easily verifiable evidence of torture was the most pressing concern. As I moved to essentially ask the College to grant me Sanctuary as relief as an Article 14 UN Convention against Torture just grant the Sanctuary Scholarship minus a process that with 1 email showed I met all the requirements for such relief.

## Additional information

As a Public University I stated multiple times the College was bound by the same international instruments the Government of Ireland was concurrently violating. I contacted this office in good faith 29/9/25 requesting in person assistance with filing this complaint and did not receive a response. Even noting what email addresses to audit for a quack investigation citing Article 11 and 13 of the UN Convention on the Rights of Persons with Disabilities. I contacted the Provost at provost@tcd.ie with a disability that was being severely exacerbated via shunning and an extreme fear of going to the Disability Hub in person at that time. Asking to just grant a PHd in a moment of frantic searching for the obvious validation I was engaged in high level human rights defense work that was being clearly subverting by a Government invested in me publicly humiliating myself. Instead of honoring the professed values of being a Sanctuary University or following the cited international instruments just to accommodate a simple application I was ignored. To the point where I leafleted the College 6/10/25 in Memory of Sophie Scholl noting the historical failure of the University of Munich in 1943 to stand up for Sophie Scholl Who executed for her Human Rights Defense work. Doing this to someone in my situation is akin to a public execution. Inevitably the Provost should have addressed the systemic issues before I noted in my International protection claim that I was denied reasonable accommodations in education.

The treatment of Trinity College in my situation is cruel, degrading, and Inhuman. Is a direct violation of international law."

Note on why this should immediately proceed to a formal process and I don't need to exhaust informal options:

"These are serious well founded allegations of violating international law. Every process I have ever participated in good faith noted above have been excercises in gaslighting and abuse to shield institutional actors. Along with limit liability as the objective evidence proves the immediate merits of the case with little to no investigation required. There is no purpose to not require a formal process to ensure non-recurrence."



*Exist. I plead under the Alford Doctrine 8/23/24 since a Judge with integrity realized this State Attorney]*

GA# 14 Hartford
Criminal Court
M-10
File complaint     Docket # H14-CR24-0263184-5

Ex Parte
EX3

**ASFC    CBSA**

36 (1)(b)IRPA
"a serious criminality having been convicted
Of an offence outside Guadituatif Committed in
Cenada would Constitute an Offense under 94 Act
Of Parliment Penishable by a Maximum term of
Imprisonment of at least 10years."

Also a class C Misdemeanor
unlawful charge   Conn Gen S 53 a-183 Harassment 2 has a over
Max charge or $500 fine
1 year is 9 months

**ASFC Montréal – Exécution de la loi**
Tuesday September 03rd, 2024

ID:              11-4195-3168
Surname:         LAWSON
First name:      Jeremy Michael
Date of birth:   March 29th, 1991
Country of birth : United States of America

**Admissibility Hearing :** Thursday, September 5th, 2024 at 09:00

I, Francis Letellier, of the Canada Border Services Agency (CBSA), do solemnly declare that I make this solemn declaration consciently believing it to be true and knowing that it is of the same force and effect as *if made under oath.* ← *This is Perjury*

This file was referred to us for follow-up at the next detention review with a view to holding an admissibility hearing. The subject is under investigation to determine whether he is a person to whom section 36(1)b of the IRPA applies.

On September 3rd, 2024, we requested my colleague Henry Kwan from the Major Crime Investigation Unit to obtain from the authorities in Connecticut, USA, all the information concerning the criminal record, including police reports. The documents should be forwarded to us shortly.

Once we receive Mr. Lawson's court documents, we will be in a position to determine whether there are grounds to compromise the eligibility of his claim and support section 58(1)(c) of the IRPA. For the moment, my colleague cannot state a position.

Mr. Lawson's refugee claim is currently on hold pending a decision by a Board Member of the Immigration Division regarding the issuance of a possible removal order following the evidence to be presented by my colleague..

Considering Mr. Lawson's criminal history in the United States of America, I recommend that the subject's detention be maintained on the grounds that he will not appear for his eventual removal from Canada and sees no reasonable alternative to it, as he represents a certain risk to Canadian society. The evidence on file indicates that he is subject to the 36(1)(b) inadmissibility category of the IRPA.

