**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LIYANARA SANCHEZ, as next friend on behalf
of FRENGEL REYES MOTA, *et al.*,

*Petitioners–Plaintiffs*,

J.G.G., *et al.*,

*Plaintiffs*,                                          Case No: 1:25-cv-00766-JEB

v.

DONALD J. TRUMP, in his official capacity as
President of the United States, *et al.*,

*Respondents–Defendants*.

**JOINT MOTION TO UNSEAL THE UNREDACTED KOZAK DECLARATION**

The parties respectfully request that the Court unseal the unredacted May 9, 2025

declaration of Michael G. Kozak (the "Kozak Declaration"). *See* ECF 141-2, Ex. 1; ECF 145-2,

Ex. 1.[1] The unredacted declaration is available on another public court docket. *See Robert F.*

*Kennedy Human Rights v. Dep't of State*, No. 25-cv-1774 (D.D.C. Sept. 30, 2025), ECF 35-2.

Because the unredacted Kozak Declaration is already publicly available, no basis remains for its

maintenance under seal.

A "strong presumption in favor of public access" applies to judicial proceedings. *Johnson*

*v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). Under circuit precedent,

a court weighs six factors in determining whether the presumption has been overcome: "(1) the

---

[1] The government previously filed a redacted version of the Kozak Declaration on the public
docket. *See* ECF 129.

1

need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).

All six *Hubbard* factors favor unsealing here. First, the need for public access is "at its apex when the government is a party to the litigation." *Hyatt v. Lee*, 251 F. Supp. 3d 181, 184 (D.D.C. 2017). Second, the unredacted Kozak Declaration has been available on a public docket for over eight months. As for the third through fifth factors, no one has opposed disclosure nor alleged any interest that might be prejudiced through disclosure. As for the sixth factor, public access is the norm where a party "explicitly intended the Court to rely on [the sealed] materials in adjudicating [the] dispute." *Vanda Pharm, Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021). Throughout this litigation, the government has relied on the Kozak Declaration.

Accordingly, the parties respectfully request that the Court unseal the unredacted Kozak Declaration.

2

Dated: June 3, 2026

Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo (D.D.C. Bar No. CA00219)
Cody Wofsy
Spencer Amdur
Michael K.T. Tan
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org
mngo@aclu.org
cwofsy@aclu.org
samdur@aclu.org
m.tan@aclu.org


Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Aditi Shah (D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org
ashah@acludc.org


Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, 7th Floor
Washington, D.C. 20005
(212) 549-2500
Khuddleston@aclu.org


*Barred in Texas and Arizona only; supervised
by a member of the D.C. Bar

Respectfully submitted,

/s/ *Lee Gelernt*

Lee Gelernt (D.D.C. Bar No. NY0408)
Daniel Galindo (D.D.C. Bar No. NY035)
Ashley Gorski
Patrick Toomey
Sidra Mahfooz
Omar Jadwat
Hina Shamsi (D.D.C. Bar No. MI0071)
Sean M. Lau (D.D.C. Bar No. NY0680)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
dgalindo@aclu.org
agorski@aclu.org
ptoomey@aclu.org
smahfooz@aclu.org
ojadwat@aclu.org
hshamsi@aclu.org
slau@aclu.org

*Counsel for Petitioners–Plaintiffs*

**Brett A. Shumate**
Assistant Attorney General
Civil Division

**Yaakov M. Roth**
Principal Deputy Assistant Attorney General
Civil Division

**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation

**August Flentje**
Special Counsel for Immigration

*/s/ Tiberius Davis*
**Tiberius Davis**
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
tiberius.davis@usdoj.gov

**Anthony Nicastro**
Acting Director
Office of Immigration Litigation

**Ernesto Molina**
Deputy Director

*Counsel for Respondents–Defendants*