Francis LETELLIER - 18637
Agent d'exécution de la loi
ASFC Montréal – section renvois

Agence des services        Canada Border
frontaliers du Canada       Services Agency

**Canada**

*(handwritten)* Emergency     U S District Court

*(handwritten)* Ministers of Public Gessury     Elentons EX1     Elentons sealed EX2in     The State of CT     Filed ID 0018-CV-00626-02
LAWSON, Jeremy Michael     Prentons     v.     Jeremy Lawson     LAWSON, J 1991/3/29     PAGE 2 OF 6

| | | | No | Yes |
|---|---|---|---|---|
| e) been refused admission to, or ordered to leave Canada or any other country? | | | ☑ No | ☐ Yes |
| f) been involved in an act of genocide, a war crime or in the commission of a crime against humanity? | | | ☑ No | ☐ Yes |
| g) used, planned or advocated the use of armed struggle or violence to reach political, religious or social objectives? | | | ☑ No | ☐ Yes |
| h) been associated with a group that used, uses, advocated or advocates the use of armed struggle or violence to reach political, religious or social objectives? | | | ☑ No | ☐ Yes |
| i) been a member of an organization that is or was engaged in an activity that is part of a pattern of criminal activity? | | | ☑ No | ☐ Yes |
| j) been detained, incarcerated, or put in jail? | | | ☐ No | ☑ Yes |
| k) had any serious disease or physical or mental disorder? | | | ☐ No | ☑ Yes |

**\*If your answer to any of these questions is YES, provide details below**

ILLEGALLY INCARCERATED BETWEEN 2024-04-11 AND 2024-08-23 ON CHARGE OF ''HARASSMENT'' IN CONNECTICUT V. JEREMY
LAWSON. DOING THIS WAS A COMMISSION OF CONN GEN S 53/20 ''CRUELTY TO PERSON'' ''UNLAWFUL PUNISHMENT'' BY THE
GOVERNOR OF CT NED LAMONT, ATTORNEY GENERAL OF CT WILLIAM TONG AND DOZEN OTHER STATE OFFICIALS WHILE THE DOJ
WATCHED AND LET THEM OBSTRUCT JUSTICE IN MAJOR FEDERAL CIVIL RIGHTS CASES.     PTSD, MAJOR DEPRESSED DISORDER,
GENERAL ANXIETY DISORDER, ADHD INATTENTIVE TYPE

*(handwritten)* See CT Supreme Court Cases (4SA)
1. Jeremy M. Lawson
       v.
   The Connecticut Department of
                      Social Services
2. Jeremy M. Lawson
       v.
   The Connecticut Department of Social
   USDistrict Court Case     Services etc...
   Lawson
   Target 41. Case No. 321-CV-01016-MPS

*(handwritten)* Filed 8/31/24 JL

## 5  Education History

Provide the number of years of school you successfully completed for each of the following levels of schooling.

| Elementary/Primary School | 5 | Secondary/High School | 6 | University/College | 4 | Trade/Other Post Secondary | 0 |
|---|---|---|---|---|---|---|---|

Give full details of all the secondary and post secondary education (including university, college and apprenticeship training) you have had.

*Remove row* ►  –

| From | | To | | Ongoing | Level of Education |
|---|---|---|---|---|---|
| 2011 | 08 | 2012 | 08 | ☐ | MASTER DEGREE |
| YYYY | MM | YYYY | MM | | |

| Field of study | Name of school/institution |
|---|---|
| CRIMINAL JUSTICE | UNIVERSITY OF CINCINNATTI |

| Certificate and diploma issued | City/Town | *Country | *Province/State |
|---|---|---|---|
| YES | CINNCINATTI | United States of America | CT |

*Remove row* ►  –

| From | | To | | Ongoing | Level of Education |
|---|---|---|---|---|---|
| 2010 | 08 | 2011 | 05 | ☐ | BACHELOR DEGREE |
| YYYY | MM | YYYY | MM | | |

| Field of study | Name of school/institution |
|---|---|
| CRIMINOLOGY | CENTRAL CONNECTICUT STATE UNIVERSITY |

| Certificate and diploma issued | City/Town | *Country | *Province/State |
|---|---|---|---|
| YES | NEW BRITAIN | United States of America | CT |

3. Under Section 28(6) of the International Protection Act of 2015 the Applicant has a right to a rebuttal presumption regarding allegations of torture against authorities. No "Asylum Application" process should be weaponized against the Applicant to shield the actors of that state for participating in the same abuse the Applicant is fleeing. To arbitrarily keep the Applicant in a perpetual limbo absent access to medical care, education, financial services, the courts, and meaningful complaint mechanisms violates Article 14 of the UN Convention against Torture. Transnational Repression against a Human Rights Defender using the process is a precedent that can't be undone. The practice can at least stop if this Tribunal acts lawfully as a "competent authority".

4. The Applicant has no adequate remedy at law

Wherefore The Applicant Prays this Tribunal:

1. Summarily grants the Applicant Borealis S Hedling Refugee status against the US, UK, Iceland, and Canada.

I swear under penalty of perjury this complaint is complete and true to the best of my knowledge

Signed on the 12th of January 2026 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2 (Ireland)

Respectfully submitted,
/s/ Borealis S Hedling
Applicant
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
Borealis.appeals@gmail.com
+1-959-999-8957"


2. The Plaintiff is alleging this process is Torture and they are just referred back to the process to be further tortured…

3. The Plaintiff has no adequate Remedy at law.


Wherefore the Plaintiff Prays the Court grants the following relief the Plaintiff sought July 29, 2025 absent the request for Citizenship:
1. Summarily grants the Applicant Borealis S Hedling Refugee status against the US, UK, Iceland, and Canada.

**Injunctive Relief:**

1. Ends the Practice of Deadnaming and Misgendering of all Trans and Non-binary individuals in all Government Services.

2. Changes the Plaintiff's legal name to "Borealis Serenity Hedling".

3. Immediately grants the Plaintiff International Protection against The United States, Canada, and Iceland.

4. Directs the President of Ireland to use his powers under Section 12 of the Ireland Nationality and Citizenship Act to grant the Plaintiff citizenship without notification of granting it to the public.



5. Offers international protection to Kilmar Armando Abrego Garcia and his family in Ireland.

6. Any relief this court deems just and proper.

**Declaratory Relief:**

1. Declares compassion is the foundation of peace, justice, and freedom in the World.

2. Declares everyone has the right to advocate for human rights individually and collectively.

3. Declares the courts of Ireland will bear the cost of litigation if the issues raised by a case transcend the individual interests of the particular litigant, are of public importance, and have not been resolved in previous cases. In cases where the litigant can't properly pursue the case without support.

4. Declares all victims of crimes must receive benefits and services provided by law without fear of discrimination.

5. Declares victims of torture have wide latitude in presenting evidence to Courts and procedural law can be waived when it delays prompt review of evidence.

6. Declares The Government of Ireland shall respect international law.

7. Declares Government institutions shall act in good faith.

8. Declares Government activities must be conducted in the public interest and be proportionate to the ends sought.

I swear under penalty of perjury this complaint is complete and true to the best of my knowledge.

Signed on the 29th of July 2025 on a bus between Connecticut and Boston Logan Airport.

Respectfully submitted,
Jeremy M Lawson
Plaintiff
Chosen name: Borelis S. Hedling
They / Them
Address: Homeless

I swear under penalty of perjury this complaint is complete and true to the best of my knowledge

Signed on the 13th of January 2026 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2

Respectfully submitted,
/s/ Borealis S Hedling
Plaintiff
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
Borealis.appeals@gmail.com
+1-959-999-8957"

_____

2. The Plaintiff has been denied any form of assistance from the Government of Ireland since September 20, 2024 and from the courts of Ireland since January 12, 2025. Clerks are not judges and no one is immune from international criminal law. This is the last mechanism within the Judicial Branch of the Government of Ireland before only SIPO ethics complaints can offer a potential remedy.

3. The Plaintiff has no adequate remedy at law.

Wherfefore the Plaintiff Prays this Court:

1. Compels the The Judicial Council of Ireland to meet their statutory function and train Court Staff to follow Article 13 of the UN Convention on the Rights of Persons with Disabilities to ensure access to the courts for vulnerable individuals.

2. Compels the Central Office Of The High Court to lawfully file the Emergency Request for a Perpetual Injunction:

Hedling

V.

Mansfield

3. Compels the Ireland Supreme Court Clerks Office to file the Emergency Request for Declaratory and Injunctive Relief:

Hedling

V.

Connolly et al.

4.   Any relief this court deems just and proper.

I swear under penalty of perjury this complaint is complete and true to the best of my knowledge.

Signed on the 14th of January 2026 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2 (Ireland)

Respectfully submitted,
/s/ Borealis S Hedling
Plaintiff
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
Borealis.appeals@gmail.com
+1-959-999-8957"

Exhibits List

1. January 2, 2026 email entitled "I would also caution the High Court Central Office a US Court just upheld my Defacto Public Execution via medical deprivation and Transnational Repression''

2. September 25, 2025 deeds poll on name Change and Citizenship change

3. January 13, 2026 email entitled "If it makes you feel any better it is the JCCPs fault for suppressing ever Petition I have ever made since 11/9/25 including to Amend Article 29 of the Constitution of Ireland".

4. December 5, 2025 Emergency Response to the Swedish Police War Crimes Unit

5. July 30, 2025 email entitled "E11 Jeremy M Lawson potential suicide waiting on ambulance"

6. January 12, 2026 Email entitled "To the SIPO Election issues and systemic corruption complaint"

7. September 23, 2025 Email entitled "Emergency Request to the Ireland Judicial Council on Article 13 UN Convention on the Rights of Persons with Disabilities Training Requirements / Defining impartially in Human Rights Abuse cases as having Compassion.

---

Certification of Service

I Certify Under penalty of perjury this complaint and Exhibits have been emailed to the following parties

<info@judicialcouncil.ie>

JXMansfield@protectionappeals.ie

contact@csso.gov.ie

, <supremecourtapps@courts.ie>, <hcpresidentsregistrar@courts.ie> ,
<supremecourtsubs@courts.ie>, <supremecourt@courts.ie>

<hcpresidentsregistrar@courts.ie>, Deed Poll Query <deedpollquery@courts.ie>,
HighCourtCentralOffice@courts.ie, OfficeoftheCEO@courts.ie,

Signed on the 14th of January 2026 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2

Respectfully submitted,
/s/ Borealis S Hedling
Plaintiff
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
Borealis.appeals@gmail.com
+1-959-999-8957"

The Presiding Judge is more than free to keep demonstrating what impunity looks like.

██████████████████████████████

US District Court District of Columbia

Case No: 1:25-cv-00766-JEB

Emergency Motion to Clarify

J.G.G. et al.,
Plaintiffs,

and

Borealis S Hedling
Travelodge Plus Dublin City Centre
44 Townsend ST Rm 120
Dublin 2 (Ireland)

Proposed Plaintiff-Intervenor

v.

Trump et al.
Defendants,

The Proposed Intervenor respectfully requests the Court clarify specifically in the Order at ECF 214 what it means by "provide them with hearings that satisfy the requirements of due process by January 5, 2026.

I.    Background

The Proposed Intervenor filed an Emergency Motion to Intervene and Consolidate at ECF 212 December 16, 2025. When Courts consider Motions for Summary Judgment they are supposed to consider the entire record. In the Memorandum Opinion at ECF 215 the Court doesn't opine on the obvious criminal liability the "Government". Via Secretary Noem, Deputy Attorney General Todd Blanche, or numerous other officials are required to face for participating in the Crime Against Humanity of Mass Deportation. It just allows the same institutional actors decide how to handle more hearings allowing "due process".

II.    Asking the Officials who sent these Human Beings to a Concentration Camp to Determine what "Due Process" They are Afforded is Criminally Negligent

As noted in EX 18 a December 23, 2025 to the ACLU who has had a week to not ignore the 5000 lbs gorilla in the room the filing at ECF 212. "The Due Process of asking the Nazi to remove labels is your goal 🟥?"



When you display what is happening visually not via walks of text that obscure the Orwellian nature it really makes it imperative the Court clarify this order immediately.

**They say:**

**I am "Mr. Lawson" the homeless psychotic criminal, banned from Europe, risks to Canadaians. Not a human being.**





**They say these are terrorists being held in a prison. Not human beings being held in a concentration camp.**



Conclusion

The Proposed Intervenor respectfully requests the Court clarify specifically in the Order at ECF 214 what it means by "provide them with hearings that satisfy the requirements of due process by January 5, 2026.

Signed on the 23rd of December 2025 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2 (Ireland).

Respectfully submitted,
/s/ Borealis S Hedling
Proposed Plaintiff-Intervenor
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
+1-959-999-8957
Borealis.appeals@gmail.com

CERTIFICATION OF SERVICE

I swear under penalty of perjury this Emergency Motion and associated exhibits have been sent to the following parties electronically

The Plaintiffs Counsel

nsmith@aclu.org

mngo@aclu.org

osarabia@aclu.org

samdur@aclu.org

cwofsy@aclu.org

aspitzer@acludc.org

smichelman@acludc.org

ashah@acludc.org

lgelernt@aclu.org

dgalindo@aclu.org

agorski@aclu.org

ptoomey@aclu.org

smahfooz@aclu.org

ojadwat@aclu.org

hshamsi@aclu.org

m.tan@aclu.org

strivedi@democracyforward.org

bgirard@democracyforward.org

mwaldman@democracyforward.org

srich@democracyforward.org

sperryman@democracyforward.org

awiggins@democracyforward.org

ccoogle@democracyforward.org

pboisture@democracyforward.org

The Department of Justice:

Drew.c.ensign@usdoj.gov

tiberius.davis@usdoj.gov

SUPREMECTBRIEFS@usdoj.gov & USADCS.ServiceCivil@usdoj.gov

johnny.walker@usdoj.gov

alicia.dupree@usdoj.gov

usadc.civil@usdoj.gov

Signed on the 23rd of December 2025 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2 (Ireland)

Respectfully submitted,
/s/ Borealis S Hedling
Proposed Plaintiff-Intervenor
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
+1-959-999-8957
Borealis.appeals@gmail.com

It will never change the reality of the actual truth no one immune to International criminal law and victims of torture have a right to immediate access to medical care and rehabilitation. As well as the right to have their torturers punished.

US District Court District of Columbia

Case No: 1:25-cv-04178-UNA

Emergency Motion for a EX Parte TRO

Hedling

V.

Trump et al.

1.  The Defendants even having been kept informed of filings in this case. US District Court
    District of Columbia Case No 1:25-cv-04062-UNA Hedling v Meek et al filed November
    14, 2025. Requesting the Relief:

Injunctive Relief:
1. As long as the Government of the United States refuses to meet their obligations to
provide fair and adequate compensation to the Plaintiff as required by Article 14 of the
UN Convention against Torture. Direct Clerks of US Courts to accept the Plaintiff's filings
via email at no cost.
2. End the Practice of deadnaming and misgendering of Trans and Non-binary individuals
in all government services.
3. Any Relief this Court Deems Just and Proper.
Declaratory Relief:
1. Declares the enforceable right to Redress in Article 14 of the UN Convention against
Torture is a self executing provision absent Congress meeting requirements to provide a
Framework in the US Legal system as required by the plain text of the Treaty.
2. Declares victims of torture have a constitutional right to counsel when seeking redress.
3. Declares victims of torture are exempt from court costs. Under Article 13 of the UN
Convention against Torture as charging them is a form of ill-treatment and delays prompt
review.
4. Declares victims of torture have wide latitude in presenting evidence to Courts and
procedural law can be waived when it delays prompt review of evidence.
5. Declares Foreign Ambassadors are not Immune to legal claims in US Courts arising
from violations of international criminal law.
6. Determines if the US Supreme Court Jurisdictional deadline of 90 days in cases arising
from claims under Article 14 of the UN Convention against Torture is enforceable.

2.  The Defendants even having been also kept informed of filings US District Court District
    of Columbia Case No: 1:26-0057 filed January 3, 2026 Requesting the Relief
Declaratory Relief
1. Declares Impeachment actions relating to violations of International Criminal Law can be
brought actio populris directly to the Senate as the House of Representatives is no

longer a "competent authority".

2. Declares Members of Congress can help human rights defenders no matter where they are located.

Injunctive Relief

1. Affirms this action meets the Requirements of being properly drafted Articles of Impeachment against Judge Trevor N McFadden. On the following 4 charges:

● "Violating Article 13 and 14 of the UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.

● "Torture of a Human Rights Defender"

● "Failing to Postpone the 2024 Election undermining the Right of Self-Determination"

● "Participating in the Systemic Crime Against Humanity of Falsely Maintaining the Designation of being a Safe Third Country

2. Immediately informs Chief Justice John Roberts he will need to preside over Judge Trevor N McFadden's Trial in the Senate on an Emergency Basis.

3. Any relief this Court Deems Just and Proper.

3.  Are publicly threatening use of the Insurrection Act to continue obstructing Justice in the investigation of a public execution and to continue committing the Crime Against Humanity of Mass Deportation.

6:26



### Truth Details
10849 replies

**Donald J. Trump**
@realDonaldTrump

If the corrupt politicians of Minnesota don't obey the law and stop the professional agitators and insurrectionists from attacking the Patriots of I.C.E., who are only trying to do their job, I will institute the INSURRECTION ACT, which many Presidents have done before me, and quickly put an end to the travesty that is taking place in that once great State. Thank you for you attention to this matter! President DJT

**13k** ReTruths  **49.6k** Likes        1/15/26, 1:04 PM



4.  The Plaintiff has no adequate remedy at law.

Wherefore the Plaintiff Prays the Court:

1.  Suspends any further use of Article 2 powers by Donald J Trump for any purposes.

2.  Any relief this Court Deems Just and Proper.

I swear under penalty of perjury this Complaint is complete and true to the best of my knowledge.

Signed on the 15th of January 2026 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2 (Ireland)

Respectfully submitted,
/s/ Borealis S Hedling
Plaintiff
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
Borealis.appeals@gmail.com
+1-959-999-8957

The Presiding Judge is not excluded from that liability.

I swear under penalty of perjury this affidavit is complete and true to the best of my knowledge.

Signed on the 16th of January 2026 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2 (Ireland)

Respectfully submitted,
/s/ Borealis S Hedling
Plaintiff
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
+1-959-999-8957
Borealis.appeals@gmail.com